

February 3, 2014

**By ECF and Facsimile**
Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1321

Re: U.S. Bank National Association v. Commonwealth Land Title Ins. Co., Civ. No. 13 CIV 7626

Dear Judge Buchwald:

I am counsel for U.S. Bank, N.A. in the above referenced action. I am writing to ask that the Court issue the enclosed protective order. Enclosed for your review are:

1. An amended proposed protective order; and,
2. A redline showing the changes made since the scheduling conference.

U.S. Bank is seeking this protective order to ensure compliance with Title V of the Gramm-Leach-Bliley Act and the privacy regulations adopted thereunder, and with Section 628 of the Fair Credit Reporting Act, and any regulations or guidelines adopted thereunder. These federal laws and their associated regulations impose on lenders the obligation to take steps to protect nonpublic customer personal data from public disclosure.

In this case, U.S. Bank anticipates that it will be called on to produce nonpublic customer personal data of the putative borrower, Ms. Laura Fields, including but not limited to credit applications, account information, and personal financial information. This protective order does not in any way limit Commonwealth, or its counsel's, ability to review relevant information. It does, however, function to protect this information against (a) being published as part of publicly available court records and (b) further disseminated to third-parties who do not have an interest in this case.

I have sought to work with Commonwealth's counsel, David Fiveson, to develop a protective order that would be acceptable to him. Both the Court and Mr. Fiveson felt that the protective order that we proposed at the scheduling conference was overbroad. However, both Mr. Fiveson and the Court expressed a willingness to accept a protective order that was limited to ensuring compliance with federal banking laws. At the conclusion of the hearing, Mr. Michailidis told the Court that we would submit a narrower protective order. In anticipation of the submission, Paragraph 13 of this Court's case management order directed the parties to jointly submit a proposed protective order.

Since that conference, I have conferred with Mr. Fiveson in the hopes of developing a proposed protective order that he would find acceptable. Regarding the initial proposed draft, Mr. Fiveson voiced two objections. First, Mr. Fiveson wanted to make sure that the protective order did not limit his ability to provide relevant documents to law enforcement. Second, Mr. Fiveson wanted the protective order to narrowly proscribe those documents that could be deemed "confidential" to those specifically protected by federal law. I amended the protective order to address each of Mr. Fiveson's concerns, and asked that he stipulate to its entry.

Although I have addressed each of Mr. Fiveson's concerns, he has declined to so stipulate. I do not understand the nature of Mr. Fiveson's continued objections. Mr. Fiveson has informed me, however, that he does not care to spend any more time on the issue.

I have represented lenders in numerous cases, including in claims against title insurers. I cannot recall an occasion, other than in the present case, where counsel for a title insurer has opposed the entry of a protective order. Indeed, in prior litigation with Commonwealth's affiliated title insurer, Chicago Title, counsel agreed to a substantially similar protective order.

As a national bank, U.S. Bank N.A. takes its obligations to protect nonpublic customer personal data very seriously. U.S. Bank N.A. respectfully asks that this Court enter the enclosed protective order in order to ensure that such information is not unnecessarily disclosed.

Very truly yours,

Rob Shainess
*Attorney at Law*
rob@capstonelaw.com

cc:   David Fiveson, Esq. (by email)
      Evangelos Michailidis, Esq. (by email)
      William Yunker (by email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
        .                          :

U.S. Bank, National
Association,
                    Plaintiff,   :

                            :            No. 13 CIV 7626

            -v-             :

                            :

Commonwealth Land Title Insurance Company  :        PROTECTIVE ORDER

                            :

                  Defendant.  :

                            :
-------------------------------------------------------- X

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are any documents containing nonpublic personal information about bank "customers" or "consumers" as those terms are defined in Title V of the Gramm-Leach-Bliley Act and the privacy regulations adopted thereunder, any information subject to Section 628 of the Fair Credit Reporting Act, and any regulations or guidelines adopted thereunder.

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      A Party may designate a document "Confidential", to protect Confidential information.

3.      All Confidential documents, along with the information contained in the

documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4.      Access to any Confidential document shall be limited to:

(a)      the Court and its staff;

(b)      Attorneys, their law firms, and their Outside Vendors;

(c)      persons shown on the face of the document to have authored or received it;

(d)      court reporters retained to transcribe testimony;

(e)      the parties;

(f)      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance such as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

(g)      law enforcement agents, for the purpose of reporting criminal activity.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit

2

A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person

who is known to be an employee or agent of, or consultant to, any competitor of the party

whose designated documents are sought to be disclosed.  Such notice shall provide a

reasonable description of the outside independent person to whom disclosure is sought

sufficient to permit objection to be made.  If a party objects in writing to such disclosure

within 14 days after receipt of notice, no disclosure shall be made until the party seeking

disclosure obtains the prior approval of the Court or the objecting party.

7.      All depositions or portions of depositions taken in this action that contain

confidential information may be designated "Confidential" and thereby obtain the protections

accorded other "Confidential" documents.  Confidentiality designations for depositions shall

be made either on the record or by written notice to the other party within 14 days of receipt of

the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during

the 14-day period following receipt of the transcript.  The deposition of any witness (or any

portion of such deposition) that encompasses Confidential information shall be taken only in

the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall,

promptly upon discovery of its oversight, provide written notice of the error and substitute

appropriately-designated documents.  Any party receiving such improperly-designated

documents shall retrieve such documents from persons not entitled to receive those documents

and, upon receipt of the substitute documents, shall return or destroy the improperly-

designated documents.

9.      If a party files a document containing Confidential information with the Court, it

shall do so under seal in compliance with the Electronic Case Filing Procedures for the

Southern District of New York.  Prior to disclosure at trial or a hearing of materials or

3

information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10.     Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13.     The obligations imposed by the Protective Order shall survive the termination of this action.


SO ORDERED.


Dated: _____
          New York, New York

                                        _____
                                        Naomi Reice Buchwald
                                        United States District Judge


4

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of _____ . My

telephone number is _____.

I am currently employed by _____, located
at _____, and my current job title
is _____.

I have read and I understand the terms of the Protective Order dated
_____, filed in Case No. 13 CV 7626, pending in the United States District
Court for the Southern District of New York.  I agree to comply with and be bound by the
provisions of the Protective Order.  I understand that any violation of the Protective Order
may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated
"Confidential" obtained pursuant to such Protective Order, or the contents of such documents,
to any person other than those specifically authorized by the Protective Order.  I shall not copy
or use such documents except for the purposes of this action and pursuant to the terms of the
Protective Order.

As soon as practical, but no later than 30 days after final termination of this
action, I shall return to the attorney from whom I have received them, any documents in my
possession designated "Confidential", and all copies, excerpts, summaries, notes, digests,
abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the
District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the
Protective Order.

Executed on _____   _____
                     (Date)                              (Signature)

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
                                                        :
U.S. Bank, National                                     :
Association,                                            :
                                    Plaintiff,          :
                                                        :          No. 13 CIV 7626
                          -v-                           :
                                                        :          ~~CASE MANAGEMENT PLAN AND~~
Commonwealth Land Title Insurance Company               :          ~~SCHEDULING~~PROTECTIVE
                                                        :          ORDER
                                    Defendant.          :
                                                        :
--------------------------------------------------------X

> **Formatted:** Centered, Indent: Left:  -0.03",
> Right:  0.13", Space Before:  0 pt, Line spacing:
> Exactly 13.55 pt

        Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that

confidential information be disclosed only in designated ways:

        1.      As used in the Protective Order, these terms have the following meanings:

        "Attorneys" means counsel of record;

        ~~"Confidential" documents are documents designated pursuant to paragraph 2;~~

        "Confidential" documents are any documents containing nonpublic personal

information about bank "customers" or "consumers" as those terms are defined in Title V of

the Gramm-Leach-Bliley Act and the privacy regulations adopted thereunder, any information

subject to Section 628 of the Fair Credit Reporting Act, and any regulations or guidelines

adopted thereunder.

        "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

        "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors

not employed by a party or its Attorneys; and

        "Written Assurance" means an executed document in the form attached as Exhibit A.

        2.      A Party may designate a document "Confidential", to protect Confidential

information ~~within the scope of Fed. R. Civ. P. 26(c).~~.

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4.  Any other use is prohibited.

4.      Access to any Confidential document shall be limited to:

(a)     the Court and its staff;

(b)     Attorneys, their law firms, and their Outside Vendors;

(c)     persons shown on the face of the document to have authored or received it;

(d)     court reporters retained to transcribe testimony;

(e)     the parties;

(f)     outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance such as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.;

(g)     law enforcement agents, for the purpose of reporting criminal activity.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive

2

Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.      If a party files a document containing Confidential information with the Court, it shall do so under seal in compliance with the Electronic Case Filing Procedures for the

3

Southern District of MinnesotaNew York.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10.     Any party may request a change in the designation of any information designated "Confidential".  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12    11.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

1312.  No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

1413.  The obligations imposed by the Protective Order shall survive the termination of

4

this action.

~~Stipulated to:~~

~~Date: _____~~
~~By:~~
~~_____~~

~~Date: _____~~
~~By:~~
~~_____~~
~~_____~~
~~_____~~

SO ORDERED.


Dated: _____
       New York, New York

                                  _____

                                    Naomi Reice Buchwald
                                    United States District Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**


_____ declares that:

       I reside at _____ in the City of

_____, County of _____, State of _____ .  My

telephone number is _____.

       I am currently employed by _____, located

at _____, and my current job title
is _____.

       I have read and I understand the terms of the Protective Order dated
_____, filed in Case No. 13 CV 7626, pending in the United States District
Court for the Southern District of New York.  I agree to comply with and be bound by the
provisions of the Protective Order.  I understand that any violation of the Protective Order
may subject me to sanctions by the Court.

       I shall not divulge any documents, or copies of documents, designated
"Confidential" obtained pursuant to such Protective Order, or the contents of such documents,

to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____   _____
                    (Date)                    (Signature)

7

8