| NEW YORK |  | BALTIMORE |
| LONDON | | WILMINGTON |
| SINGAPORE | | MIAMI |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | BOCA RATON |
| CHICAGO | | PITTSBURGH |
| WASHINGTON, DC | | NEWARK |
| SAN FRANCISCO | EVANGELOS MICHAILIDIS | LAS VEGAS |
| SILICON VALLEY | Sender's Direct Dial Number | CHERRY HILL |
| SAN DIEGO | Sender's E-mail and Direct Fax | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | www.duanemorris.com | OMAN |
| LOS ANGELES | | A GCC REPRESENTATIVE OFFICE |
| HANOI | | OF DUANE MORRIS |
| HO CHI MINH CITY | | |
| ATLANTA | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |

April 24, 2014

**BY ECF**

Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1321

    Re:    <u>**US Bank National Association v. Commonwealth Land Title Insurance Company, 13-CV-7626 (NRB)**</u>

Dear Judge Buchwald:

    Along with Mr. Rob Shainess of the firm Capstone Law, we represent Plaintiff U.S. Bank, N.A. (the "U.S. Bank" or "Plaintiff") in the above referenced matter. We submit this letter-motion seeking an informal pre-motion discovery conference pursuant to Local Rule 37.2. We are requesting the conference to resolve the following matters: (a) Commonwealth's failure to provide responses to U.S. Bank's Requests for Production of Documents and Interrogatories; (b) Commonwealth's failure to provide complete initial disclosures as required by Fed. R. Civ. Proc. 26; (c) Commonwealth's failure to comply with the Court's Case Management Plan and Scheduling Order (the "CMO") regarding its own discovery requests; and (d) the impact that these delays will have on U.S. Bank's ability to complete discovery by the deadlines in the CMO. This letter will address each discovery-related concern in sequence, along with Plaintiff's efforts to resolve these issues without the need for court intervention. At the conclusion of this letter, we will offer a proposed solution for the Court's consideration.

    First, Commonwealth has failed to provide any responses to U.S. Bank's Requests for Production of Documents and Interrogatories (collectively, the "Bank's Discovery Requests").

Commonwealth also failed to respond to U.S. Bank's Requests for Admissions, which, consequently, have been deemed admitted pursuant to Fed. R. Civ. Proc. 36 (a)(3). The Bank's Discovery Requests were served upon Commonwealth by U.S. Mail on February 28, 2014, in compliance with the CMO, which required that initial requests for production of documents be served by February 29, 2014. Responses would therefore have been due by March 30, 2014. In reliance upon receiving timely responses to the Bank's Discovery Requests, U.S. Bank noticed the deposition of Commonwealth for May 6, 2014.

On March 21, 2014, Commonwealth's counsel requested a 30-day extension to respond to the Bank's Discovery Requests. Commonwealth's counsel ultimately agreed to provide responses to the Bank's Discovery Requests, including the production of responsive documents by April 18, 2014 (with the narrow exception of certain claim files which Commonwealth promised to produce by mid-May). Commonwealth has not responded to any of the Bank's Discovery Requests, and by email dated April 22, 2014, Commonwealth's counsel indicated that he does not intend to provide interrogatory responses until sometime after the end of April, when he anticipates receiving documents from his client.

Second, Commonwealth has failed to provide complete initial disclosures as required by Fed. R. Civ. Proc. 26. Commonwealth's initial disclosures list witnesses, but fail to provide any information concerning the subject matter of discoverable information that each witness might have, as expressly required by Fed. R. Civ. Proc. 26(a)(1)(A)(i). Mr. Shainess asked Commonwealth's counsel to provide amended initial disclosures, but Plaintiff has received no response to that request.

Mr. Shainess has had several phone conferences and has exchanged emails with Commonwealth's counsel in an attempt to resolve these discovery issues. Mr. Shainess repeatedly indicated to Commonwealth's counsel that Commonwealth's failure to provide discovery responses is prejudicing Plaintiff's ability to determine relevant witnesses and conduct depositions by the CMO's May 30, 2014 deadline. Mr. Shainess also repeatedly asked Commonwealth's counsel to provide responses to discovery, or to at least provide a guaranteed date certain when responses would be forthcoming, so that Plaintiff could schedule depositions accordingly. Commonwealth's counsel has refused to provide a date certain.

Third, Commonwealth has indicated that it does not intend to comply with the May 30, 2014 deposition deadline in the CMO. Notwithstanding the CMO's requirement that initial requests for production of documents be served by February 29, 2014, Commonwealth served document requests on Plaintiff on April 23, 2014. Commonwealth's counsel has indicated that he does not intend to schedule the deposition of Plaintiff until after receiving Plaintiff's

responses to the discovery requests, which will not be due until the end of May, making it unlikely that the deposition can be scheduled by May 30, 2014.

If Commonwealth's failure to respond to Plaintiff's discovery requests is not promptly remedied, Plaintiff will not have enough time to review the responses and documents and notice and take depositions by May 30, 2014. Likewise, Plaintiff will be prejudiced because it will not have enough time to complete any additional fact discovery that may be necessary by the May 30 deadline for the completion of fact discovery.

Plaintiff, therefore, respectfully requests the Court's intervention to (a) impose firm deadlines on Commonwealth's obligation to respond to the Bank's Discovery Requests and (b) amend the CMO to allow U.S. Bank an additional month after receiving Commonwealth's responses to take depositions and complete other discovery as necessary, with the exception of the deposition noted below.

Finally, although U.S. Bank noticed Commonwealth's deposition for May 6, Commonwealth's counsel has indicated that one of Commonwealth's designees will not be available to be deposed until late July. Plaintiff is fine with postponing that portion of Commonwealth's corporate deposition, but it will also require an amendment to the CMO.

We appreciate in advance the Court's assistance in resolving these matters.

Respectfully submitted,

Evangelos Michailidis

cc: David Fiveson, Esq. (By ECF)
Rob Shainess, Esq. (By Email)
William Yunker (By Email)