LAW OFFICES

## BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

May 1, 2014

BY ECF
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York  10007-1312

Re: US Bank, National Association v. Commonwealth Land Title Insurance Company
Civ No. 13-civ-7626 (NRB)
Our File No. 2575/06016

Dear Judge Buchwald:

The undersigned firm represents defendant Commonwealth Land Title Insurance Company ("Commonwealth"). We respond to the letter of Mr. Michailidis dated April 24, 2014 (ECF docket no. 18). As set forth herein, Commonwealth does not believe a pre-motion discovery conference is required. It appears a 60-day adjournment of the June 30, 2016 discovery cutoff set forth in docket entry 13 may be required. Such request is made at this time.

Docket entry 13 dated January 15, 2014 provides that all fact discovery is to be completed by May 30, 2014, and all discovery by June 30, 2014. Since that docket entry, I was on trial for a total of four weeks in March on two matters. I have repeatedly communicated with Mr. Shainess, plaintiff's counsel, regarding discovery. I requested an added 30 days to allow a response to his document demand, interrogatories and notice to admit. It was my understanding an adjournment was granted as to the document demand and interrogatories. As to plaintiff's notice to admit **excerpts** of the loan policy in issue, I agreed to provide plaintiff a **complete** copy of the loan policy defendant believes was issued by its title agent Sky Abstract, LLC.

Since the January 15, 2014 docket entry, defendant has produced the lion's share of its documents. Defendant also subpoenaed four non-party witnesses for May 5 and 6, 2014; inclusive of the settlement agent Lowenthal & Kaufman. Defendant also offered to produce its 30(b)(6) witness on the title agency issues on May 6, 2014.

Thereafter, Mr. Shainess and I conferred and agreed the documents which have yet to be produced are: (i) claim notes; (ii) any claim manual; and (iii) approximately 20 files of

**un**related claims to Commonwealth arising out of acts of Sky Abstract, LLC and which claims were received by Commonwealth prior to plaintiff's November 29, 2007 loan policy. I advised Mr. Shainess the request for the Sky Abstract files would take Commonwealth at least until the end of April to assemble. These claim files predate plaintiff's November 26, 2007 loan and are in storage locations throughout the United States. We agreed to schedule a second 30(b)(c) deposition of Commonwealth in Jacksonville, Florida the later part of July 2014 provided all documents were produced to Mr. Shainess 30 days in advance.

About three weeks ago, I received a file of settlement agent Lowenthal & Kaufman for a closing which occurred on December 26, 2006. Lowenthal & Kaufman wired $733,019.85 in loan proceeds to the title agent Sky Abstract for this closing. Sky Abstract has not accounted for the loan proceeds. This file will be produced to Mr. Shainess on May 2, 2014. I also advised him I would defer the deposition of Lowenthal & Kaufman on May 6, 2014, until I reviewed the Sky Abstract files to be produced. I stated I wanted to examine Lowenthal & Kaufman on its relation with Sky Abstract and on other transactions where Lowenthal & Kaufman acted as settlement agent, Sky Abstract as title agent and a fraud on the lender was perpetrated. I offered to adjourn all the depositions scheduled for May 5 and 6 so Mr. Shainess travelling from Minneapolis did not have to make unneeded trips. These depositions have been adjourned without date. I am endeavoring to reschedule on mutually open dates.

Mr. Shainess is intent on getting Commonwealth's remaining documents, interrogatory responses and having 30 days to review the documents before the (second) 30(b)(6) deposition of Commonwealth. I advised Mr. Shainess Commonwealth should have the Sky Abstract files by May 1, 2014, that a file review had to occur and I hoped to produce the files, subject to privilege, shortly thereafter. However, I was advised Monday by Commonwealth that production of the files will not occur until mid-May, and that Commonwealth's counsel Robert Perry, Esq., who will also review the files, will be out on U.S. Navy Reserve duty from May 1, 2014 until May 6, 2014. I therefore believe the Sky Abstract files will be produced by May 30, 2014. Commonwealth has its responses to interrogatories in draft. We are awaiting receipt and review of the Sky Abstract files before responses to interrogatories are finalized and served. Commonwealth's response to plaintiff's document demand, with privilege log, subject to further production of the Sky Abstract files and any claim manual, will be served by May 2, 2014.

Commonwealth served plaintiff with demands for interrogatories and documents on April 21, 2014. We provided Mr. Shainess a draft notice of plaintiff's deposition on April 16, 2014 and are awaiting plaintiff's designation of a witness and deposition date.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc:   Rob Shainess, Esq. (by ECF filing)
      Evan Michailidis, Esq. (by ECF filing)