LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

July 17, 2014

BY ECF
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York  10007-1312

Re:  US Bank, National Association v. Commonwealth Land Title Insurance Company
     Civ No. 13-civ-7626 (NRB)
     Our File No. 2575/06016

Dear Judge Buchwald:

      The undersigned firm represents defendant Commonwealth Land Title Insurance Company ("Commonwealth").  We write to request leave of Court to implead:  (i) ANM Funding LLC and its employees Abe Klein, Noah Hershkovitz, Leah Hershkovitz and Tsviny Hershkovitz (collectively referred to as "ANM"); (ii) Lowenthal & Kaufman, P.C., and its principal Martin Kofman and its agent Norman Tepfer (collectively referred to as "Lowenthal"); (iii) Samuel Gluckman; and (iv) Roland Fields.  Based on the documents thus far received from plaintiff on May 30, 2014, counsel for Commonwealth believes these parties acted in concert to either intentionally or negligently cause an imposter to appear at the November 29, 2007 closing of plaintiff's $367,250 loan to Laura Fields; re-payment of which was to be secured by a mortgage insured by Commonwealth ("Policy") as a first lien against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises").  Commonwealth would seek against these parties indemnification of any amount it is obligated to pay plaintiff on the loan policy, based on their complicity in the fraud and/or negligence.

      Plaintiff first made claim with Commonwealth on March 25, 2009.  On April 8, 2009, Commonwealth requested plaintiff provide documents in connection with Commonwealth's investigation of the claim as authorized in the loan policy.  Specifically Commonwealth requested, in pertinent part:  (i) all loan repurchase files and document relating

to the reasons for repurchase; and (ii) all loan disbursement files. Despite repeated demands for these and other documents by Commonwealth dated July 21, 2011, August 10, 2011, October 10, 2011 and November 11, 2011, the loan repurchase files were never produced prior to discovery in this action. A critical document (discussed below) regarding the loan disbursements was also not provided until May 30, 2014, as part of discovery. Plaintiff produced only what appeared to be its loan file prior to it commencing this action. Based on the limited documents produced, Commonwealth disclaimed any obligation to plaintiff on March 1, 2012 because: (i) plaintiff did not cooperate with Commonwealth's investigation of the fraud claim; and (ii) plaintiff's settlement agent did not disburse the loan proceeds to Laura Fields, as reported on the HUD-1. The settlement agent disbursed the majority of the loan proceeds to A. Kaneada Jordan, and there was no evidence the imposter authorized such disbursement. The investigation reveals Ms. Jordan is a felon.

Plaintiff commenced this action on October 28, 2013 seeking payment under the Policy. In its Rule 26(b) disclosure, Commonwealth first received a list of the actual payees of the loan proceeds signed by the imposter. Commonwealth contends this document demonstrates the settlement agent Lowenthal & Kaufman knew on November 29, 2009 that the monies were not to be disbursed in a manner reported on the HUD-1. This fact, together with the loan closing instructions of plaintiff produced on May 30, 2014 (which require strict compliance with the HUD-1, and its production to plaintiff before funding of the loan), demonstrates Lowenthal breached its fiduciary to plaintiff and knowingly submitted a false HUD-1 to plaintiff in the mails in order to induce plaintiff to wire the loan proceeds into Lowenthal's account. We have also learned on May 30, 2014 that plaintiff signed an agreement with Lowenthal on November 13, 2013 tolling the statute of limitations within which plaintiff could sue Lowenthal on a claim arising out of Lowenthal's disbursement of the loan proceeds. Lowenthal was deposed on July 16, 2014 and conceded its agent Normal Tepfer acknowledged the signature of the imposter on the mortgage on a date Laura Fields was deceased.

The loan was placed with plaintiff through a mortgage broker ANM which provided the appraisal, Laura Fields' credit report and employment verification. Based on the loan re-purchase file first produced by plaintiff on May 30, 2014, we learned: (i) ANM had been discharged as plaintiff's mortgage broker for "fraud"; (ii) that the appraisal by Samuel Gluckman (who allegedly inspected the interior the date Ms. Fields died) failed to report the premises had been gutted; (iii) that the employment verification of $76,000 was false and that Laura Fields had not reported income for 2007. ANM represented in writing it had confirmed Ms. Fields employment on dates (we now know) she was deceased.

Roland Fields is believed to be the son of Laura Fields and resides at the Premises. It appears Laura Fields died in a hospice center on October 18, 2007. It is believed Roland Fields presented the social security card and photo identification of Laura Fields to ANM, to enable his co-conspirators to cause an imposter to adopt her financial identity. Mr. Fields is identified on the death certificate as the "informant" providing pedigree information. Laura Fields' social security number on death certificate is incorrect. It is believed this false information was provided in October 2007 to avoid discovery of Laura Fields' death prior to the November 29, 2007 closing.

2

Thus far, Commonwealth has engaged in extensive discovery by producing over 15,000 pages of documents and interrogatory responses. One of Commonwealth's 30(b)(6) witness has been deposed, as was its counsel Helmut Borchert, Esq., who issued the March 1, 2012 disclaimer. Robert Sambursky, plaintiff's foreclosure counsel was deposed July 15, 2014. Mr. Gluckman, the real estate appraiser, failed to appear for his deposition on July 15, 2014. Lowenthal was deposed as a non-party witness on July 16, 2014. The bank records of Sky Abstract, the title agent, have been subpoenaed and produced. The remaining 30(b)(6) witness of Commonwealth is to be deposed August 1, 2014. The deposition of plaintiff has not been scheduled. The discovery cutoff date is August 29, 2014. Summary judgment motions are to be made by September 30, 2014.

ANM has been subpoenaed for their non-party depositions on July 18, 2014. It is believed ANM will not comply with the subpoenas.

Commonwealth proposes that it be granted leave to implead the third-party defendants in 45 days, that a conference be scheduled shortly thereafter with all parties to agree on conclusion of discovery. The undersigned believes discovery can be completed 45 days after joinder of the added parties.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc: Rob Shainess, Esq. (by ECF filing)
Evan Michailidis, Esq. (by ECF filing)