USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/06/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
U.S. BANK, NATIONAL ASSOCIATION,

                   Plaintiff,

    - against -                  MEMORANDUM AND ORDER

COMMONWEALTH LAND TITLE INSURANCE        13 Civ. 7626 (NRB)
COMPANY,

                   Defendant.
----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    **WHEREAS** on July 17, 2014, defendant Commonwealth Land Title Insurance Company ("Commonwealth") moved for leave to implead ten third-party defendants from whom Commonwealth intends to seek indemnification; and

    **WHEREAS** the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it" provided that the defendant "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1); and

    **WHEREAS** "[t]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984); and

**WHEREAS** "timely motions for leave to implead non-parties should be freely granted to promote judicial efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Ispat Inland, Inc. v. Kemper Envtl., Ltd., No. 05 Civ. 5401(BSJ)(HBP), 2006 WL 3420654, at *2 (S.D.N.Y. Nov. 28, 2006) (alterations and internal quotation marks omitted); and

**WHEREAS** this Court finds, on the basis of the record before us, that "the prejudice to be felt by plaintiff -- if any -- due to the need for additional discovery, is sufficiently outweighed by the benefits of more efficient litigation to be gained by permitting impleader." Gross v. Hanover Ins. Co., 138 F.R.D. 53, 55-56 (S.D.N.Y. 1991); and

**WHEREAS** defendant's claims against third-party defendants are not obviously unmeritorious and do not introduce unnecessary complications to this litigation; and

**WHEREAS** plaintiff contributed to defendant's delay in seeking to implead the third-party defendants by not producing the loan disbursement records until five years after defendant first made its request; and

**WHEREAS** any further delay resulting from the requisite discovery following the filing of the third-party complaint will be minimal in comparison to the four-and-a-half year delay between when plaintiff first tendered its title insurance claim

2

on March 25, 2009 and when plaintiff filed the instant action on October 28, 2013; it is hereby

**ORDERED** that defendant's motion for leave to implead ANM Funding and its employees Abe Klein, Noah Hershkovitz, Leah Hershkovitz, and Tsviny Hershkovitz; Lowenthal & Kaufman, P.C., its principal Martin Kofman, and its agent Norman Tepfer; Samuel Gluckman; and Roland Fields is granted; and it is further

**ORDERED** that Commonwealth shall file its third-party complaint within one week from the entry of this Memorandum and Order.

Dated:   New York, New York
         August 5, 2014

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

3

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorneys for Plaintiffs**

Evangelos Michailidis, Esq.
Kevin P. Potere, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086

Robert J. Shainess, Esq.
Capstone Law, LLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 1720
Minneapolis, MN 55402

**Attorney for Defendant**

David K. Fiveson, Esq.
Claudia G. Jaffe, Esq.
Butler, Fitzgerald, Fiveson & McCarthy
9 East 45th Street, 9th Floor
New York, NY 10017

4