UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                           Plaintiff,

           v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                           Defendant.

------------------------------------------------------------------X

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                   Third-Party Plaintiff,

           v.

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSHKOVITZ, LEAH HERSHKOVITZ, TSVINY
HERSKKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

                   Third-Party Defendants.

------------------------------------------------------------------X

**THIRD-PARTY
COMMONWEALTH COMPLAINT**

Index No.: 13-civ-7626 (NRB)

        Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company a

division of Fidelity National Title Group, Inc. ("Commonwealth"), by its attorneys Butler,

Fitzgerald, Fiveson & McCarthy, A Professional Corporation, complaining to the Third-Party

Defendants, sets forth upon information and belief, the following:

## PARTIES

       1.     Commonwealth is a corporation existing under the laws of the State of

Nebraska and does business in the State of New York.

2.      Commonwealth is a title insurance company authorized under New York law to issue title insurance policies in New York and accept premiums for the issuance of such polices.

3.      ANM Funding, LLC ("ANM") is a New York limited liability company.

4.      Abe Klein is a resident of New York and at all times material hereto was a principal of ANM.

5.      Noah Hershkovitz is a resident of New York and at all times material hereto was an employee/agent of ANM.

6.      Leah Hershkovitz is a resident of New York and at all times material hereto was an employee/agent of AMN.

7.      Tsviny Hershkovitz is a resident of New York and at all times material hereto was an employee/agent of ANM.

8.      Lowenthal & Kofman, P.C. is a New York professional corporation.

9.      Martin Kofman is a resident of New York and at all times material hereto was an employee of Lowenthal & Kofman, P.C.

10.     Norman Tepfer is a resident of New York and at all times material hereto was a notary public and an employee/agent of Lowenthal & Kofman, P.C.

11.     Samuel Gluckman is a resident of New York.

12.     Roland Fields is a resident of New York.

## FACTS

13.     In or about November 2007, ANM acted as plaintiff's mortgage broker for a $367,250 loan to Laura Fields ("the Loan") which closed on November 29, 2007. Re-payment of the Loan was to be secured by a first mortgage granted by Ms. Fields against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises").

14.     In order to induce plaintiff to make the Loan, ANM, Klein and the collective Hershkovitz defendants submitted to plaintiff a false credit report of Laura Fields, false certifications that Ms. Fields had been employed in November 2007 for several years and a false appraisal of Premises.

15.     Samuel Glucksman provided a false and fraudulent appraisal of the Premises to ANM to induce plaintiff to make the Loan.

16.     Laura Fields died October 18, 2007.

17.     Roland Fields submitted to ANM the pedigree information of Laura Fields following her death to enable ANM to perpetrate its fraud on plaintiff and Commonwealth. Roland Fields also gave a false social security number on Ms. Fields' death certificate to conceal the death from any search of the public record.

18.     Plaintiff would not have granted the Loan had it known the true facts.

19.     Lowenthal & Kofman, P.C. and Martin Kofman acted as plaintiff's counsel and settlement agent at the closing of the Loan on November 29, 2007.  Norman Tepfer was the employee/agent of Lowenthal & Kofman.

20.     Lowenthal & Kofman, P.C., Martin Kofman and Norman Tepfer had actual knowledge that:  (i) plaintiff would not fund the Loan unless a HUD-1 was submitted to plaintiff setting forth all payees of the Loan proceeds and the paying off of a prior lien of Veronica McCreath; (ii) plaintiff would not fund the Loan unless a loan policy was issued by a title underwriter insuring the mortgage securing re-payment of the Loan as a first lien against the Premises; and (iii) the loan policy would not issue unless the signature of Laura Fields on the insured mortgage was acknowledged by a notary as being genuine.

21.     In order to induce plaintiff to fund the Loan and cause Commonwealth's loan policy to be issued: (i) Lowenthal & Kofman, P.C. and Martin Kofman knowingly submitted a false HUD-1 on November 29, 2007 to plaintiff not disclosing the payment of $305,686.29 of the Loan proceeds to A. Kanzada Jordan who it is believed laundered the proceeds; and (ii) Norman Tepfer fraudulently acknowledged the signature of the imposter on the mortgage as that of Laura Fields on November 29, 2007, who had died one month prior to the closing.

22.     At the closing a loan policy was issued on behalf of Commonwealth insuring the mortgage as a first lien ("Policy"), predicated as Norman Tepfer's notarial acknowledgement the signature of Laura Fields on the mortgage was genuine.

23.     On or about October 28, 2013 plaintiff commenced the within action seeking damages against Commonwealth under the Policy. A copy of the complaint is annexed as Exhibit A. A copy of Commonwealth's answer is attached as Exhibit B.

24.     In the event it should be determined Commonwealth is liable to plaintiff under the Policy, then such finding would be wholly due to: (i) the third-party defendants' breach of contract, negligence, fraud, unjust enrichment, conspiracy to commit fraud and/or the aiding and abetting of fraud, and (ii) Tepfer's liability under N.Y. Executive Law 135 in acknowledging the signature on the mortgage as the genuine signature of Laura Fields.

25.     In the event it should be determined Commonwealth is liable on the Policy as claimed by plaintiff then, and in that event, third-party defendants shall be wholly liable to Commonwealth for all damages sustained thereby, its attorneys' fees, costs and disbursements and/or liable to Commonwealth for contribution based on the parties' respective fault, as determined by the trier of fact.

4

WHEREFORE, Commonwealth requests in the event it is determined it is liable to plaintiff under the Policy, judgment against third-party defendants for indemnification of all damages sustained or liability incurred or in the alternative, contribution based upon the parties' respective fault as determined by the trier of fact, plus attorneys' fees, costs and disbursements, and such other and further relief to which Commonwealth may be deemed entitled.

Dated: New York, New York
  August 11, 2014

      BUTLER, FITZGERALD, FIVESON
       & McCARTHY
      A Professional Corporation
      Attorneys for Defendant and Third-Party Plaintiff
       Commonwealth Land Title Insurance Company

By: _____
       David K. Fiveson
      A Principal of the Firm
      Nine East 45th Street
      Ninth Floor
      New York, New York   10017
      (212) 615-2200

# EXHIBIT A

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Southern District of New York

**13 CIV 7626**

US BANK, NATIONAL ASSOCIATION

*Plaintiff*

v.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

*Defendant*

)
)
)
)
)
)
)

Civil Action No.

**JUDGE BUCHWALD**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

COMMONWEALTH LAND TITLE INSURANCE COMPANY
601 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EVANGELOS MICHAILIDIS
DUANE MORRIS LLP
1540 BROADWAY
NY, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

**OCT 2 8 2013**

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| US BANK, NATIONAL ASSOCIATION | ) | **13 CIV 7626** |
| | ) | |
| _Plaintiff_ | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| COMMONWEALTH LAND TITLE INSURANCE | ) | **JUDGE BUCHWALD** |
| COMPANY | ) | |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

COMMONWEALTH LAND TITLE INSURANCE COMPANY
601 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    EVANGELOS MICHAILIDIS
DUANE MORRIS LLP
1540 BROADWAY
NY, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

_CLERK OF COURT_

Date:  **OCT 2 8 2013**

_Signature of Clerk or Deputy Clerk_

JUDGE BUCHWALD

# 13 CIV 7626

**DUANE MORRIS** LLP
Evangelos Michailidis (EM 3383)
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020
emichailidis@duanemorris.com

*and*

**CAPSTONE LAW, LLC**
Robert J. Shainess [*pro hac application to be filed*]
Canadian Pacific Plaza
120 South Sixth Street, Suite 1720
Minneapolis, Minnesota 55402
Tel: (612) 548-1604
Fax: (952) 314-9616
rob@capstonelaw.com

RECEIVED
OCT 28 2013
U.S.D.C. S.D.N.Y.
CASHIERS

*Attorneys for Plaintiff U.S. Bank, National Association*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK, NATIONAL ASSOCIATION,

        Plaintiff,

        v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY ,

        Defendant.

:
:
:
:
:
:   CIVIL ACTION NO.
:
:   **COMPLAINT**
:
:
:
:

---

    Plaintiff U.S. Bank, National Association, by and through its counsel Duane Morris LLP

and Capstone Law LLC, for its Complaint against Defendant Commonwealth Land Title

Insurance Company, states and alleges as follows:

## PARTIES

1.      U.S. Bank, National Association ("**Bank**") is a nationally chartered bank with its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402.

2.      Commonwealth Land Title Insurance Company ("**Insurer**") is a Nebraska corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, FL 32204.

## JURISDICTION AND VENUE

3.      This action arises under 28 U.S.C. § 1332, based on the diversity of citizenship between the parties.

4.      Venue in the Southern District of New York is proper because Insurer resides in the Southern District.

5.      All of Insurer's New York offices are located in Manhattan and the title insurance from which the claims at issue in this case arise was issued from Insurer's office at 655 3rd Avenue, 11th Floor, New York, NY 10017.

## FACTUAL BACKGROUND

6.      On November 29, 2007, Bank made a loan to an individual purporting to be Laura Fields ("**Fields**") in the principal amount of $367,250 (the "**Loan**").

7.      As security for the Loan, a person purporting to be Fields signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Bank in the amount of $367,250 (the "**Mortgage**") to be secured against real property located at 1430 Pinson St., Queens, New York and legally described as follows:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate lying and being in Far Rockaway Borough of Queens City and state of New York, known and designated on a certain map entitled "Map of Altan Park, Property of Samuel B. Althouse, Jr., Far Rockaway, Queens County New York, surveyed by T.D. Smith on June 1898 C.E. filed in the office of the clerk of the county of Queens on

2

5/23/1899 as and by lot #s 28 and 29 in section A which said lots
are taken together are bounded and described as follows:

Beginning at a point on the easterly side of Pinson Street distant
275 feet northerly from the northeasterly corner of Pinson Street
and Carlton Avenue. (now known as Nameoak Street)and from
said point parallel with Pinson Street, 50 feet; thence westerly
again at right angles to Pinson Street, 125 feet to the easterly side
of Pinson Street; thence southerly along the easterly side of Pinson
Street, 50 feet to the point or place of beginning

(the "Property").

8.     The Mortgage was recorded against the Property in the Office of the City Register
of the City of New York on December 13, 2007 as Document Number 2007120900430001.

9.     MERS assigned the Mortgage to Bank by Assignment of Mortgage dated January
8, 2009, which was recorded in the Office of the City Register of the City of New York on
January 30, 2009 as Document Number 2009012700826001 (the "**Assignment**").

### The Title Insurance Policy

10.    On information and belief, in advance of the closing of the Loan and Mortgage,
Sky Abstract, LLC ("Sky") issued to Bank a commitment to issue a title insurance policy in
favor of Bank ("**Commitment**").

11.    The Commitment provided to Bank information concerning the status of title to
the Property.

12.    Bank reasonably relied upon the information in the Title Commitment and on
Insurer's commitment to issue a title insurance policy in deciding to make the Loan.

13.    At the closing of the Loan and Mortgage, Bank tendered to Sky monetary
consideration in exchange for a lender's title insurance policy.

14.    Sky was an agent of Insurer.

3

15.     As an agent of Insurer, Sky was authorized to issue the Commitment on Insurer's behalf.

16.     Following the closing, Insurer issued to Bank a long form Loan Policy of Title Insurance, Policy Number K57-0143682 (the **"Policy"**).

17.     By issuing the Policy, Insurer acknowledged that Bank had satisfied all conditions precedent to Insurer's obligation to provide the coverage described in the Policy.

18.     The Policy is a contractual agreement, pursuant to which Insurer agreed to indemnify Bank against losses that it may suffer if title to the Property was not as stated in the Policy or if the Bank's Mortgage is not secured against the Property as set forth in the Policy.

19.     Bank is the named insured under the Policy.

20.     The "Effective Date" of the Policy is November 29, 2007.

21.     The Policy defines the "Insured Mortgage" as follows: Mortgage made by Laura Fields to U.S. Bank, N.A. dated November 29, 2007 in the amount of $367,250.00, to be duly recorded in the Queens County Clerk/Register's Office.

22.     The Policy provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by the Bank by reason of title being vested other than as stated in Schedule A.

23.     Schedule A of the Policy states that fee simple title to the Property is vested in Laura Fields.

24.     The Policy provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by the Bank by reason of a defect in title to the Property caused by:

4

    a.      forgery, fraud…or impersonation;

    b.      failure of any person or Entity to have authorized a transfer
            or conveyance;

    c.      a document affecting Title not properly created, executed,
            witnessed, sealed, acknowledged, notarized, or delivered.

25.      The Policy also provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by Bank by reason of the invalidity or unenforceability of the lien of the Insured Mortgage upon the Title, including but not limited to loss from any of the following impairing the Insured Mortgage:

    a.      forgery, fraud, . . . or impersonation;

    b.      failure of any person or Entity to have authorized a transfer
            or conveyance;

    c.      the Insured Mortgage not being properly created, executed,
            witnessed, sealed, acknowledged, notarized, or delivered.

26.      Schedule B to the policy does not list any other mortgages encumbering the Property. Therefore, pursuant to the Policy, the Mortgage was to constitute a first lien against the Property.

### The Mortgage Is Defective

27.      Fields defaulted under the Loan by failing to make payments to Bank when due.

28.      On or around March of 2009, the law firm of Stein, Wiener & Roth, LLP ("**Foreclosure Counsel**"), acting as foreclosure counsel for Bank, sought to foreclose the Mortgage.

29.      Through the process of attempting to foreclose on the Property, Bank learned that Fields had died on October 18, 2007.

30. By virtue of Fields death prior to November 29, 2007, the Mortgage is neither valid nor enforceable.

31. By letter dated March 25, 2009, Foreclosure Counsel tendered a title insurance claim, on behalf of Bank, to Insurer (the "**Tender Letter**"). The Tender Letter asserted claims arising out of the following three title defects:

    a. Fields died prior to closing;

    b. A prior mortgage in the amount of $23,000 remained unsatisfied and superior to Bank's mortgage; and,

    c. There was a defect in the legal description of the Property.

A copy of Fields death certificate was enclosed with the Tender Letter.

32. Since sending the Tender Letter, Bank has cooperated with Insurer's investigation of Bank's claim and has provided to Insurer documents and information sufficient to allow Insurer to fully investigate Bank's claim.

33. By letter dated March 1, 2012, Insurer denied Bank's claim and refused to indemnify Bank as required by the Policy.

## FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)

34. Bank incorporates by reference all prior allegations in this Complaint.

35. The Policy is a contract between Bank and Insurer.

36. Bank has satisfied all of its obligations that constitute conditions precedent to Insurer's duty to indemnify Bank pursuant to the Policy.

37. Insurer has breached the Policy by refusing to indemnify Bank for its losses sustained or incurred by reason of a defect in the title to the Property and/or the invalidity or unenforceability of the Mortgage resulting from causes expressly covered by the Policy.

6

38.     Bank is entitled to a judgment against Insurer in an amount in excess of $350,000, the specific amount to be determined at trial, as a consequence of Insurer's breach of contract.

WHEREFORE, Plaintiff demands judgment from the Court against Defendant as follows:

1.     Awarding Plaintiff a judgment against Defendant in the amount in excess of $350,000, the specific amount to be determined at trial;

2.     Awarding Plaintiff its costs and disbursements, including attorneys' fees, in an amount to be determined at trial;

3.     Granting such other relief as is just and equitable.

Dated: October 28, 2013.
        New York, New York                    DUANE MORRIS LLP

                                              By:
                                              Evangelos Michailidis (EM 3383)
                                              1540 Broadway
                                              New York, NY 10036-4086
                                              Tel: (212) 692-1000
                                              Fax: (212) 692-1020

                                                    and

                                              CAPSTONE LAW, LLC
                                              Robert J. Shainess [pro hac application to be filed]
                                              Canadian Pacific Plaza
                                              120 South Sixth Street, Suite 1720
                                              Minneapolis, Minnesota 55402
                                              Tel: (612) 548-1604
                                              Fax: (952) 314-9616
                                              Attorneys for Plaintiff U.S. Bank, National
                                              Association

7

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                     Plaintiff,

        v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                     Defendant.
------------------------------------------------------------------------X

**ANSWER**

13-civ-7626 (NRB)

       Defendant Commonwealth Land Title Insurance Company ("Commonwealth") by

its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, as and for its

answer to the Complaint dated October 28, 2013 ("Complaint") states as follows:

      1.       Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 27, 28 and 29 of the Complaint.

      2.       Admits the allegations in paragraph 2 of the Complaint.

      3.       Denies the allegations in paragraphs 32, 36, 37 and 38 of the Complaint.

      4.       With respect to paragraph 5 of the Complaint, admits Commonwealth's

offices in New York are located in Manhattan, but denies knowledge or information sufficient to

form a belief as to the truth of the remaining allegations.

      5.       With respect to the allegations in paragraphs 31 and 33 of the Complaint,

admits a claim was tendered to Commonwealth and that Commonwealth responded to the claim

in writing, and refers the Court to the written communications for the content thereof.

      6.       Denies the allegations contained in paragraphs 14 and 15 of the

Complaint, but admits that at one time Sky Abstract, LLC ("Sky") was title agent for

Commonwealth and subject to specific terms, limitations and conditions, was authorized to issue title policies on behalf of Commonwealth.

       7.     Denies the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 35 of the Complaint except admits a loan policy was issued and refers the Court to the policy for the content thereof.

       8.     Paragraphs 3 and 30 of the Complaint assert legal conclusions to which no responsive pleading is required, and in the event any response may be required, denies the allegations therein.

       9.     Responds to the allegations of paragraph 34 of the Complaint in the same manner as Commonwealth previously responded to the allegations restated therein.

## FIRST AFFIRMATIVE DEFENSE

       10.     Plaintiff's claim is excluded from coverage under paragraphs 3(a) of the policy's exclusions from coverage.  The title objection was created, suffered, assumed and agreed to by plaintiff's settlement agent Lowenthal & Kofman, P.C. (the "Lowenthal firm") and Fay Farkas ("Farkas") and Sky acting as plaintiff's escrow agent, which conduct is thereby imputed to plaintiff.

## SECOND AFFIRMATIVE DEFENSE

       11.     If plaintiff should recover damages as a result of a finding of liability, in whole or in part, against Commonwealth, such recovery should be reduced and diminished in proportion to the degree of culpable conduct/comparative negligence/contribution negligence of Plaintiff and/or unnamed third parties in contributing to such damages.

## THIRD AFFIRMATIVE DEFENSE

       12.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

13.     The loss and damages complained of, if any, were caused by the acts and/or omissions of individuals and/or entities other than this answering defendant and for which Commonwealth cannot be held liable.

### FIFTH AFFIRMATIVE DEFENSE

14.     Sky and Farkas acted with the Lowenthal firm and other non-parties in contravention of any authority of Commonwealth granted Sky to defraud plaintiff and Commonwealth, and for the personal benefit of Sky, Farkas, the Lowenthal firm and other non-parties.  Commonwealth is therefore not liable under Policy No. K57-0143682.

### SIXTH AFFIRMATIVE DEFENSE

15.     Plaintiff has breached paragraphs 6(a) and (b) of the policy in failing to produce documents reasonably requested by Commonwealth, by failing to cooperate with Commonwealth's investigation of the claim and by failing to sit for an examination under oath. Commonwealth was thereby prejudiced and therefore justified in denying the claim.  Any liability under the terms of the policy was terminated by reason of plaintiff's breach of the policy.

### SEVENTH AFFIRMATIVE DEFENSE

16.     Plaintiff designated Sky, Farkas and the Lowenthal firm as settlement agents.  Sky, Farkas and the Lowenthal firm had knowledge of the title objection at the November 29, 2007 closing.  Sky, Farkas and the Lowenthal firm did not advise the underwriter of the title objection.  Such knowledge/conduct is imputed to plaintiff.  The claim is therefore excluded from coverage under paragraph 3(b) of the policy's exclusions from coverage.

### EIGHTH AFFIRMATIVE DEFENSE

17.     Coverage under the policy was terminated because the underlying loan was not funded due to the actions of plaintiff and its settlement agents.  Any purported title coverage was terminated for want of an underlying indebtedness.

### NINTH AFFIRMATIVE DEFENSE

18.     Due to the actions of plaintiff's settlement agents the loan proceeds were not distributed in the manner directed by plaintiff or the borrower, or pursuant to the HUD-1 Statement.  The claim is therefore excluded from coverage under paragraph 3(e) of the policy's exclusions from coverage.

### TENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are excluded by paragraphs 3(c) and (d) of the policy's exclusions from coverage.

### ELEVENTH AFFIRMATIVE DEFENSE

20.     Plaintiff's complaint fails to state a cause of action which relief requested may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

21.     Plaintiff is not the real party in interest and therefore has no standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

22.     Plaintiff asserts all terms and condition of the promissory note and mortgage upon which plaintiff's claim is based.

WHEREFORE, Commonwealth demands plaintiff's complaint be dismissed with prejudice, costs, disbursements, attorneys' fees and such other and further relief the Court deems just and proper.

Dated: New York, New York
      December 12, 2013

                                   BUTLER, FITZGERALD, FIVESON
                                     & McCARTHY
                                  A Professional Corporation
                                   Attorneys for Defendant
                                     Commonwealth Land Title Insurance Company

                                By:_____
                                      David K. Fiveson
                                  A Principal of the Firm
                                  Nine E. 45th Street, Ninth Floor
                                  New York, New York   10017
                                  (212) 615-2200

TO:    DUANE MORRIS LLP
        Attn:  Evangelos Michailidis, Esq.
        Attorneys for Plaintiff
        1540 Broadway
        New York, New York   10036-4086
        (212) 692-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

US BANK, NATIONAL ASSOCIATION,

                                    Plaintiff,                    **AFFIDAVIT OF SERVICE**

               v.                                                 13-civ-7626 (NRB)

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                                    Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

               JOEL JEAN, being duly sworn, deposes and says:  that deponent is not a party to

the action, is over 18 years of age and resides at Nine East 45th Street, Ninth Floor, New York,

New York 10017.  That on the 13th day of December, 2013, deponent served the within

**ANSWER** upon:

               DUANE MORRIS LLP
               Attn:  Evangelos Michailidis, Esq.
               Attorneys for Plaintiff
               1540 Broadway
               New York, New York   10036-4086

by depositing a true copy of same enclosed in a post-paid wrapper by first class mail, in an

official depository under the exclusive care and custody of the U.S. Postal Service within New

York State.

                                                        _____
                                                        JOEL JEAN

Sworn to before me this
/3th day of December, 2013

_____
CLAUDA CROSSMAN JAFFE
Notary Public, State of New York
No. 02JA6256333
Qualified in Westchester County
Commission Expires Feb. 21, 20__