LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
### A Professional Corporation
### NINE EAST 45ᵀᴴ STREET
### NINTH FLOOR
### NEW YORK, NEW YORK 10017
### www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

September 9, 2014

<u>BY ECF</u>
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York  10007-1312

Re:    US Bank, National Association v. Commonwealth Land Title Insurance Company
       CIV No. 13-cv-7626 (NRB)
       <u>Our File No. 2575/06016</u>

Dear Judge Buchwald:

The undersigned represents defendant Commonwealth Land Title Insurance Company ("Commonwealth").  We request an order precluding plaintiff from offering evidence as to those matters plaintiff's Rule 30(b)(6) witness lacked knowledge at the deposition on August 28, 2014; and (2) an extension until November 15, 2014 of the September 30, 2014 deadline to move for summary judgment.

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, "a party may name as a deponent a public or private corporation . . . [to] designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . about information known or reasonably available to the organization."  To satisfy Rule 30(b)(6), "the corporate deponent has an affirmative duty to make available . . . persons [who] will be able to give complete, knowledgeable, and binding answers on its behalf." <u>Reilly v. Natwest Mkt. Group, Inc.</u>, 181 F.3d 253, 268 (2d Cir. 1999).  Indeed, the duty to prepare and present a Rule 30(b)(6) witness "goes beyond matters in which the designee was personally involved." <u>Tailored Lighting, Inc. v. Osram Sylvania Prod., Inc.</u>, 255 F.R.D. 340, 349 (W.D.N.Y. 2009).  The corporation must prepare its designee to the extent reasonably necessary including review of documents, past employees or other sources, <u>Id.</u>, in order for the designee to be able to testify "fully, completely, and unevasively." <u>Bank of New York v. Meridien BIOA Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 151 (S.D.N.Y. 1997).

If a corporate party fails to comply with the requirements of Rule 30(b)(6), the court has the power to preclude evidence under Rule 37(b)(2)(A)(ii). Spanski Enter. Inc. v. Telewizja Polska, S.A., No. 10 Civ. 4933 (ALC)(GWG), 2013 WL 81263, at *6 (S.D.N.Y. Jan. 8, 2013) (citing Reilly, 181 F.3d at 268). Although preclusion is an extreme remedy, this court has granted preclusionary orders for failing to comply with Rule 30(b)(6) when the failure to testify with knowledge resulted in prejudice. See Tomlinson v. St. Paul Reinsurance Mgmt. Corp., No. 96 Civ. 4760 (JFK)(MHD), 1997 WL 167051, at *2 (S.D.N.Y. Apr. 9, 1997). In Adrian Shipholding Inc. v. Lawndale Group, S.A., the court issued sanctions when defendant's 30(b)(6) witness lacked sufficient knowledge to testify to the ten subjects outlined in plaintiff's notice of deposition. No. 08 Civ. 11124(HB)(GWG), 2012 WL 104939, at *6 (S.D.N.Y. Jan. 13, 2012). Additionally, in Reilly, the Second Circuit precluded two witnesses from testifying at trial because defendant produced a Rule 30(b)(6) witness who was not knowledgeable instead of the two witnesses who were knowledge. See 181 F.3d at 268.

Commonwealth notice of plaintiff's deposition of August 5, 2014, set forth 16 subjects on which it intended to examine plaintiff. See Exhibit A. Plaintiff completely failed to ensure its Rule 30(b)(6) witness, Ms. Linda Ropog, was adequately prepared to testify "fully and completely" on 12 of these 16 subjects. The transcript of Ms. Ropog's testimony is annexed as Exhibit B.

Subject 1 required plaintiff's Rule 30(b)(6) witness to testify about "documents and communications produced to Commonwealth in response to the demands for documents prior to the commencement of this action." Ms. Ropog testified that she had not review any pleadings, discovery demands, or any US Bank files prior to the deposition. See Transcript p. 138-141.

Subject 2 required plaintiff's Rule 30(b)(6) witness to testify about "the retention of Lowenthal & Koffman, P.C. as the settlement agent and the authority of the settlement agent." Ms. Ropog testified that she did not know if there was a written agreement between Lowenthal & Kofman or any other communication in writing defining whether an agency relationship or whether there was a retainer agreement. See Transcript p. 82, lines. 16-25; p. 83 lines 1-19.

Subject 3 required plaintiff's Rule 30(b)(6) witness to testify about "the retention of Stein, Weiner & Roth LLP to process the title claim for plaintiff and to communicate with Commonwealth on plaintiff's behalf." Ms. Ropog testified that she did not know who Stein, Weiner & Roth LLP was and that she was not sure if a retainer agreement existed. See Transcript p. 121, lines 8-10; p. 123, lines 9-14.

Subject 6 required plaintiff's Rule 30(b)(6) witness to testify about "plaintiff's loan underwriting procedures in 2007." Ms. Ropog testified that she did not know what the underwriting guidelines for US Bank were for the loan to Ms. Fields in November 2007. See Transcript p. 25, lines 13-25.

Subject 9 required plaintiff's Rule 30(b)(6) witness to testify about "due diligence undertaken by plaintiff prior to approving the loan to Laura Fields, including the review of documents provided by ANM Funding, LLC." Ms. Ropog testified she did know of any due diligence including whether Ms. Fields was employed, whether the credit report was valid, or

whether the appraisal report furnished was fraudulent.  See Transcript p. 145, lines 17-25; p. 146, lines 1-23.

Subject 10 required plaintiff's Rule 30(b)(6) witness to testify about "communications between plaintiff and ANM Funding, LLC re granting the loan to Laura Fields."  Ms. Ropog testified that she did not know whether US Bank had communicated with ANM Funding regarding the loan to Ms. Fields.  See Transcript p. 50, line 25; p. 51 lines 1-6; p. 69 lines 7-25.

Subject 11 required plaintiff's Rule 30(b)(6) witness to testify to "the reasons for terminating ANM Funding as the mortgage broker."  Ms. Ropog testified that (1) she did not know why ANM Funding was terminated as the mortgage broker, (see transcript p. 78, lines 20-25; p. 79, lines 1-17); (2) the date of termination (see transcript p. 18, line 24-25; p. 19 lines 1-5); (3) who was responsible for the termination (see transcript p. 19, lines 6-12); and (4) whether US Bank maintained a file as to the termination (see transcript p. 19, lines 13-19).

Subject 12 required plaintiff's Rule 30(b)(6) witness to testify to "the reasons for plaintiff's re-purchase of the loan."  Ms. Ropog testified that she did not know whether US Bank agreed to repurchase the loan (see transcript p. 24, lines 5-8) or as to any reasons why US Bank would repurchase the loan.  (See transcript p. 117, lines 2-12; p. 119 lines 17-25).

Subject 13 required plaintiff's Rule 30(b)(6) witness to testify to "plaintiff's investigation into any misconduct of ANM Funding, LLC and/or Lowenthal & Koffman, P.C."  Ms. Ropog testified that she was not sure if US Bank maintained a file as to alleged fraud on behalf of ANM Funding (see transcript p. 79, lines 13-24).  She further testified that she did not whether US Bank investigated the fraud perpetrated by the Fields loan (see transcript p. 136, lines 21-25; p. 137, lines 1-13).

Subject 14 required plaintiff's Rule 30(b)(6) witness to testify to "plaintiff's claims against Lowenthal & Koffman arising out of its disbursement of the loan proceeds."  Ms. Ropog testified that she did not know the facts that would give rise to a claim against Lowenthal & Kofman (see Transcript p. 138, lines 18-23).

Subject 15 required plaintiff's Rule 30(b)(6) witness to testify to "the search made by plaintiff to produce documents responsive to the discovery demands made by Commonwealth in this action."  Ms. Ropog testified that she did not review any pleadings, discovery demands or responses, nor did she review files other than the origination file before the deposition.  See Transcript p. 139, lines 16-25; p. 140, lines 1-24.  Furthermore, she testified that she did not know whether: (1) US Bank produced or searched for the original note (see transcript p. 119, lines 6-16); (2) if US Bank made any effort to transmit information to Mr. Samberski who processed the claim with Commonwealth for plaintiff (see transcript p. 129, lines 21-24); (3) whether US Bank made any effort to comply with document request of Commonwealth in this action (see transcript p. 129, line 25; 130, lines 1-8; p. 134, lines 21-24); (4) whether US Bank was aware Commonwealth requested US Bank to sit for an examination under oath in connection with Commonwealth's pre-action investigation with the claim (see transcript p. 131, lines 15-25; p. 132, lines 1-3; p. 134, lines 1-3); and (5) whether US Bank communicated with Lowenthal &

Kofman to forward documents to Commonwealth to assist its pre-action investigation of the claim. (See transcript p. 141, lines 9-16).

Subject 16 required plaintiff's 30(b)(6) witness to testify to "whether plaintiff was in possession of the note upon submission of the title claim on April 8, 2009, and the date plaintiff came into possession of the note from Freddie Mac." Ms. Ropog testified that she did not know whether the loan was sold to Freddie Mac. See transcript p. 101, lines 8-11; p. 102, lines 12-25; p. 103, lines 4-18. Furthermore, Ms. Ropog testified that she did not know whether US Bank or another entity was in possession of the note. See Transcript p. 106, lines 18-21; p. 113, lines 17-25; p. 114, line 1. Additionally, Ms. Ropog testified that she did not know who had possession of the note on or about April 5, 2009 (date claim made) or who is presently in possession of the original note  See Transcript p. 119, lines 1-16.

As in Adrian Shipholding and Reilly, plaintiff's failure to comply with Rule 30(b)(6) warrants an order of preclusion of plaintiff offering any evidence as to matters 1 through 3, 6, and 9 through 16  set forth in defendant's notice of deposition. Also see MPD Accessories, B.V. v. Urban Outfitters, Inc., No. 12 Civ. 6501 (LTS)(KNF), 2013 WL 4399199, at *8 (S.D.N.Y. Aug. 13, 2013) ("[p]reclusionary orders ensure that a party will not be able to profit from its own failure to comply.").

Furthermore, in light of the Court's extension of discovery to October 15, 2014 for plaintiff to undertake two depositions of non-parties, we respectfully request an extension of the September 30, 2014 deadline to make a motion for summary judgment until November 15, 2014.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc:    Rob Shainess, Esq. (by ECF filing)
       Evangelos Michailidis, Esq. (by ECF filing)

4