**Capstone Law**

Protecting What You Value Most

September 12, 2014

**By ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1321

Re: U.S. Bank National Association v. Commonwealth Land Title Ins. Co., Civ. No. 13 CIV 7626

Dear Judge Buchwald:

Please accept this letter as Plaintiff U.S. Bank National Association's response in opposition to Commonwealth Land Title Insurance Company's motion seeking to preclude Plaintiff from offering evidence regarding matters about which Ms. Linda Ropog lacked knowledge during the deposition of August 28, 2014. Commonwealth's motion should be denied because Ms. Ropog's lack of knowledge was caused, in part, by Commonwealth's failure to properly serve its deposition notice. In addition, Commonwealth's motion is premature, and any prejudice suffered by Commonwealth can be easily remedied.

**<u>Factual Background Concerning the Deposition</u>**

U.S. Bank has cooperated in all aspects of discovery in this case. It has responded to interrogatories and produced thousands of pages of documents in response to four separate sets of document requests.

In April, I contacted Mr. Fiveson asking if he intended to depose U.S. Bank, and if so, if he would please provide a list of deposition topics so that Plaintiff might select an appropriate witness. The parties agreed to conduct the deposition in Minneapolis, the location of U.S. Bank's corporate headquarters. On April 17th, Mr. Fiveson's assistant provided by email a blank deposition notice which appended a list of seven topics. A copy of that blank notice is attached to this letter as <u>Exhibit A</u>. Based on this list, U.S. Bank designated Linda Ropog as its designee and she proceeded to book a flight from her office in Bedford, Ohio to Minneapolis for the deposition.

Commonwealth never properly served this or any other deposition notice for U.S. Bank's deposition. Instead, on August 5, 2014, long after Ms. Ropog booked her flight, Mr. Fiveson emailed to me a new deposition notice, with an additional nine topics that were not on the previous draft provided by his office. Somehow, Mr. Fiveson's email found its way directly into my deleted email folder, and I did not locate the email until after U.S. Bank's deposition. Consequently, Ms. Ropog was not prepared to answer certain of Mr. Fiveson's questions.

Canadian Pacific Plaza, 120 South Sixth Street, Suite 1720, Minneapolis, Minnesota 55402
Phone: 612-548-1604   Fax: 952-314-9616   www.capstonelaw.com

**Legal Argument**

## I.    Commonwealth's Motion for Sanctions is Premature.

First, Commonwealth's purported sanctions motion is premature for several reasons. First, pursuant to Local Civil Rule 37.2, "No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference...." Commonwealth's motion is premature, as it has not requested an informal discovery conference with the Court. Furthermore, Commonwealth's motion is not of the type that is permitted to be made by informal letter-motion. See Local Civil Rule 6.1.

Second, Federal Rule of Civil Procedure 37 authorizes discovery sanctions only after a party fails to obey a discovery order. Fed. R. Civ. Proc. 37(b)(2); Adrian Shipholding Inc. v. Lawndale Grp. S.A., 08 CIV. 11124 HB GWG, 2012 WL 104939 (S.D.N.Y. Jan. 13, 2012) report and recommendation adopted, 08 CIV. 11124 HB GWG, 2012 WL 407475 (S.D.N.Y. Feb. 9, 2012) (imposing discovery sanctions after failure to comply with court order requiring appearance of 30(b)(6) witness). Commonwealth's letter motion for discovery sanctions should be denied because U.S. Bank has not defied any Court order.

## II.    Commonwealth's Motion for Sanctions Should Be Denied Because Commonwealth Failed To Serve The Deposition Notice Upon Which Its Motion Is Premised.

Federal Rule of Civil Procedure 5(a)(1)(C) requires that, unless the court orders otherwise, discovery papers must be served on each party. Federal Rule of Civil Procedure 5(b)(2) lists permitted methods of service, which include hand delivery, leaving it at an attorney's office, or mailing. The rule further provides that service by electronic means is permissible, but only if the recipient consented to electronic service in writing, "in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. Proc. 5(b(2)(E).

Mr. Fiveson did not effectively serve U.S. Bank with a notice of deposition. I have never consented in writing to receive service by email and I did not actually receive Mr. Fiveson's email transmitting the deposition notice until the day of U.S. Bank's deposition. The Court may recall that the parties have had prior discovery disputes revolving around Mr. Fiveson's desire to skirt formalities required by the Federal Rules of Civil Procedure. During one phone conference, the Court admonished Mr. Fiveson to adhere to such formalities.

## III.    Commonwealth's Motion Should Be Denied Because Any Prejudice It Has Suffered Can Be Easily Remedied.

Commonwealth's motion should be denied because Commonwealth has not been irreparably prejudiced by the inability of U.S. Bank's witness to answer certain questions during her deposition.

"As a general matter, preclusion is an extreme remedy and is to be used only as a last resort to eliminate serious and otherwise irremediable prejudice to a party occasioned by misconduct on the part of its adversary" Tomlinson v. St. Paul Reinsurance Mgmt. Corp., 1997 WL 167051 (S.D.N.Y. Apr. 9, 1997) (citing Outley v. City of New York, 837 F.2d 587, 590–91 (2d Cir.1987)). "This limitation on the use of such potentially dispositive sanctions is a reflection of the long-recognized principle that cases are to be decided, to the extent possible, on their merits." Id.

First, Ms. Ropog's inability to answer some of Mr. Fiveson's questions was not the product of misconduct on U.S. Bank's part. It should be noted that Commonwealth's letter misstates the extent to which Ms. Ropog was unable to answer questions. The Court has requested a brief letter responding to Commonwealth's letter motion, and therefore, I will not go into tit-for-tat detail responding to each of Commonwealth's allegations. With that said, if the Court is intent on considering Commonwealth's motion before conducting an informal discovery conference, U.S. Bank would appreciate the opportunity to provide a more full response.

Second, Ms. Ropog's lack of knowledge can easily be remedied by permitting Commonwealth to serve an additional set of interrogatories seeking the information it seeks. The vast majority of the information sought by Commonwealth is of the type that would require U.S. Bank to review the thousands of pages of documents in order to adequately respond. It is generally impractical to seek answers to these types of questions in a deposition. Commonwealth should be amenable to this remedy, as Commonwealth itself proposed this very remedy to U.S. Bank when Commonwealth's own witness was unable to answer questions during his deposition that were the subject of U.S. Bank's deposition notice.

U.S. Bank does not oppose Commonwealth's request for a brief extension of the dispositive motion deadline. I would like to advise the court of a family vacation planned from December 22-January 2, and would appreciate if the Court could avoid setting the motion deadline so as to require a responsive brief during that timeframe.

Respectfully submitted,

Rob Shainess
*Attorney at Law*
rob@capstonelaw.com

cc:     David Fiveson, Esq. (By ECF)
        Evangelos Michailidis, Esq. (By Email)
        William Yunker (by Email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

         Plaintiff,         <u>**NOTICE OF DEPOSITION**</u>

    v.               Index No.: 13-civ-7626 (NRB)

COMMONWEALTH LAND TITLE INSURANCE
COMPANY

         Defendant.
-----------------------------------------------------------------X

TO:  Evangelos Michailidis, Esq.
    Duane Morris LLP
    1540 Broadway
    New York, New York 10036-4086

    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Commonwealth Land Title Insurance Company shall depose Plaintiff US Bank,

National Association, by one or more of its officers, directors, or managing agents, or other

persons designated as knowledgeable to testify on its behalf on matters described in <u>Schedule A</u>

attached hereto, at Veritext Legal Solutions, located at 1250 Broadway, Suite 2400, New York,

New York 10001, on _____, at _____. The deposition will be recorded by stenographic

means. You are invited to attend and examine the witness.

    PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) and 34 of

the Federal Rules of Civil Procedure, Plaintiff US Bank, National Association, shall produce all

documents described in <u>Schedule B</u>, attached hereto, at the deposition.



Dated: New York, New York
      April __, 2014

                     BUTLER, FITZGERALD, FIVESON
                       & McCARTHY
                     A Professional Corporation
                     Attorneys for Defendant
                       Commonwealth Land Title Insurance Company

                     By: _____
                             David K. Fiveson
                     A Principal of the Firm
                     Nine East 45th Street, Ninth Floor
                     New York, New York   10017
                     (212) 615-2200

## SCHEDULE A

## DEFINITIONS

As used herein:

1.      "You," "your," "U.S. Bank, National Association" or "Plaintiff" refers to all parties to the proceeding, their subsidiaries, assigns, predecessors and successors, their present and former directors, officers, agents, consultants and employees, and all other persons acting or purporting to act on behalf of, or who are subject to the direction of control of, any of the foregoing

2.      "Defendant" or "Commonwealth" refers to Defendant Commonwealth Land Title Insurance Company.

3.      "Mortgage Closing" or "Closing" refers to the closing on the refinance by Laura Fields on November 29, 2007 of the premises 1430 Pinson Street, Queens, New York 11691.

4.      "Document" means all items subject to discovery pursuant to Rule 34 of the Federal Rules of Civil Procedure, including electronic or computerized data compilations.

5.      "Communication" or "communications" includes, but is not limited to, the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

## TOPICS

1.     The documents and communications produced to Commonwealth in response to the demand for documents prior to the commencement of this action.

2.     The retention of Lowenthal & Kofman, P.C. as the settlement agent at the closing and the authority of the settlement agent.

3.     The closing loan instructions given to Lowenthal & Kofman, P.C. as the settlement agent.

4.     Communications with Lowenthal & Kofman, P.C. regarding the mortgage loan granted at the closing.

5.     Communications with Sky Abstract regarding the mortgage loan granted at the closing.

6.     The due diligence undertaken by plaintiff prior to approving the loan to Laura Fields.

7.     The communications between plaintiff and any broker or intermediary re granting the loan to Laura Fields.