LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY

A Professional Corporation

NINE EAST 45TH STREET

NINTH FLOOR

NEW YORK, NEW YORK 10017

www.bffmlaw.com

David K. Fiveson

212-615-2225

dfiveson@bffmlaw.com

Telephone 212-615-2200

Facsimile 212-615-2215

September 16, 2014

BY HAND DELIVERY and
ELECTRONIC CASE FILING
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:    U.S. Bank National Association v. Commonwealth Land Title Insurance Co.
       Index No. 13-civ-7626
       Our File No. 2575/06016

Dear Judge Buchwald:

        Defendant Commonwealth Land Title Insurance Company ("Defendant") writes in
reply to Plaintiff's letter dated September 12, 2014, and in further support of Commonwealth's
request for entry of a preclusion order.

        Plaintiff cites Local Rule 37.2 as the basis for its argument that Defendant's motion to
preclude testimony from the deposition taken on August 28, 2014 was premature.  However, Local
Rule 37.2 discusses **pre-trial discovery motions.  Here, discovery has been closed since August
30, 2014.**  Discovery has been opened for the limited purpose of allowing Plaintiff to conduct two
additional depositions, of Fay Farkas and Sarah Gluckman, as per the Court's September 5, 2014
Order.

        We are happy to have an informal conference with the Court to further discuss the
conduct that occurred during the August 28, 2014 deposition of Plaintiff's Rule 30(b)(6) witness if
need be.

        Plaintiff claims that service of the notice of deposition was not proper because it was
made by email.  However, Plaintiff's counsel incorrectly interprets the rule.  Under Rule 30(b)(1),
"[a] party who wants to depose a person by oral questions must give reasonable written notice" to
every party.  Under Rule 5(b)(2)(E) documents may be served "by electronic means if the person

consented in writing—in which event service is completed upon transmission, but is not effective if the serving party learns that it did not reach the person to be served."

First, even if Plaintiff did not expressly consent to service through email, Plaintiff acknowledged his actual receipt of the notice of deposition on August 5, 2014 and failed to object to email notification. See Exhibit A, Mr. Shainess's email dated August 5, 2014. On August 5, 2014, my firm sent Mr. Shainess and Evangelos Michailidis an email stating:

> Counsel:
>
> Please see attached the notice of plaintiff's deposition now scheduled for August 28. My flight leaves Minneapolis @ 5:30 so I would like to start promptly at 9:00 am to ensure I cover all topics . . .
>
> Thank you.
>
> David K. Fiveson

Mr. Shainess responded to the August 5, 2014 email less than two hours after it was sent to him:

> David,
>
> A 9 a.m. start should be no problem . . .
>
> Rob Shainess

Because Mr. Shainess acknowledged receipt of the record, there was no reason for Commonwealth to believe a hard copy of the notice had to be sent by regular mail. Significantly, Plaintiff's local counsel also did not object to the notice of deposition sent to him by e-mail. See Exhibit A.

Furthermore, Ms. Ropog did not book her flight to Minneapolis in response to the April 2014 notice of deposition as Plaintiff claims. The April 2014 notice was withdrawn shortly after it was sent. Both parties agreed to the date of the deposition only when the parties met in Florida on July 28, 2014, when Plaintiff took the deposition of Defendant. The date was finalized and a new notice of deposition was sent on August 5, 2014. The new notice added topics on which Commonwealth intended to examine Plaintiff.

Second, Plaintiff had actual notice of the August 5, 2014 notice of deposition. Plaintiff claims that he never received the notice of deposition dated August 5, 2014 because it was somehow placed in his deleted mail file. However plaintiff clearly received the notice of deposition because he responded to that email referencing and attaching the August 5, 2014 notice of deposition. See Exhibit A. Moreover, there is no claim that Plaintiff's local counsel, Mr. Michailidis, who was copied on the transmission, did not receive the notice of deposition.

Plaintiff claims that no prejudice has occurred due to Ms. Ropog's failure to be adequately prepared as a Rule 30(b)(6) witness. Rule 30(b)(6) requires the corporation to prepare its designee to the extent reasonably necessary including review of documents, past employees or other

2

sources, <u>Tailored Lighting, Inc. v. Osram Sylvania Prod. Inc.</u>, 235 F.R.D. 340, 349 (W.D.N.Y. 2009), in order for the designee to be able to testify "fully, completely, and unevasively." <u>Bank of New York v. Meridien BIOA Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 11 (S.D.N.Y. 1997).

Plaintiff incorrectly claims Ms. Ropog could not be adequately prepared because Plaintiff failed to receive the notice of deposition. As previously noted, Plaintiff was given notice of the notice of deposition dated August 5, 2014 by an email dated August 5, 2014 for a deposition to occur more than three weeks later, on August 28, 2014.

Also, Ms. Ropog was even unprepared to answer questions 1 through 3 and question 6 listed in the blank notice of deposition dated April 2014 (Exhibit B) concerning: (1) the documents and communications produced to Commonwealth in response to the demand for documents prior to the commencement of this action; (2) the retention of Lowenthal & Kofman, P.C. as the settlement agent for the closing, and the authority of the settlement agent; (3) the closing loan instructions given to Lowenthal & Kofman, P.C. as the settlement agent; and (4) the due diligence undertaken taken by Plaintiff prior to approving the loan. <u>See</u> Exhibit B. The witness's lack of knowledge was clearly demonstrated in our letter dated September 9, 2014. There is no explanation for such a witness to be as unprepared as Ms. Ropog was concerning topics set forth in the notice of deposition Plaintiff received in April 2014.

Plaintiff also claims Ms. Ropog could not be adequately prepare for the deposition because it would not be possible to review "thousands of pages of documents." That is not the reason Ms. Ropog was not adequately prepared. Defendant was able to adequately prepare its Rule 30(b)(6) witness. To comply with Rule 30(b)(6), counsel spent more than 10 hours reviewing documents with Commonwealth. Moreover, Commonwealth's witness spent three additional days reviewing 15,000 pages of documents produced in response to Plaintiff's demands. Ms. Ropog conceded in her deposition that she spent only about three hours preparing on her deposition. The witness also admitted she did not review any pleadings, discovery demands or responses, or review files other than the origination file before the deposition. <u>See</u> Exh. C, Transcript of Ms. Ropog's deposition at p. 138, lines 24-25; pp. 139-140.

Finally, to accommodate Plaintiff, the undersigned flew to Minneapolis, Minnesota to conduct the August 28, 2014 deposition. To say that no prejudice occurred is incorrect.

Commonwealth does not agree to interrogatories being sent to remedy Plaintiff's failure to comply with Rule 30(b)(6). The answers will be prepared by counsel and signed by the Plaintiff. This deprives Defendant the opportunity for candid answers and follow-up questions.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc:     Rob Shainess, Esq. (by ECF filing)
        Evangelos Michailidis, Esq. (by ECF filing)