

October 15, 2014

Jeffrey J. Cunningham
212.915.5192 (direct)
Jeffrey.Cunningham@wilsonelser.com

By Hand Delivery & ECF

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *U.S. Bank National Association v. Commonwealth Land Title Insurance Company, et. al.*
Case No.: 13 CV 7626
**Request for Pre-Motion Conference**
File No.: 01846.00055

Dear Judge Buchwald:

  We represent Third-Party Defendants Lowenthal & Kofman, P.C., Martin Kofman, and Norman Tepfer (collectively "Lowenthal"), in this matter. Pursuant to Part 2(B) of Your Individual Practices, we request a Pre-Motion Conference in lieu of a response to defendant/third-party plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Third-Party Complaint. As set forth below, we believe a Motion to Dismiss, in lieu of an Answer, is appropriate.

  The Third-Party Complaint fails to set forth a cause of action against Lowenthal as the Third-Party Complaint seeks contribution for only economic loss. Moreover, dismissal of a third-party complaint for contribution and indemnification is mandated where the third-party defendant served as an agent to the first-party plaintiff. Any alleged culpable conduct of Lowenthal, although completely denied, is attributable to the original plaintiff through agency

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

6382693v.1



principles. These two legal precepts subject the Third-Party Complaint to dismissal. Additionally, to the extent the Third-Party Complaint alleges any claims other than contribution and indemnification, the applicable statute of limitations and failure to state a cause of action also warrant dismissal.

In New York, it is well established that pursuant to CPLR §1401 <u>a party may not seek contribution when the damages at issue relate solely to only economic loss</u>. *Beck v. Studio Kenji, Ltd.*, 90 A.D.3d 462, 463 (1st Dep't 2011) (as third-party plaintiff seeks only economic losses, no viable claim) (emphasis added); *see also Conestoga Title Ins. Co. v. ABM Title Servs.*, 2012 U.S. Dist. LEXIS 86614 (S.D.N.Y. 2012). Here the damages sought relate to solely economic loss and, therefore, contribution is unavailable.

Moreover, Third-Party Plaintiff's claims for contribution and indemnification are precluded by agency principles. Dismissal of such third-party claims is appropriate where the third-party defendant served as an agent to the original plaintiff, as any alleged culpable conduct of that third-party defendant is attributable to the original claimant through agency principles. *N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*, 115 F. Supp.2d 351 (E.D.N.Y. 2000). The Third-Party Complaint should be dismissed as it seeks contribution and indemnification which are not available under agency principles.

Likewise to the extent that the Third-Party Complaint asserts a claim for common law indemnification Third-Party Plaintiff fails to state a cause of action. "[A] party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine [of indemnification]". *17 Vista Fee Assoc. v. Teachers Ins. And Annuity Ass'n of Am.*, 259 A.D.2d 75, 80 (1st Dep't 1999); *see also Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276 (2d Cir. 1996). It has neither been alleged nor is it possible that any of Commonwealth's duties were

shifted to Lowenthal.

Additionally, although the Third-Party Complaint purportedly seeks contribution and indemnification, any other claims would be otherwise dismissed as they fail to state a cause of action and are time barred. Accordingly, our proposed Motion to Dismiss would address multiple grounds supporting dismissal. In light of the fact that we are continuing to review the underlying file and assess the claims against the Third-Party Defendants, we respectfully convey that we wish to reserve our clients' respective rights to include additional arguments for dismissal should any additional grounds be discovered.

Wherefore, we respectfully request a Pre-Motion Conference pursuant to Part 2(B) of Your Individual Practices in lieu of a response. Thank you for your attention to this matter.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jeffrey J. Cunningham (JC-0726)

cc:

ECF service list

6382693v.1