UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                    Plaintiff,

-against-

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                    Defendant.
------------------------------------------------------------X
COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                    Third-Party Plaintiff,

-against-

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSHKOVITZ, LEAH HERSHKOVITZ, TSVINY
HERSHKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS

                    Third-Party Defendants.
------------------------------------------------------------X

**MEMORANDA OF LAW
IN OPPOSITION TO ABE
KLEIN'S MOTION TO DISMISS**

Index No. 13-civ-7626 (NRB)

        Third-Party Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") submits this memoranda of law in opposition to third-party defendant Abe Klein's motion to dismiss dated October 14, 2014.

## FACTS

        On or about August 11, 2014 Commonwealth filed a third-party complaint (the "Complaint") in the action *US Bank, National Association v. Commonwealth Land Title Insurance Company*, Index No. 13-civ-7626 (NRB), alleging Abe Klein was the principal of ANM Funding LLC ("ANM Funding") (Com. ¶ 4) and that ANM Funding acted as US Bank,

National Association's ("US Bank") mortgage broker for a $362,250 loan to Laura Fields, which closed on November 29, 2007 (the "Loan") (Com. ¶ 13).

The complaint further alleges that Abe Klein collectively with the Hershkovitz defendants submitted to US Bank false credit reports of Laura Fields, false employment certifications that Ms. Fields had been employed in November 2007 for several years, and a false appraisal report of the premises 1430 Pinson Street, Far Rockaway, New York ("Premises"). (Com. ¶ 14). Third-party defendant Samuel Gluckman also furnished a false and fraudulent appraisal of the Premises to ANM Funding. (Com. ¶ 15). Moreover, it is alleged that third-party defendant Ronald Fields submitted to ANM Funding the pedigree information of Laura Fields following her death thereby enabling ANM Funding to perpetrate the fraud. (Com. ¶ 17). The false and fraudulent documentation were presented to plaintiff, which was thereby induced to make the Loan to Ms. Fields. (Com. ¶ 15, 18). In furtherance of the fraud, an imposter appeared at the closing and signed the mortgage securing re-payment of the Loan. (Com. ¶ 20-21). Plaintiff's settlement agent ("Lowenthal & Kofman") acknowledged the imposter's signatures on the mortgage of an imposter claiming to be Laura Fields at the Closing. (Com. ¶ 20-21). Commonwealth issued a title policy to plaintiff insuring the mortgage as a first lien. (Com. ¶ 22).

On or about September 8, 2014, third-party defendant Abe Klein was served with the summons and third-party complaint by substituted service. On or about October 14, 2014, Abe Klein filed an Answer with only two denials to the allegations to the complaint, without asserting any affirmative defenses (the "Answer"). On or about October 14, 2014, Abe Klein filed a motion to dismiss (the "Motion"). Before making the Motion, Abe Klein failed to request a pre-motion conference as required under the Individual Practices of Naomi Reice Buchwald

United States District Judge (the "Rules"). Mr. Klein has also failed to submit a Rule 56.1(a) statement as required by the Local Civil Rules of the Southern District of New York.

### POINT ONE

### THIRD-PARTY DEFENDANT'S FAILURE TO DENY EACH ALLEGATION OF THE COMPLAINT IS AN <u>ADMISSION OF THE ALLEGATIONS IN THE COMPLAINT</u>

The allegations in the Complaint should be deemed admitted, except for the allegation that Abe Klein is not the principal of ANM Funding, because Abe Klein only denied in his answer:

(1) Rung Serve

(2) I was not a principal of ANM Funding LLC.

Under Rule 8(b)(3) of the Federal Rules of Civil Procedure, a party may in good faith deny all allegations of a pleading, including jurisdictional grounds, by a general denial. However, a party that does not intend to deny all allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Although Abe Klein may have in good faith tried to "generally" deny all the allegations in the Complaint, he did not however, make a good faith effort to deny the jurisdictional grounds of the Complaint. Consequently, the Answer cannot be considered a general denial. Therefore, under Rule 8(b)(6) of the Federal Rules of Civil Procedure, Abe Klein admitted the allegations of the Complaint, except that he was not a principal of ANM Funding, since the remainder of the allegations in the Complaint were not specifically denied. See <u>Boscov's Dep't Stores, LLC v. AKS Int'l AA Corp.</u>, 01 Civ 10580 (GWG), 2004 WL 205825, at *2 (S.D.N.Y. Feb. 4, 2014); <u>Diamond v. Simon</u>, 89-cv-7061 (PKL) 1992 WL 15046, at *1 (S.D.N.Y. Jan. 17, 1992).

## POINT TWO

## THE MOTION SHOULD BE TREATED AS A MOTION FOR SUMMARY JUDGMENT OR AS A MOTION FOR JUDGMENT ON THE PLEADINGS

Since the Motion was filed simultaneously with the Answer, the Motion should be treated as either a motion for summary judgment under Rule 56 or as a motion for judgment on the pleadings under Rule 12(c).

### A. The Motion Should Be Denied As A Motion For Summary Judgment Under Rule 56 Because A Material Issue Of Fact Was Raised By Defendant's Failure To Deny All Allegations In The Complaint.

Initially, it must be noted, Abe Klein has failed to follow Rule 2(B) of the Rules, whereby a party is required to have a pre-motion conference before making a motion to the Court. The rule clearly states:

> For motions other than discovery motions, a pre-motion conference is required before making any motion . . . To arrange a pre-motion conference, the moving party shall submit a letter.

Moreover, Mr. Klein did not comply with Rule 56.1(a) of the Local Civil Rules of the Southern District of New York, which provides:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.

Since, Mr. Klein has failed to submit a Rule 56.1 statement as required by the Local Civil Rules, "failure to submit such a statement may constitute grounds for denial of the motion." Rule 56.1(a).

Mr. Klein filed with the Motion, an affirmation in support simultaneously with filing the Answer. A motion to dismiss that is filed after an answer may be treated as one for summary judgment. See Gurary v. Windhouse, 190 F.3d 37, 43 (2d Cir. 1999); Jacobs v. SUNY

4

at Buffalo Sch. of Med., 204 F. Supp.2d 586, 588 (W.D.N.Y. 2002) (treating a motion to dismiss that was submitted with an affirmation in support of the motion as a motion for summary judgment); see also Westmarc Commc'n, Inc. v. Conn. Dep't of Pub. Util. Control, 807 F. Supp. 876, n. 10 (D. Conn. 1990) (noting that because the answer was filed before the motion to dismiss, the motion to dismiss can be treated as a motion for summary judgment); Fed. Commerce & Navigation Co., Ltd. v. M/V Marathonian, 392 F. Supp. 908, 913 n. 1 (S.D.N.Y. 1975).

A motion for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. See Tiffany & Co. v. Costco Wholesale Corp., 994 F. Supp.2d 474, 479 (S.D.N.Y. 2014) (citing Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000)).

Here, Abe Klein's affirmation in support of the Motion states that he was only a loan officer of ANM Funding and by implication disclaims any involvement with the underlying fraud. The affirmation in support of the motion is based on his own knowledge, without Commonwealth having deposed Mr. Klein or obtained discovery from Mr. Klein. Additionally, Mr. Klein transferred the loan as "vice president of ANM", not merely "a loan officer" as claimed. See Exhibit B. Since the Answer admits all allegations of the Complaint, except for the fact that he is not the principal of ANM Funding, the Answer creates a genuine issue of material fact as to whether he was the principal of ANM funding and whether he perpetrated the underlying fraud.

Therefore the Motion should be denied as one for summary judgment because there is a genuine issue of material fact as to whether Abe Klein was the principal of ANM Funding or a loan officer of ANM Funding, and whether he participated in the underlying fraud.

**B.   Alternatively, The Motion Should Be Denied As A Motion For Judgment On The Pleadings Because Defendant Has Not Demonstrated Beyond Doubt Plaintiff Is Not Entitled To The Relief Requested In The Complaint.**

Alternatively, since Abe Klein filed the Motion simultaneously with filing the Answer, the Motion can be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. See U.S. v. Pelt, No. 11-cv-06156 (ADS), 2013 WL 1173898, at *2 (E.D.N.Y. Mar. 18, 2013); Steadman v. Mayo, No. 09-cv-5154, 2012 WL 1948804, at *2 (S.D.N.Y. Mar. 27, 2012); D'Attore v. New York City, No. 10-cv-3102, 2011 WL 3629166, at *2 (S.D.N.Y. June 2, 2011).

Thus, for a motion for judgment on the pleadings under Rule 12(c), the Complaint can be dismissed only if the Complaint does not contain enough allegations of fact to state a claim for relief that is plausible on its face. See Pelt, 2013 WL 1173898, at *2. A court must accept as true all the allegations in the complaint and draw all reasonable inferences in favor of plaintiff. See Ganthier v. N. Shore-Long Island Jewish Health Sys., 298 F. Supp.2d 342, 346 (E.D.N.Y. 2004). The Court may dismiss the Complaint if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).

Indeed, the Motion does not demonstrate Commonwealth has failed to prove beyond doubt that Commonwealth is not entitled to relief. The Motion simply states:

> 2.   The reason why I am entitled to the relief I seek is the following: I was not a principal of ANM Funding LLC. I was just a [sic] other loan officer like a [sic] the 65 loan officer by ANM Funding LLC . . .

6

I declare under penalty of perjury that the foregoing is true and correct.

Abe Klein's statement made under penalty of perjury that he is not the principal of ANM Funding, but only a loan officer, cannot be accepted to rebut beyond doubt the reasonable inference granted to Commonwealth under a motion to dismiss. No discovery has occurred. He has not submitted any additional papers with the Motion demonstrating his non-involvement beyond doubt.

Therefore, the Motion should be denied because Abe Klein has failed to demonstrate beyond doubt Commonwealth is not entitled to the relief requested in the Complaint.

## CONCLUSION

Wherefore, Commonwealth's opposition should be granted in all respects and third-party defendant Abe Klein's Motion should be dismissed as a matter of law.

Dated: New York, New York
October 30, 2014

                                BUTLER, FITZGERALD, FIVESON
                                 &McCARTHY
                                A Professional Corporation
                                Attorneys for Defendant/Third-Party Plaintiff
                                Commonwealth Land Title Insurance Company

By: _____
            David K. Fiveson
       A Principal of the firm
       Nine East 45th Street, Ninth Floor
       New York, New York 10017
       (212) 615-2200

TO:    CAPSTONE LAW
Attn: Robert Shainess
Attorneys for Plaintiff US Bank, National Association
120 South Sixth Street, Suite 1720
Minneapolis, Minnesota 55402
(612) 548-1604

DUANE MORRIS LLP
Attn: Evangelos Michailidis
Attorneys for Plaintiff US Bank, National Association
1540 Broadway
New York, New York 10036
(212) 471-1864

Abe Klein
*Pro Se*
1677 42nd Street
Brooklyn, New York 11204
(718) 437-4462

Tsviny Herskovitz
*Pro Se*
1370 51st Street, #2E
Brooklyn, New York 11215
(718) 438-2428

Noah Herskovitz
*Pro Se*
5408 15th Avenue, Apartment 2
Brooklyn, New York 11219
(718) 972-0502

Leah Herskovitz
*Pro Se*
5408 15th Avenue, Apartment 2
Brooklyn, New York 11219
(718) 972-0502

WILSON ELSER
Attn: Jeffrey C. Cunningham
Attorneys for Third-Party Defendants
Lowenthal & Kofman, P.C., Martin Kofman,
and Norman Tepfer
150 East 42nd Street
New York, New York 10017
(212) 490-3000

Samuel Gluckman
*Pro Se*
1240 42nd Street, #3B
Brooklyn, New York 11219
(917) 803-3024