LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

October 30, 2014

<u>BY ECF AND FACSMILE</u>

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re: Commonwealth Land Title Insurance Company, Third-Party Plaintiff, v. ANM Funding LLC, et al., Third-Party Defendants.
Index No. 13-cv-7626
<u>Our File No. 2575/06016</u>

Dear Judge Buchwald:

   Third-Party Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") opposes the request of third-party defendants Lowenthal & Kofman, P.C., its principal Martin Kofman, and Norman Tepfer's (collectively referred to as "Lowenthal") for a pre-motion conference. Lowenthal argues that Commonwealth does not have a viable third-party claim against the Lowenthal defendants because (1) the third-party complaint only seeks contribution for economic loss; and (2) dismissal of the third-party complaint is mandated because it seeks contribution and indemnification from a third-party defendant served as an agent to the first-party plaintiff. However, Lowenthal's arguments are misplaced.

   Commonwealth first received Lowenthal's list of the actual payees of the loan proceeds signed by the imposter in Plaintiff's Rule 26(b) disclosure. That document demonstrates that settlement agent Lowenthal & Kofman knew on November 29, 2009 that the monies were not to be disbursed in a manner reported on the HUD-1 signed by Lowenthal on the same day. This fact, together with the loan closing instructions of US Bank, National Association ("US Bank"), which requires strict compliance with the HUD-1, and its production to US Bank before funding the loan, demonstrates Lowenthal breached its fiduciary duty to US

Bank and knowingly submitted a false HUD-1 to US Bank in order to induce US Bank to wire the loan proceeds into Lowenthal's account. On May 30, 2014, Commonwealth learned that US Bank signed an agreement with Lowenthal & Kofman on November 13, 2013 tolling the statute of limitations within which US Bank could sue Lowenthal & Kofman on a claim arising out of the disbursement of the loan proceeds.

Instead of Lowenthal & Kofman attending the closing on November 29, 2007 as US Bank's settlement agent, Lowenthal & Kofman designated Norman Tepfer to attend the closing on its behalf. At Lowenthal & Kofman's deposition on July 16, 2014, Lowenthal & Kofman conceded its agent Norman Tepfer, as notary, acknowledged the signature of the imposter on the mortgage on a date that Laura Fields was deceased. Mr. Tepfer was employed as a closer by Lowenthal & Kofman, US Bank's settlement agent, and therefore, was acting on behalf of US Bank. Commonwealth issued a loan policy predicated on the notary's acknowledgment of Laura Field's signature on the insured mortgage was genuine.

It is clear Commonwealth has a viable third-party claim against the settlement agent Lowenthal & Kofman and notary Norman Tepfer. Executive Law § 135 provides, in relevant part, that a notary public shall be liable for all damages to the parties injured in the performance of his powers. A party need only show the notary's misconduct and that such misconduct was the proximate cause of plaintiff's injury. See Chicago Title Ins. Co. v. LaPierre, 104 A.D.3d 720, 720-21, 961 N.Y.S.2d 237 (2d Dept. 2013). The proximate element is satisfied, as in the case at Bar, where: (i) the notarial misconduct results in the recording of a forged instrument of title; or (ii) facilitated by the actions (fraud) of others resulting in damages. Id. at 722; see also Rastelli v. Gassman, 231 A.D.2d 507, 509, 647 N.Y.S.2d 253 (2d Dept. 1996) (upholding third-party claims of mortgagee against notary who acknowledged forged signature on previously recorded deed which secured the mortgage); Maloney v. Stone, 195 A.D.2d 1065, 1067, 601 N.Y.S.2d 731 (4th Dept. 1993) (holding notary who acknowledged forged signatures whereby fiduciary pledged and sold securities to bank, was liable to bank under the Executive Law); Marine Midland Bank, N.A. v. Stanton, 147 Misc. 2d 426, 429, 556 N.Y.S.2d 815 (S. Ct. Monroe Cnty. 1990) (holding bank stated claim for fraud when bank's allegations that notary falsely acknowledged guaranty and intended others to rely).

In the case at Bar, Commonwealth issued the loan policy to plaintiff at the closing in reliance of Mr. Tepfer's acknowledgement of the signature on the insured mortgage as genuine. Norman Tepfer had knowledge the loan policy would not issue unless the signature of Laura Fields on the insured mortgage was acknowledged by a notary as being genuine. Mr. Tepfer acknowledged the signature of the imposter on the mortgage as that of Laura Fields on November 29, 2007, who died one month prior to the closing on October 18, 2007. Also, as Lowenthal & Kofman's agent, Lowenthal & Kofman is vicariously liable for Tepfer's acts. It therefore cannot be said the Lowenthal defendants owed no duty to Commonwealth in their notary capacity.

Commonwealth therefore states a third-party claim for indemnification against the Lowenthal defendants. The right to indemnity may be based on an express contract or implied based upon what is fair and proper. Mas v. Two Bridges Assoc. by Nat. Kinney Corp., 75 N.Y.2d 680, 690, 554 N.E.2d 1257, 555 N.Y.S.2d 669 (1990). Indemnity is a restitution concept which permits shifting the loss because the failure to do so would result in unjust enrichment. Id.

Moreover, in breach of their duties to plaintiff, the third-party defendants acted in concert to cause a forged signature of an imposter to be acknowledged on a mortgage in order for Commonwealth to issue a loan policy to Plaintiff; which policy was a prerequisite for US Bank funding the loan three business days after the closing. The loan proceeds were disbursed in a manner not previously disclosed to US Bank on the HUD-1 by US Bank's settlement agent, but to a felon A. Kanzada Jordan.

In In re Lowbet Realty Corp., the court recognized that defendants stated a claim of indemnification against third parties whose collaborative actions fraudulently induced defendant to purchase property whose owner was seeking to rescind the deed for want of authority. Id. 43 Misc. 3d 587, 981 N.Y.S.2d 285 (S. Ct. Kings Cnty. 2014); see also Am. Home Assur. Co. v. Nausch, Hogan & Murray, Inc., 71 A.D.3d 550, 551-52, 897 N.Y.S.2d 413 (1st Dept. 2010) (upholding a claim for common law indemnification asserted by a re-insurance carrier where its liability was based on an agent's breach of a fiduciary duty owed to its principal).

Wherefore, Lowenthal's request for a pre-motion conference should be denied in all respects because Commonwealth has viable claims against the Lowenthal defendants.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc:  Robert Shainess, Esq. (by ECF)
    Evan Michailidis, Esq. (by ECF)
    Jeffrey J. Cunningham, Esq. (by ECF)
    Abe Klein, *Pro Se* (by mail)
    Leah Herskovitz, *Pro Se* (by mail)
    Noah Herskovitz, *Pro Se* (by mail)
    Tsviny Herskovitz, *Pro Se* (by mail)
    Samuel Gluckman, *Pro Se* (by mail)