USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/14

UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF NEW YORK
------------------------------------------------------------X

US BANK, NATIONAL ASSOCIATION,

                Plaintiff,

v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                Defendant.

------------------------------------------------------------X

COMMONWEALTH LAND TITLE INSURANCE
COMPNAY,

                Third-Party Plaintiff,

v.

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSHKOVITZ, LEAH HERSHKOVITZ, TSVINY
HERSHKOVITZ, LOWNTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

                Third-Party Defendants.

------------------------------------------------------------X

Index No.:
1:13-cv-07626 (NRB)

**THIRD-PARTY
AMENDED ANSWER**

       The Third-Party Defendant ABE KLEIN ("Klein") hereby interposes an Amended Answer, as of right, to the Third-Party Complaint, and alleges to this Court as follows:

       1.     Klein denies the allegations contained in paragraphs 14 of the Third-Party Complaint.

       2.     Klein denies the allegations contained in paragraphs 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 201 21, 22, 23, 24 and 25 of the Third-Party Complaint, in that he

presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. Klein denies so much of paragraph 4 of the Third-Party Complaint as alleging that he is "a principal of ANM" and denies the remainder thereof in that he presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

4. As for Klein's first affirmative defense, this action is barred by the applicable statute of limitations.

5. As for Klein's second affirmative defense, this action is barred by the doctrine of laches.

6. As for Klein's third affirmative defense, the Third-Party Plaintiff (through its Third-Party Complaint) omitted necessary indispensable parties for this court to grant full relief.

7. As for Klein's fourth affirmative defense, the damages sustained by the Third-Party Plaintiff are due to its own negligence, wrongdoings and failure to use reasonable care.

8. As for Klein's fifth affirmative defense, the damages sustained by the third-party plaintiffs is due to the culpable conduct and wrongdoings by third-parties over whom Klein had, and continues to have, no control.

9. As for Klein's sixth affirmative defense, Klein did not cause, nor contribute, to the damages sustained by the Third-Party Plaintiff.

10. As for Klein's seventh affirmative defense, the Third-Party Plaintiff is not privy to any contract with Klein, nor is there a statutory provision entitling Third-Party Plaintiff to attorney fees.

11. As for Klein's eight affirmative defense, Klein is not the actual or proximate cause of the damages sustained by the original Plaintiff and/or the Third-Party Plaintiff.

12. As for Klein's ninth affirmative defense, the damages sustained by the original Plaintiff and/or Third-Party Plaintiff was caused by superseding and intervening acts and/or negligence of other parties over whom Klein had no control and for whose actions Klein is not liable.

13. As for Klein's tenth affirmative defense, the Third-Party Plaintiff lacks standing to seek any relief or assert claims against Klein.

14. As for Klein's eleventh affirmative defense, upon information and belief, if the facts alleged in the original Complaint or Third-Party Complaint are true, and that Third-Party Plaintiff incurs any damages, then each of the parties to this action (other than Klein) and others, some of whose identities are not presently known to Klein, were negligent or legally responsible or otherwise at fault for the response costs or damages alleged in the Complaint or Third-Party Complaint and each cause of action therein presented. Therefore, Klein requests that in the event Plaintiff or Third-Party Plaintiff recovers against Klein, whether by settlement or judgment, an apportionment of fault be made as to all parties. Klein further request a judgment and declaration

of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

15. As for Klein's twelfth affirmative defense, this court lacks jurisdiction over Klein, as service of process was improper/defective and not in compliance with CPLR Article 3.

16. As for Klein's thirteenth affirmative defense, the Third-Party Complaint fails to state a claim upon which relief can be granted.

17. As for Klein's fourteenth affirmative defense, the relief requested in the Third-Party Complaint is barred by the doctrine of waiver.

18. As for Klein's fifteenth affirmative defense, the relief requested in the Third-Party Complaint is barred by the doctrine of estoppel.

19. As for Klein's sixteenth affirmative defense, the relief requested in the Third-Party Complaint is barred by the doctrine of ratification.

20. As for Klein's seventeenth affirmative defense, Klein did not owe a duty to the original Plaintiff, nor to the Third-Party Plaintiff.

21. As for Klein's nineteenth affirmative defense, Klein did not breach a duty to the original Plaintiff, nor to the Third-Party Plaintiff.

22. As for Klein's twentieth affirmative defense, at all times relevant hereto Klein acted in good faith and with reasonable and appropriate care.

23. As for Klein's twenty-first affirmative defense, the Third-Party Plaintiff, as an insurance company, assumed the risk and damages associated with the damages it seeks to avoid paying for and/or contribution or indemnification from Klein.

24. As for Klein's twenty-second affirmative defense, the damages allegedly suffered by the original Plaintiff, or the Third-Part Plaintiff, if any (which injuries are specifically denied by Klein), were the result of culpable conduct or fault of third persons whose conduct Klein is not legally responsible, and the damages recovered by the Plaintiff or Third-Party Plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of Klein (which liability is vigorously and specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of Klein for non-economic loss does not exceed Klein's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR 1601 through 1603.

25. As for Klein's twenty-third affirmative defense, the Plaintiff or Third-Party Plaintiff failed to mitigate damages.

26. As for Klein's twenty-fourth affirmative defense, Klein did not rendered any misrepresentations upon which Plaintiff or Third-Party Plaintiff reasonably relied upon.

27. As for Klein's twenty-fifth affirmative defense, Klein is not privy to any contract between Plaintiff and/or Third-Party Plaintiff.

28. As for Klein twenty-sixth affirmative defense, the damages sustained by Plaintiff and/or Third-Party Plaintiff was not foreseeable.

WHEREFORE, the Defendant ABE KLEIN prayers for an Order and Judgment dismissing the Third-Party Complaint, costs and disbursements, with such other relief as the Court deems just and proper.

Dated: November 3, 2014
       Brooklyn, New York

*(signature)*
ABRAHAM KLEIN,
*Defendant pro se*
1677 42nd Street
Brooklyn, New York 11204
Tel: (718) 437-4462

To:    BUTLER, FITZGERALD, FIVESON
And McCARTHY, PC
Attn: David K. Fiveson, Esq.
Nine East 45th Street, 9th Floor
New York, NY 10017