LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

November 26, 2014

**BY ECF and FAX**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:  U.S. Bank National Association v. Commonwealth Land Title Insurance Co.
     Index No. 13-cv-7626
     Our File No. 2575/06016

Dear Judge Buchwald:

      Defendant/third-party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") responds to the letter dated November 21, 2014 of third-party defendants Noah Hershkovitz, Leah Hershkovitz, and Tsivzy Hershkovitz (collectively, the "Hershkovitz Defendants") and third-party defendant Samuel Gluckman ("Gluckman"), wherein Gluckman and the Hershovitz Defendants seek leave to move to dismiss the Third-Party Complaint.

      In deciding a motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in plaintiff's favor. See Anwar v. Fairfield Greenwich Ltd., 286 F.R.D. 258, 259 (S.D.N.Y. 2010) (citing Chambers v. Time Warner, Inc., 282 F.2d 147, 152 (2d Cir. 2002)). To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff may allege: (i) facts showing defendant had both motive and opportunity to commit fraud; or (ii) facts constituting strong circumstantial evidence of conscious misbehavior or recklessness. Anwar, 286 F.R.D. at 260; see Am. Arbitrators Ass'n, Inc. v. Defonseca, No. 93 Civ. 2424, 1996 WL 363128, at *9 (S.D.N.Y. June 8, 1996).

      Commonwealth has alleged facts sufficient to satisfy the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. Commonwealth alleges

Gluckman and the Hershkovitz Defendants, as well as the other third-party defendants, acted in furtherance of a conspiracy to defraud Commonwealth.

The Third-Party Complaint dated August 11, 2014 demonstrates that Gluckman and the Hershkovitz Defendants had both motive and the opportunity to commit fraud. The Third-Party Complaint satisfies the heightened pleading standard of Rule 9(b) by demonstrating third-party defendants' conspiracy to commit fraud against U.S. Bank, National Association ("US Bank") and Commonwealth with the following allegations, at the paragraphs identified below:

> 14. In order to induce plaintiff (US Bank) to make the Loan, ANM, Klein and the collective Hershkovitz defendants submitted to plaintiff a false credit report of Laura Fields, false certifications that Ms. Fields had been employed in November 2007 for several years and a false appraisal of Premises.
>
> 15. Samuel Gluckman provided a false and fraudulent appraisal of the Premises (1430 Pinson Street, Far Rockaway, New York) to ANM to induce plaintiff (US Bank) to make the Loan . . .
>
> 17. Ronald Fields submitted to ANM the pedigree information of Laura Fields following her death to enable ANM to perpetrate its fraud on plaintiff and Commonwealth . . .
>
> \*   \*   \*
>
> 22. [A] loan policy was issued on behalf of Commonwealth insuring the mortgage as a first lien ("Policy"), predicated on Norman Tepfer's notarial acknowledgement of the signature of Laura Fields on the mortgage was genuine . . .
>
> 24. In the event it should be determined Commonwealth is liable to plaintiff under the policy, then such finding would be wholly due to: (i) the third-party defendants' . . . conspiracy to commit fraud and/or the aiding and abetting of fraud . . .

Discovery revealed Gluckman signed the appraisal report and verified he inspected and photographed the interior of the Premises on October 18, 2007, the date the death certificate records Ms. Fields passing at a hospice home. Photos of an occupied interior were provided with the appraisal. Plaintiff's investigation report dated June 2009 stated the Premises were fully gutted inside.

Gluckman failed to appear for a deposition scheduled prior to the amendment, despite service of a subpoena on him. That he seeks leave to move to dismiss without a providing a deposition appears suspect in light of the timing of the appraisal and the suspected falsity of the

appraisal. If Gluckman appeared for his deposition as required, he could have cleared up any inaccuracies in the allegations. We note it appears AMN Funding and the Hershkovitz Defendants retained Gluckman to conduct the appraisal.

The fraudulent appraisal report, false credit report, and false certifications of Ms. Fields' employment were therefore used to induce US Bank to issue a loan to Laura Fields, even though she died on October 18, 2007 (Complaint ¶ 16). Tepfer's notarization of a signature of a deceased person induced Commonwealth to issue a title insurance policy of the insured mortgage which secured re-payment of the loan. The acts of the plaintiff's settlement agent in so acknowledging the signature and then disbursing the loan proceeds to a felon, which was not disclosed on the HUD-1, and not pre-approved by plaintiff, constitutes the conspiracy to defraud of the third-party defendants.

We note third-party defendant Martin Kofman was recently indicted for bank fraud in the Southern District of New York, Index No. 14-cr-741, from acts arising out of the use of his trust account.

Gluckman and the Hershkovitz Defendants cannot claim they are not apprised of the allegations of their involvement in the conspiracy to defraud Commonwealth. The Third-Party Complaint adequately demonstrates either a motive or opportunity to commit a fraud, or in the alternative, demonstrates strong circumstantial evidence of conscious misbehavior or recklessness by acting in furtherance of a conspiracy to defraud Commonwealth.

If the Court finds that Commonwealth has not satisfied the heightened pleading standard of Rule 9(b), Commonwealth requests the Court grant leave to amend its Third-Party Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. See BNP Paribas Mortg. Corp. v. Bank of Am., N.A., 866 F.Supp.2d 257, 263 (S.D.N.Y. 2012) (citing Williams v. Citigroup Inc., 659 F.3d 99, 104 (2d Cir. 2005) (noting that the Court should freely grant leave to amend in order to resolve disputes on the merits). Amending the Third-Party Complaint will not result in undue delay or prejudice as against Gluckman and the Hershkovitz Defendants. See BNP Paribas, 866 F.Supp.2d at 263 (noting that leave to amend should be granted when factors such as undue delay and prejudice to the opposing party are absent).

Respectfully submitted,

*David K. Fiveson/by clj*
David K. Fiveson

cc: Robert Shainess, Esq. (by ECF)
Evan Michailidis, Esq. (by ECF)
Jeffrey J. Cunningham, Esq. (by ECF)
Abe Klein, *Pro Se* (by ECF)
Avinoam Y. Rosenfeld, Esq. (by ECF)