# THE ROSENFELD LAW OFFICE
**156 HARBORVIEW SOUTH**
**LAWRENCE, NEW YORK 11559**
**(516) 547-1717**
**EMAIL: AYROSENFELD@AOL.COM**

December 1, 2014

<u>VIA ECF</u>
Hon. Naomi Reice Buchwald
United State District Judge
United States District Courthouse
 Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: US Bank, National Assoc. v. Commonwealth Land Title Ins. Co., et al.
     (13-civ-7626) (NRB))

Dear Judge Buchwald:

  The undersigned represents Third-Party Defendants Samuel Gluckman, Noah Hershkovitz, Leah Hershkovitz and Tsivzy Hershkovitz in the above-referenced matter. I am in receipt of David K. Fiveson's letter to Your Honor dated November 26, 2014.  The lengthy "factual" recitation of Mr. Gluckman's allegedly wrongful behavior is all well-and-good.  The problem is, the allegations in Mr. Fiveson's letter are not contained in the complaint.  Indeed, had the complaint included all of the statements that Mr. Fiveson put in his letter, there would be no need for Mr. Gluckman to file a motion to dismiss under Rule 9(b).  As far as the Hershkovitz defendants are concerned, Mr. Fiveson has not raised any further factual allegations with regard to their role in the alleged wrongdoing.

  While I do not believe that correspondence with the Court regarding a request for a pre-motion conference is an appropriate forum for making or defending accusations, Mr. Fiveson's letter has left me with no choice but to address certain issues.

  Mr. Fiveson is obviously in possession of the allegedly false appraisal report; I am not.  Accordingly, Mr. Fiveson is well aware of the fact that Mr. Gluckman's role was that of Assistant Appraiser and that the appraisal report had to be signed by a fully

Hon. Naomi Reice Buchwald
December 1, 2014
Page 2 of 2

licensed Appraiser.  Nowhere is the Appraiser's name mentioned and he is not, as far as I know, a party to this proceeding.

      In what can only be described as an effort to smear Mr. Gluckman, Mr. Fiveson has attempted to have the Court believe that as of the date of the appraisal, the premises in question had been "fully gutted" giving the impression that the photographs attached to the appraisal were fraudulent.  The Court should not overlook the fact that Plaintiff's investigative photos were taken almost **2 years** after the appraisal and are in no way probative as to the condition of the premises at the time of the appraisal.

      With respect to the issue of Mr. Gluckman failing to appear for a deposition, I note that at the time Mr. Gluckman was subpoenaed, he was not a party to this proceeding, he did not have counsel and he was unsure as to the extent of his obligations.  I am not aware of Mr. Fiveson taking any action to compel Mr. Gluckman to appear for a deposition.  Moreover, Mr. Fiveson's statement that had Mr. Gluckman appeared for his deposition "he could have cleared up any inaccuracies in the allegations" is nonsensical.  As noted, Mr. Gluckman was not a party to this proceeding when he was subpoenaed.  Accordingly, there were no inaccurate allegations for Mr. Gluckman to clear up.

      In conclusion, Third-Party Defendants have no desire to engage in motion practice on this issue if it can be avoided.  Third-Party Defendants have no objection to Third-Party Plaintiff filing an Amended Third-Party Complaint that sets forth in detail their alleged wrongdoing.

      Respectfully submitted,

      /s/*Avinoam Y. Rosenfeld*
      Avinoam Y. Rosenfeld

cc: All Counsel and Parties (via ECF)