LAW OFFICES

## BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

December 1, 2014

**BY ECF and FAX**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   U.S. Bank National Association v. Commonwealth Land Title Insurance Co.
      Index No. 13-cv-7626
      Our File No. 2575/06016

Dear Judge Buchwald:

      We respond to Mr. Shainess' letter of November 26, 2014.

      While U.S Bank is identified as an insured on the Policy, once it is no longer the owner of the indebtedness it ceases to be an insured and the successor owner becomes the insured. It makes perfect sense. If U.S. Bank does not own the indebtedness, it no longer has an interest in the note; the successor holds the interest. Moreover, under New York law, a mortgage may not stand separate from the note evidencing the debt because the mortgage is merely security therefor. Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept. 2011). Accordingly, a mortgage passes as an incident of the note and upon the note's written assignment, physical delivery or endorsement and delivery. One West Bank FSB v. Carey, 104 A.D.3d 444, 960 N.Y.S.2d 306 (1st Dep't 2013). If U.S. Bank does not own the indebtedness, it has no interest in the insured mortgage. The successor has an interest in the insured mortgage and is consequently the "insured."

      Mr. Shainess excerpts Mr. Perry's deposition testimony concerning standing without addressing the fact that (i) the statement was based on the understanding plaintiff possessed the note; (ii) a request for the production of the original note was thereafter made and

before the close of discovery; and (iii) Ms. Ropog stated in her errata sheet on October 3, 2014 (after close of discovery) the note was delivered to U.S. Bank Global Trust Services, as opposed to plaintiff.

Passing the issue of standing, an element of plaintiff's claim in order to proceed to judgment is that it has an interest in the insured mortgage.

Mr. Shainess claims U.S. Bank has "always maintained possession and control over the note." However, plaintiff's 30 (b)(6) witness had no such knowledge. No servicing agreement has been produced, despite Mr. Shainess' claim plaintiff services the note. Notably, a servicer is not an insured under the Policy.

Respectfully submitted,

David K. Fiveson

DKF/dmd

cc: Robert Shainess, Esq. (by ECF)
Evan Michailidis, Esq. (by ECF)
Jeffrey J. Cunningham, Esq. (by ECF)
Abe Klein, *Pro Se* (by ECF)
Avinoam Y. Rosenfeld, Esq. (by ECF)