AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

**13 CIV 7626**

US BANK, NATIONAL ASSOCIATION )
)
_Plaintiff_ )
)
v. ) Civil Action No.
) **JUDGE BUCHWALD**
COMMONWEALTH LAND TITLE INSURANCE )
COMPANY )
)
_Defendant_ )

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
COMMONWEALTH LAND TITLE INSURANCE COMPANY
601 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EVANGELOS MICHAILIDIS
DUANE MORRIS LLP
1540 BROADWAY
NY, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

OCT 28 2013

Date: _____     _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| US BANK, NATIONAL ASSOCIATION )<br>_____ )<br>*Plaintiff* )<br>v. )<br>COMMONWEALTH LAND TITLE INSURANCE )<br>COMPANY )<br>_____ )<br>*Defendant* ) | **13 CIV 7626**<br><br>Civil Action No.<br><br>**JUDGE BUCHWALD** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   COMMONWEALTH LAND TITLE INSURANCE COMPANY
601 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EVANGELOS MICHAILIDIS
DUANE MORRIS LLP
1540 BROADWAY
NY, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: OCT 2 8 2013

*Signature of Clerk or Deputy Clerk*

JUDGE BUCHWALD

**13 CIV 7626**

**DUANE MORRIS LLP**
Evangelos Michailidis (EM 3383)
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020
emichailidis@duanemorris.com

*and*

**CAPSTONE LAW, LLC**
Robert J. Shainess [*pro hac application to be filed*]
Canadian Pacific Plaza
120 South Sixth Street, Suite 1720
Minneapolis, Minnesota 55402
Tel: (612) 548-1604
Fax: (952) 314-9616
rob@capstonelaw.com

*Attorneys for Plaintiff U.S. Bank, National Association*

RECEIVED OCT 28 2013 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | COMPLAINT |
| Defendant. | |

---

Plaintiff U.S. Bank, National Association, by and through its counsel Duane Morris LLP and Capstone Law LLC, for its Complaint against Defendant Commonwealth Land Title Insurance Company, states and alleges as follows:

## PARTIES

1. U.S. Bank, National Association ("Bank") is a nationally chartered bank with its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402.

2. Commonwealth Land Title Insurance Company ("Insurer") is a Nebraska corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, FL 32204.

## JURISDICTION AND VENUE

3. This action arises under 28 U.S.C. § 1332, based on the diversity of citizenship between the parties.

4. Venue in the Southern District of New York is proper because Insurer resides in the Southern District.

5. All of Insurer's New York offices are located in Manhattan and the title insurance from which the claims at issue in this case arise was issued from Insurer's office at 655 3rd Avenue, 11th Floor, New York, NY 10017.

## FACTUAL BACKGROUND

6. On November 29, 2007, Bank made a loan to an individual purporting to be Laura Fields ("Fields") in the principal amount of $367,250 (the "Loan").

7. As security for the Loan, a person purporting to be Fields signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Bank in the amount of $367,250 (the "Mortgage") to be secured against real property located at 1430 Pinson St., Queens, New York and legally described as follows:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate lying and being in Far Rockaway Borough of Queens City and state of New York, known and designated on a certain map entitled "Map of Altan Park, Property of Samuel B. Althouse, Jr., Far Rockaway, Queens County New York, surveyed by T.D. Smith on June 1898 C.E. filed in the office of the clerk of the county of Queens on

2

5/23/1899 as and by lot #s 28 and 29 in section A which said lots are taken together are bounded and described as follows:

Beginning at a point on the easterly side of Pinson Street distant 275 feet northerly from the northeasterly corner of Pinson Street and Carlton Avenue. (now known as Nameoak Street) and from said point parallel with Pinson Street, 50 feet; thence westerly again at right angles to Pinson Street, 125 feet to the easterly side of Pinson Street; thence southerly along the easterly side of Pinson Street, 50 feet to the point or place of beginning

(the "Property").

8. The Mortgage was recorded against the Property in the Office of the City Register of the City of New York on December 13, 2007 as Document Number 2007120900430001.

9. MERS assigned the Mortgage to Bank by Assignment of Mortgage dated January 8, 2009, which was recorded in the Office of the City Register of the City of New York on January 30, 2009 as Document Number 2009012700826001 (the "Assignment").

### The Tile Insurance Policy

10. On information and belief, in advance of the closing of the Loan and Mortgage, Sky Abstract, LLC ("Sky") issued to Bank a commitment to issue a title insurance policy in favor of Bank ("Commitment").

11. The Commitment provided to Bank information concerning the status of title to the Property.

12. Bank reasonably relied upon the information in the Title Commitment and on Insurer's commitment to issue a title insurance policy in deciding to make the Loan.

13. At the closing of the Loan and Mortgage, Bank tendered to Sky monetary consideration in exchange for a lender's title insurance policy.

14. Sky was an agent of Insurer.

3

15. As an agent of Insurer, Sky was authorized to issue the Commitment on Insurer's behalf.

16. Following the closing, Insurer issued to Bank a long form Loan Policy of Title Insurance, Policy Number K57-0143682 (the "Policy").

17. By issuing the Policy, Insurer acknowledged that Bank had satisfied all conditions precedent to Insurer's obligation to provide the coverage described in the Policy.

18. The Policy is a contractual agreement, pursuant to which Insurer agreed to indemnify Bank against losses that it may suffer if title to the Property was not as stated in the Policy or if the Bank's Mortgage is not secured against the Property as set forth in the Policy.

19. Bank is the named insured under the Policy.

20. The "Effective Date" of the Policy is November 29, 2007.

21. The Policy defines the "Insured Mortgage" as follows: Mortgage made by Laura Fields to U.S. Bank, N.A. dated November 29, 2007 in the amount of $367,250.00, to be duly recorded in the Queens County Clerk/Register's Office.

22. The Policy provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by the Bank by reason of title being vested other than as stated in Schedule A.

23. Schedule A of the Policy states that fee simple title to the Property is vested in Laura Fields.

24. The Policy provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by the Bank by reason of a defect in title to the Property caused by:

4

    a.    forgery, fraud…or impersonation;

    b.    failure of any person or Entity to have authorized a transfer or conveyance;

    c.    a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered.

25.   The Policy also provides that, subject to certain expressly enumerated exclusions and exceptions from coverage contained in Schedule B to the Policy and subject to the Policy conditions, Insurer will indemnify Bank against loss or damage sustained or incurred by Bank by reason of the invalidity or unenforceability of the lien of the Insured Mortgage upon the Title, including but not limited to loss from any of the following impairing the Insured Mortgage:

    a.    forgery, fraud, … or impersonation;

    b.    failure of any person or Entity to have authorized a transfer or conveyance;

    c.    the Insured Mortgage not being properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered.

26.   Schedule B to the policy does not list any other mortgages encumbering the Property. Therefore, pursuant to the Policy, the Mortgage was to constitute a first lien against the Property.

### The Mortgage Is Defective

27.   Fields defaulted under the Loan by failing to make payments to Bank when due.

28.   On or around March of 2009, the law firm of Stein, Wiener & Roth, LLP ("Foreclosure Counsel"), acting as foreclosure counsel for Bank, sought to foreclose the Mortgage.

29.   Through the process of attempting to foreclose on the Property, Bank learned that Fields had died on October 18, 2007.

30. By virtue of Fields death prior to November 29, 2007, the Mortgage is neither valid nor enforceable.

31. By letter dated March 25, 2009, Foreclosure Counsel tendered a title insurance claim, on behalf of Bank, to Insurer (the "Tender Letter"). The Tender Letter asserted claims arising out of the following three title defects:

    a. Fields died prior to closing;

    b. A prior mortgage in the amount of $23,000 remained unsatisfied and superior to Bank's mortgage; and,

    c. There was a defect in the legal description of the Property.

A copy of Fields death certificate was enclosed with the Tender Letter.

32. Since sending the Tender Letter, Bank has cooperated with Insurer's investigation of Bank's claim and has provided to Insurer documents and information sufficient to allow Insurer to fully investigate Bank's claim.

33. By letter dated March 1, 2012, Insurer denied Bank's claim and refused to indemnify Bank as required by the Policy.

### FIRST CAUSE OF ACTION
(Breach of Insurance Contract)

34. Bank incorporates by reference all prior allegations in this Complaint.

35. The Policy is a contract between Bank and Insurer.

36. Bank has satisfied all of its obligations that constitute conditions precedent to Insurer's duty to indemnify Bank pursuant to the Policy.

37. Insurer has breached the Policy by refusing to indemnify Bank for its losses sustained or incurred by reason of a defect in the title to the Property and/or the invalidity or unenforceability of the Mortgage resulting from causes expressly covered by the Policy.

38. Bank is entitled to a judgment against Insurer in an amount in excess of $350,000, the specific amount to be determined at trial, as a consequence of Insurer's breach of contract.

WHEREFORE, Plaintiff demands judgment from the Court against Defendant as follows:

1. Awarding Plaintiff a judgment against Defendant in the amount in excess of $350,000, the specific amount to be determined at trial;

2. Awarding Plaintiff its costs and disbursements, including attorneys' fees, in an amount to be determined at trial;

3. Granting such other relief as is just and equitable.

Dated: October 28, 2013.
New York, New York

DUANE MORRIS LLP

By: _____
Evangelos Michailidis (EM 3383)
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

and

CAPSTONE LAW, LLC
Robert J. Shainess [*pro hac application to be filed*]
Canadian Pacific Plaza
120 South Sixth Street, Suite 1720
Minneapolis, Minnesota 55402
Tel: (612) 548-1604
Fax: (952) 314-9616
*Attorneys for Plaintiff U.S. Bank, National Association*

7