UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                Plaintiff,

                **ANSWER**

    v.

                13-civ-7626 (NRB)

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                Defendant.
----------------------------------------------------------------X

        Defendant Commonwealth Land Title Insurance Company ("Commonwealth") by its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, as and for its answer to the Complaint dated October 28, 2013 ("Complaint") states as follows:

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 27, 28 and 29 of the Complaint.

        2.    Admits the allegations in paragraph 2 of the Complaint.

        3.    Denies the allegations in paragraphs 32, 36, 37 and 38 of the Complaint.

        4.    With respect to paragraph 5 of the Complaint, admits Commonwealth's offices in New York are located in Manhattan, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

        5.    With respect to the allegations in paragraphs 31 and 33 of the Complaint, admits a claim was tendered to Commonwealth and that Commonwealth responded to the claim in writing, and refers the Court to the written communications for the content thereof.

        6.    Denies the allegations contained in paragraphs 14 and 15 of the Complaint, but admits that at one time Sky Abstract, LLC ("Sky") was title agent for

Commonwealth and subject to specific terms, limitations and conditions, was authorized to issue title policies on behalf of Commonwealth.

7. Denies the allegations contained in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 35 of the Complaint except admits a loan policy was issued and refers the Court to the policy for the content thereof.

8. Paragraphs 3 and 30 of the Complaint assert legal conclusions to which no responsive pleading is required, and in the event any response may be required, denies the allegations therein.

9. Responds to the allegations of paragraph 34 of the Complaint in the same manner as Commonwealth previously responded to the allegations restated therein.

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiff's claim is excluded from coverage under paragraphs 3(a) of the policy's exclusions from coverage. The title objection was created, suffered, assumed and agreed to by plaintiff's settlement agent Lowenthal & Kofman, P.C. (the "Lowenthal firm") and Fay Farkas ("Farkas") and Sky acting as plaintiff's escrow agent, which conduct is thereby imputed to plaintiff.

## SECOND AFFIRMATIVE DEFENSE

11. If plaintiff should recover damages as a result of a finding of liability, in whole or in part, against Commonwealth, such recovery should be reduced and diminished in proportion to the degree of culpable conduct/comparative negligence/contribution negligence of Plaintiff and/or unnamed third parties in contributing to such damages.

## THIRD AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification and unclean hands.

2

## FOURTH AFFIRMATIVE DEFENSE

13. The loss and damages complained of, if any, were caused by the acts and/or omissions of individuals and/or entities other than this answering defendant and for which Commonwealth cannot be held liable.

## FIFTH AFFIRMATIVE DEFENSE

14. Sky and Farkas acted with the Lowenthal firm and other non-parties in contravention of any authority of Commonwealth granted Sky to defraud plaintiff and Commonwealth, and for the personal benefit of Sky, Farkas, the Lowenthal firm and other non-parties. Commonwealth is therefore not liable under Policy No. K57-0143682.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff has breached paragraphs 6(a) and (b) of the policy in failing to produce documents reasonably requested by Commonwealth, by failing to cooperate with Commonwealth's investigation of the claim and by failing to sit for an examination under oath. Commonwealth was thereby prejudiced and therefore justified in denying the claim. Any liability under the terms of the policy was terminated by reason of plaintiff's breach of the policy.

## SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff designated Sky, Farkas and the Lowenthal firm as settlement agents. Sky, Farkas and the Lowenthal firm had knowledge of the title objection at the November 29, 2007 closing. Sky, Farkas and the Lowenthal firm did not advise the underwriter of the title objection. Such knowledge/conduct is imputed to plaintiff. The claim is therefore excluded from coverage under paragraph 3(b) of the policy's exclusions from coverage.

### EIGHTH AFFIRMATIVE DEFENSE

17. Coverage under the policy was terminated because the underlying loan was not funded due to the actions of plaintiff and its settlement agents. Any purported title coverage was terminated for want of an underlying indebtedness.

### NINTH AFFIRMATIVE DEFENSE

18. Due to the actions of plaintiff's settlement agents the loan proceeds were not distributed in the manner directed by plaintiff or the borrower, or pursuant to the HUD-1 Statement. The claim is therefore excluded from coverage under paragraph 3(e) of the policy's exclusions from coverage.

### TENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are excluded by paragraphs 3(c) and (d) of the policy's exclusions from coverage.

### ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's complaint fails to state a cause of action which relief requested may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

21. Plaintiff is not the real party in interest and therefore has no standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff asserts all terms and condition of the promissory note and mortgage upon which plaintiff's claim is based.

WHEREFORE, Commonwealth demands plaintiff's complaint be dismissed with prejudice, costs, disbursements, attorneys' fees and such other and further relief the Court deems just and proper.

Dated: New York, New York
December 12, 2013

                          BUTLER, FITZGERALD, FIVESON
                            & McCARTHY
                          A Professional Corporation
                           Attorneys for Defendant
                           Commonwealth Land Title Insurance Company

By: _____
      David K. Fiveson
      A Principal of the Firm
      Nine E. 45th Street, Ninth Floor
      New York, New York   10017
      (212) 615-2200

TO:   DUANE MORRIS LLP
       Attn: Evangelos Michailidis, Esq.
       Attorneys for Plaintiff
       1540 Broadway
       New York, New York   10036-4086
       (212) 692-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                        Plaintiff,                    **AFFIDAVIT OF SERVICE**

      v.                                                                13-civ-7626 (NRB)

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                        Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

       JOEL JEAN, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Nine East 45th Street, Ninth Floor, New York, New York 10017. That on the 13th day of December, 2013, deponent served the within **ANSWER** upon:

        DUANE MORRIS LLP
        Attn: Evangelos Michailidis, Esq.
        Attorneys for Plaintiff
        1540 Broadway
        New York, New York  10036-4086

by depositing a true copy of same enclosed in a post-paid wrapper by first class mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                                          _____
                                                          JOEL JEAN

Sworn to before me this
13th day of December, 2013

_____
CLAUDA GROSSMAN JAFFE
Notary Public, State of New York
No. 02JA6256333
Qualified in Westchester County
Commission Expires Feb. 21, 20__