UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
US BANK, NATIONAL ASSOCIATION,

        Plaintiff,

-against-

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

        Defendant.
------------------------------------------------------------------------ X
COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

        Third-Party Plaintiff,

-against-

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSHKOVITZ, LEAH HERSHKOVITZ, TSVINY
HERSKKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

        Third-Party Defendants.
------------------------------------------------------------------------ X

Case No. 13-civ 7626 (NRB)

ORAL ARGUMENT
REQUESTED

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE LOWENTHAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 EAST 42ND STREET
NEW YORK, NEW YORK 10017
(212) 490-3000

6493283v.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................1
STATEMENT OF FACTS ................................................................................................................2
STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6) ................................................3
ARGUMENT ......................................................................................................................................3
    Point I  Third-Party Plaintiff's Claim for Contribution Is Barred As a Matter of Law ...............4
    Point II  The Third-Party Complaint is Barred By Agency Principles .......................................6
    Point III  Any Claims for Common Law Indemnification Must Be Dismissed .........................7
    Point IV  The Third-Party Complaint does not Allege any Cause of Action Against The
              Lowenthal Defendants ....................................................................................................8
CONCLUSION ..................................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*17 Vista Fee Assoc. v. Teachers Ins. And Annuity Ass'n of Am.*,
259 A.D.2d 75, 80 (1st Dep't 1999) ..................................................................................11

*AMES Associates v. ABS Partners Real Estate LLC*,
2010 WL 890034 (S.D.N.Y. 2010) ....................................................................................11

*Beck v. Studio Kenji, Ltd.*,
90 A.D.3d 462, 463 (1st Dep't 2011) ..................................................................................8

*Board of Education v. Sargent, Webster, Crenshaw & Folley*,
71 N.Y.2d 21 [1987] ............................................................................................................9

*Brass v. American Film Technologies, Inc.*,
987 F.2d 142, 150 (2d Cir. 1993) ........................................................................................7

*Children's Corner Learning Ctr. v. A. Miranda Contracting Corp.*,
64 A.D.3d 318, 324 [1st Dep't 2009] ..............................................................................8, 9

*Conestoga Title Ins. Co. v. ABM Title Servs.*,
2012 U.S. Dist. LEXIS 86614 (S.D.N.Y. 2012)..................................................................8

*Connell v. Weiss*,
1985 U.S. Dist. LEXIS 21638 (S.D.N.Y. 1985) ................................................................10

*Connell v. Weiss*,
1985 U.S. Dist. LEXIS 21638, *12 (S.D.N.Y. 1985) .........................................................10

*Gebhardt v. Allspect, Inc.*,
96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) ...........................................................................7

*Hercules Chemical Co. v. North Star Reinsurance Corp.*,
72 A.D.2d 538 [1st Dep't 1979] ........................................................................................10

*Law Offices of E. Abel Arcia v. Gregory J. Cannata & Associates*,
35 Misc.3d 1217(A), *4 (Sup. Ct. N.Y. Co. 2010) ............................................................10

*N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*,
115 Supp.2d 351 (E.D.N.Y. 2000) ....................................................................................10

*Pilewski v. Solymosy*,
266 A.D.2d 83, 85 (1st Dep't 1999) ....................................................................................9

*Rescuecom Corp. v. Google Inc.*,
562 F.3d 123, 127 (2d Cir. 2009) ........................................................................................7

*SSDW Co. v. Feldman-Misthopoulos Associates*,
151 A.D.2d 293 (1st Dep't 1989) ........................................................................................9

**Statutes**
CPLR §1401 ..............................................................................................................................8, 9
Fed. R. Civ. P. 12(b)(6) .................................................................................................................7

**Federal Rules**
Fed. R. Civ. P. 12(b)(6) ...........................................................................................................5, 13

This memorandum is submitted on behalf of Defendants Lowenthal & Kofman, P.C., Martin Kofman and Norman Tepfer (the "Lowenthal Defendants") in support of their motion to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); and for such other, further and different relief as is just and proper.

## PRELIMINARY STATEMENT

Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Third-Party Complaint seeks relief from claims brought against Commonwealth by Plaintiff U.S. Bank, National Association ("U.S. Bank"). However, as detailed below, neither of Commonwealth's claims is supported by the law. First, the cause of action for contribution is precluded as the Third-Party Complaint ("Complaint") seeks contribution for economic loss only. Second, as Commonwealth seeks contribution and indemnification for actions that allegedly occurred as the Lowenthal Defendants served as an agent to the first-party plaintiff, dismissal of the Complaint is mandated under agency principles. Third, despite Commonwealth's suggestion of wrongdoing on the part of the Lowenthal Defendants, indemnification is not an available remedy as Commonwealth's duties as title insurer to U.S. Bank, as well as Commonwealth's obligations under its contract with U.S. Bank, both remained, and could not have been exclusively delegated to the Lowenthal Defendants.

Despite the instinctive reaction to thoroughly address and correct the questionable assertions made in the Complaint, dismissal is dictated by the law. The foregoing legal precepts alone subject the Complaint to pre-answer dismissal. In sum, because Commonwealth does not have any direct claim against the Lowenthal Defendants, and because contribution is not an available remedy, Commonwealth opted to wholly ignore its duties, obligations, actions and

omissions, in an effort to suggest indemnification. However, as there could be no entire shift of its responsibilities, there can be no claim for indemnification.

## STATEMENT OF FACTS

This lawsuit arises out of U.S. Bank's allegation and cause of action for breach of contract alleging that Commonwealth did not satisfy its contractual obligations. *See* Exhibit "B," ¶¶ 35-36. According to Commonwealth, in or about November 2007 U.S. Bank loaned non-party, Ms. Laura Fields $367,250 secured by a mortgage against the premises 1430 Pinson, Street, Far Rockaway, New York. *See* Exhibit "A," Complaint, ¶ 13. Allegedly, Ms. Field died October 18, 2007 and the person that appeared at the closing was an imposter. *See* Exhibit "A," Complaint, ¶¶ 16 and 21. Commonwealth alleges a fraudulent scheme initiated by other third-party defendants ANM Funding, LLC, Abe Klein, Noah Heshkovitz, Leah Heshkovitz, Tsviny Heshkovitz, Samuel Gluckman and Roland Fields. *See* Exhibit "A," Complaint, ¶¶ 14-17. However, Commonwealth does not allege that the Lowenthal Defendants were involved in the alleged fraud. Instead, as to the Lowenthal Defendants, Commonwealth asserts claims sounding solely in contribution and indemnification. *See* Exhibit "A," Complaint, ¶¶ 19-21, 24-25.

Although the Complaint also lists various other claims ("breach of contract, negligence, fraud, unjust enrichment, conspiracy to commit fraud and/or the aiding and abetting of fraud") and also references the New York Executive Law § 135 (powers and duties of notaries public), no explanation or elaboration is provided. *See* Exhibit "A," Complaint, ¶ 24. It is apparent that because those claims would not be viable if set forth as causes of action against the Lowenthal Defendants, their inclusion is solely to compensate for the absence of any viable claim and otherwise provide distraction from the reasons dictating dismissal.

For the reasons set forth herein, the Complaint must be dismissed in its entirety.

6493283v.1

## STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6)

In reviewing a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the plaintiff's favor. *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009). However, the Court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations... a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted). "When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint . . . documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken . . . or documents either in plaintiff's possession or of which plaintiff[] had knowledge and relied in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if the plaintiff can prove no set of facts in support of the claim. While the court construes all of a plaintiff's factual allegations as true, the plaintiff must do more than plead "mere conclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). While the assertions in the Complaint are questionable and categorically denied by the Lowenthal Defendants, dismissal in this matter is dictated by the law. Here Commonwealth does not set forth any legally cognizable claim against the Lowenthal Defendants.

## ARGUMENT

Commonwealth's claims against the Lowenthal Defendants must be dismissed. Dismissal of the causes of action for contribution and indemnification are dictated by three established legal principles discussed in detail below. Claims of contribution seeking only economic loss are barred by New York's CPLR. Moreover, as already noted in Commonwealth's own pleadings, contribution and indemnification are not viable claims where, as here, the purported acts of the third-party defendant were allegedly performed in a capacity as an agent to the first-party plaintiff. These two legal precepts alone subject the Complaint to dismissal. Moreover, an independent reason for dismissal is Commonwealth's failure to plead and inability to allege that it discharged its duties properly and at the same time delegated exclusive responsibility for its duties pursuant to its contract with U.S. Bank and its role as title insurer. Finally, to the extent the Complaint has mentioned other claims, no cause of action has been stated and the applicable statute of limitations would apply as a further bar.

**Point I     Third-Party Plaintiff's Claim for Contribution Is Barred As a Matter of Law**

In New York, it is well established that pursuant to CPLR §1401 <u>a party may not seek contribution when the damages at issue relate solely to only economic loss</u>. *Beck v. Studio Kenji, Ltd.*, 90 A.D.3d 462, 463 (1st Dep't 2011) (as third-party plaintiff seeks only economic losses, no viable claim) (emphasis added); *see also Conestoga Title Ins. Co. v. ABM Title Servs.*, 2012 U.S. Dist. LEXIS 86614 (S.D.N.Y. 2012) ("there is no contribution available if the measure of damages is purely economic").

"[T]he touchstone for purposes of whether one can seek contribution is not the nature of the claim in the underlying complaint but the measure of damages sought therein." *Conestoga Title Ins. Co.*, 2012 U.S. Dist. LEXIS 86614 (*citing Children's Corner Learning Ctr. v. A. Miranda Contracting Corp.*, 64 A.D.3d 318, 324 [1st Dep't 2009]). CPLR §1401 codified the

concept of common-law contribution recognized by New York's Court of Appeals. *Children's Corner Learning Ctr.*, 64 A.D.3d at 323. CPLR §1401 delineates the circumstances in which a party may seek contribution from another party. They are as follows:

> "Except as provided in sections 15-108 and 18-201 of the general obligations law, sections eleven and twenty-nine of the workers' compensation law, or the workers' compensation law of any other state or the federal government, **two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death**, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought". *Id.* (Emphasis added).

It is well-established that "purely economic loss resulting from a breach of contract does not constitute 'injury to property'. *Children's Corner Learning Ctr.*, 64 A.D.3d at 323.

Plaintiff U.S. Bank seeks solely economic loss in the first-party action against Commonwealth. *See* Exhibit "B," First-Party Complaint, ¶ 38. Contribution pursuant to CPLR §1401 is unavailable in the context of a contract action. *Pilewski v. Solymosy*, 266 A.D.2d 83, 85 (1st Dep't 1999). As the Court of Appeals has noted, "purely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute". *Id.* (*citing Board of Education v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21 [1987]).

Furthermore, as the First Department has observed, in a professional malpractice case, the defendant, "merely by invoking the language of tort in its third-party complaint and stating that liability arises from 'culpable conduct, want of care and breach of contract', cannot transform [the] action into one which sounds in tort. *Pilewski*, 266 A.D.2d at 85; *SSDW Co. v. Feldman-Misthopoulos Associates*, 151 A.D.2d 293 (1st Dep't 1989) (use of the terminology of tort law does not transform the action into a tort claim and, therefore, contribution is unavailable).

5

6493283v.1

Here the damages sought relate to solely economic loss and, therefore, contribution is unavailable. *See* Exhibit "A," Complaint, ¶ 25; Exhibit "B," First-Party Complaint, ¶ 38.

Accordingly, the Complaint must be dismissed.

**Point II     The Third-Party Complaint is Barred By Agency Principles**

The First Affirmative Defense set forth in Commonwealth's Answer highlights the legal grounds upon which its Third-Party Complaint must be dismissed. Although any allegation of wrongdoing by the Lowenthal Defendants is completely denied, agency principles applicable to Commonwealth's claims of culpable conduct would be attributable to the original plaintiff, and therefore subject to dismissal of the allegations Commonwealth has set forth against U.S. Bank.

Dismissal of such third-party claims is appropriate where the third-party defendant served as an agent to the original plaintiff. Any alleged culpable conduct of that third-party defendant is attributable to the original claimant through agency principles. *N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*, 115 F. Supp.2d 351 (E.D.N.Y. 2000). "[U]nder the New York comparative negligence doctrine any culpable conduct by [the agent] is imputable to the principle." *Connell v. Weiss*, 1985 U.S. Dist. LEXIS 21638, *12 (S.D.N.Y. 1985). Commonwealth's claims must be dismissed as the purported wrongdoing is imputed to U.S. Bank. Here, any recovery by the plaintiffs would be subject to a reduction for their agents' purported actions, making the claims against the Lowenthal Defendants unnecessary and duplicative. *Law Offices of E. Abel Arcia v. Gregory J. Cannata & Associates*, 35 Misc.3d 1217(A), *4 (Sup. Ct. N.Y. Co. 2010) (*quoting Connell v. Weiss*, supra, 1985 U.S. Dist. LEXIS at *12; *citing Hercules Chemical Co. v. North Star Reinsurance Corp.*, 72 A.D.2d 538 [1st Dep't 1979] [other internal citations omitted]). "Dismissal of a third-party complaint for contribution is

warranted where the third-party defendant served as an agent to the plaintiff throughout the transaction in question, because any culpable conduct of the third-party defendant would be attributable to the plaintiff through agency principles." *AMES Associates v. ABS Partners Real Estate LLC*, 2010 WL 890034, (S.D.N.Y. 2010).

Commonwealth has raised a contributory negligence defense. *See* Exhibit "C," Commonwealth's Answer, ¶¶ 10, 11, 13, 16, 18. Commonwealth has also alleged a set off of for any culpable conduct by U.S. Bank's agents. *Id.* First Affirmative Defense. Since the Complaint seeks the identical relief Commonwealth alleges is not recoverable against it under agency principles, the claims against the Lowenthal Defendants must be dismissed.

**Point III      Any Claims for Common Law Indemnification Must Be Dismissed**

In addition to the positions already set forth by Commonwealth, specifically, (1) that U.S. Bank is comparatively negligent for any loss and, (2) that various agent's of U.S. Bank share culpability, Commonwealth now seeks to further redirect blame, this time to the Lowenthal Defendants, and despite the absence of legally cognizable grounds, seeks indemnification.

To the extent the Court determines the Complaint to assert allegations for common law indemnification, it fails to state a cause of action. "[A] party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine [of indemnification]". *17 Vista Fee Assoc. v. Teachers Ins. And Annuity Ass'n of Am.*, 259 A.D.2d 75, 80 (1st Dep't 1999); *see also Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276 (2d Cir. 1996) (common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff) (*citing Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21 [N.Y. 1985]); *Tr. of Columbia Univ. in City of New York v Mitchell/Giurgola Assoc.*, 109 A.D.2d 449, 453-54, (1st Dep't 1985) (no indemnification where

liability against defendant would be based upon defendant's own participation in the acts giving rise to the loss, that is, as an actual wrongdoer, and, alternatively, if a defendant did perform its duties properly by exercising due care and skill thereby fulfilling its obligations to plaintiff, such defendant would be free from liability).

The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party. *17 Vista Fee Assoc.*, 259 A.D.2d at 80. Only one who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity. *McDermott v. City of New York*, 50 N.Y.2d 211, 217 (N.Y. 1980) (quoting Restatement of Restitution, §76). Indemnity involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his or her own fault, to another party who should more purportedly bear responsibility for that loss because it was the actual wrongdoer. *Trump Vill. Section 3 Inc. v New York State Hous. Fin. Agency*, 307 A.D.2d 891, 895 (1st Dep't 2003). To be entitled to indemnification, the party seeking indemnity must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought. *17 Vista Fee Assoc.*, 259 A.D.2d at 80.

It has neither been alleged nor is it possible that any of Commonwealth's duties were shifted to the Lowenthal Defendants let alone that *exclusive responsibility* was delegated. Accordingly, no claim lies for common law indemnification.

**Point IV    The Third-Party Complaint does not Allege any Cause of Action Against The Lowenthal Defendants**

As noted above, although Commonwealth does not allege any claim other than for contribution and indemnification, a general list of legal phrases is provided in the Complaint. In

an abundance of caution, it is noted that no viable claim exists as against the Lowenthal Defendants. Commonwealth does not set forth any prima facie claim and the applicable statutes of limitation would act to bar any claim. Accordingly, the Complaint must be dismissed as against the Lowenthal Defendants in its entirety.

## CONCLUSION

For all of the foregoing reasons, Defendants Lowenthal & Kofman, P.C., Martin Kofman and Norman Tepfer, respectfully request that this Court enter an Order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         December 22, 2014

                                                Yours etc.,

                                                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                        By:     _____
                                                Anastasios P. Tonorezos (AT-8709)
                                                Jeffrey J. Cunningham
                                                *Attorneys for Defendants*
                                                LOWENTHAL & KOFMAN, P.C., MARTIN
                                                KOFMAN, and NORMAN TEPFER
                                                150 East 42nd Street
                                                New York, New York 10017-5639
                                                Tel. No.: (212) 490-3000
                                                Fax No.: (212) 490-3038
                                                ernest.tonorezos@wilsonelser.com
                                                jeffrey.cunningham@wilsonelser.com
                                                File No. 10369.00054

To:

Mr. Evan Michailidis
DUANE MORRIS
*Attorneys for Plaintiff*

9

6493283v.1

1540 Broadway
New York, NY 10036
emichailidis@duannemorris.com

Robert Jason Shainess
Capstone Law
*Attorneys for Plaintiff*
120 South Sixth Street
Minneapolis, MN 55402
(612)-548-1604
(952)-314-9616 (fax)
rob@capstonelawmn.com

David Kent Fiveson
Butler, Fitzgerald & Potter
*Attorneys for Defendant/Third-Party Plaintiff*
350 Fifth Avenue, Suite 6215
New York, NY 10118
(212)-615-2200
(212)-615-2215 (fax)
dfiveson@bffmlaw.com

Avinoam Y. Rosenfeld
THE ROSENFELD LAW OFFICE
*Attorneys for Third-Party Defendants Tsviny Herskovitz, Noah Herskovitz, Leah Herskovitz, and Samuel Gluckman*
156 Harborview South
Lawrence, New York 11559
Tel: (516) 547-1717
Fax: (516) 232-9092

ANM Funding, LLC
*Third-Party Defendant, pro se*
1677 42nd Street
Brooklyn, New York 11204

Abe Klein
*Third-Party Defendant, pro se*
1677 42nd Street
Brooklyn, NY 11204

Roland Fields
*Third-Party Defendant, pro se*
1430 Pinson St.
Far Rockaway, NY 11691

6493283v.1