

December 24, 2014

Jeffrey J. Cunningham
212.915.5192 (direct)
Jeffrey.Cunningham@wilsonelser.com

By Hand Delivery & ECF

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    *U.S. Bank National Association v. Commonwealth Land Title Insurance Company, et. al.*
       Case No.: 13 CV 7626
       **Letter re: Pre-Answer Motion to Dismiss**
       File No.: 01846.00055

Dear Judge Buchwald:

We represent Third-Party Defendants Lowenthal & Kofman, P.C., Martin Kofman, and Norman Tepfer (collectively "Lowenthal"), in this matter. Pursuant to Part 2(E)(1) of Your Individual Practices, we submit this letter in support of our pre-answer motion to dismiss the defendant/third-party plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Third-Party Complaint. As set forth below, we believe our Motion to Dismiss should be granted and Commonwealth's Third-Party Complaint should be dismissed in its entirety.

The Third-Party Complaint fails to set forth a cause of action against Lowenthal as the Third-Party Complaint seeks contribution for only economic loss. Moreover, dismissal of a third-party complaint for contribution and indemnification is mandated where the third-party defendant served as an agent to the first-party plaintiff. Any alleged culpable conduct of

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

6496369v.1



Lowenthal, although completely denied, is attributable to the original plaintiff through agency principles. These two legal precepts subject the Third-Party Complaint to dismissal. Additionally, to the extent the Third-Party Complaint alleges any claims other than contribution and indemnification, the applicable statute of limitations and failure to state a cause of action also warrant dismissal.

In New York, it is well established that pursuant to CPLR §1401 <u>a party may not seek contribution when the damages at issue relate solely to only economic loss</u>. *Beck v. Studio Kenji, Ltd.*, 90 A.D.3d 462, 463 (1st Dep't 2011) (as third-party plaintiff seeks only economic losses, no viable claim) (emphasis added); *see also Conestoga Title Ins. Co. v. ABM Title Servs.*, 2012 U.S. Dist. LEXIS 86614 (S.D.N.Y. 2012). Here the damages sought relate to solely economic loss and, therefore, contribution is unavailable.

Moreover, Third-Party Plaintiff's claims for contribution and indemnification are precluded by agency principles. Dismissal of such third-party claims is appropriate where the third-party defendant served as an agent to the original plaintiff, as any alleged culpable conduct of that third-party defendant is attributable to the original claimant through agency principles. *N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*, 115 F. Supp.2d 351 (E.D.N.Y. 2000). These agency principles are highlighted by numerous affirmative defenses raised by Commonwealth in response to plaintiff's complaint. The Third-Party Complaint should be dismissed as it seeks contribution and indemnification which are not available under agency principles.

Likewise to the extent that the Third-Party Complaint asserts a claim for common law indemnification Third-Party Plaintiff fails to state a cause of action. "[A] party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine

6496369v.1

[of indemnification]". *17 Vista Fee Assoc. v. Teachers Ins. And Annuity Ass'n of Am.*, 259 A.D.2d 75, 80 (1st Dep't 1999); *see also Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276 (2d Cir. 1996). It has neither been alleged nor is it possible that any of Commonwealth's duties were shifted to Lowenthal.

Additionally, although the Third-Party Complaint purportedly seeks contribution and indemnification, any other claims would be otherwise dismissed as they fail to state a cause of action and are time barred.

Wherefore, we respectfully request our Motion to Dismiss should be granted and Commonwealth's Third-Party Complaint should be dismissed in its entirety. Thank you for your attention to this matter.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jeffrey J. Cunningham (JC-0726)

cc:

ECF service list

6496369v.1