UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
US BANK, NATIONAL ASSOCIATION,

                              Plaintiff,

                    v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                             Defendant.
-----------------------------------------------------------------x    **Civil Action No.**
COMMONWEALTH LAND TITLE INSURANCE    **13-civ-7626 (NRB)**
COMPANY,

                Third-Party Plaintiff,

                    v.    **ANSWER TO AMENDED THIRD-PARTY COMPLAINT**

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSHKOVITZ, LEAH HERSHKOVITZ, TSVINY
HERSKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

                Third-Party Defendants.
-----------------------------------------------------------------x

      Defendants Noah Herskovitz, Leah Herskovitz, Tsivy Herskovitz[1] and Samuel Gluckman, by their attorneys The Rosenfeld Law Office, as and for their Answer to the Amended Third-Party Complaint (the "Complaint") herein, allege as follows:

      1.    Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

---

[1] The names of Mr. Herskovitz and Mses. Herskovitz are spelled incorrectly in the caption; however, they are spelled correctly in the body of the Complaint.

2. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. With respect to the allegations contained in Paragraph 5 of the Complaint; admit that Mr. Herskovitz is a resident of New York and that he had previously been employed by ANM Funding, LLC ("ANM").

6. With respect to the allegations contained in Paragraph 6 of the Complaint; admit that Ms. Herskovitz is a resident of New York and that she had previously been employed by ANM.

7. With respect to the allegations contained in Paragraph 7 of the Complaint; admit that Ms. Herskovitz is a resident of New York and that she had previously been employed by ANM.

8. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Deny the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient enough as to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

40. Third-Party Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, ratification and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

41. Any alleged losses sustained or to be sustained by Third-Party Plaintiff are or would be the result of its own actions or inactions.

**WHEREFORE,** the Third-Party Defendants Noah Herskovitz, Leah Herskovitz, Tsivy Herskovitz and Samuel Gluckman demand that Third-Party Plaintiff's complaint be dismissed with prejudice and that they be awarded costs, disbursements and expenses (inlcudeing a reasonable attorneys' fee) along with such other relief this Court deems just and proper.

Dated: Lawrence, New York
       January 15, 2015

        **THE ROSENFELD LAW OFFICE**

        By: */s/ Avinoam Y. Rosenfeld*
            Avinoam Y. Rosenfeld (AR 9301)
        156 Harborview South
        Lawrence, New York 11559
        Tel: (516) 547-1717
        Fax: (516) 232-9092

        *Attorneys for Third-Party Defendants*
        *Noah Herskovitz, Leah Herskovitz*
        *Tsivy Herskovitz and Samuel Gluckman*