LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

January 22, 2015

BY ECF AND HAND DELIVERY
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   Commonwealth Land Title Insurance Company v. ANM Funding LLC, et al.
      Index No. 13-cv-7626
      Our File No. 2575/06016

Dear Judge Buchwald:

      Third-Party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") opposes the motion of third-party defendants Lowenthal & Kofman, P.C., Martin Kofman, and Norman Tepfer (collectively referred to as the "Lowenthal defendants") to dismiss.

      The third-party action arises out of the third-party defendants' participation in a conspiracy to commit bank fraud concerning the loan by plaintiff to Ms. Fields and mortgage granted by Ms. Fields to secure re-payment of the note. Third-party defendant Norman Tepfer's ("Tepfer") notarial misconduct under Executive Law § 135 in acknowledging an imposter's signature on the mortgage as the genuine signature of Laura Fields was in furtherance of the conspiracy to defraud plaintiff and Commonwealth; and is actionable independent of any conspiracy to defraud under Executive Law § 135. Since the Lowenthal defendants owed a duty directly to Commonwealth, the third-party complaint states a claim for indemnity.

      It is alleged that on or about November 2007, third-party defendant ANM Funding, LLC ("ANM") acted as US Bank's mortgage broker for a $367,250 loan to Laura Fields (the "Loan") which closed on November 29, 2007. (Ex. A ¶ 13). Repayment of the Loan was to be secured by a first mortgage granted by Ms. Fields ("Mortgage") against the premises

1430 Pinson Street, Far Rockaway, New York ("Premises"). (Ex. A ¶ 13). Laura Fields died on October 18, 2007 (Ex. A ¶ 16), over one month prior to the closing.

It is alleged that U.S. Bank would not have closed the Loan without the issuance of a loan policy by Commonwealth insuring the Mortgage as a first lien. (Ex. A ¶ 20). It is alleged that to induce US Bank to make the loan, ANM submitted to US Bank false documentation, including: (i) a fraudulent credit report prepared by Noah Herskovitz; (ii) a fraudulent appraisal report from Samuel Gluckman; (iii) falsified employment verifications from Tsivzy Herskovitz alleging that Ms. Fields was employed through November 19, 2007; (iv) a uniform loan application from Leah Herskovitz alleging she interviewed Ms. Fields regarding the loan on November 29, 2007; and (v) pedigree information of Laura Fields following her death submitted by Roland Fields, including a false social security number on Ms. Field's death certificate in order to conceal her death from public records. (Ex. A ¶ 14; Ex. B ¶ 14-19, 22-24, 26-27). The Herskovitz defendants and Abe Klein also submitted a fraudulent verification of the mortgage of Veronica McCreath against the Premises to US Bank. (Ex. B ¶ 25).

It is alleged Lowenthal & Kofman P.C. and Martin Kofman, an employee of Lowenthal & Kofman, P.C., acted as US Bank's counsel and settlement agent at the closing of the Loan on November 29, 2007. (Ex. A ¶ 9, 19). Tepfer was employed by Lowenthal & Kofman, P.C. as a notary public and agent of Lowenthal & Kofman, P.C. (Ex. A ¶ 10, 19). It is alleged the Lowenthal defendants had actual knowledge (i) US Bank would not fund the Loan unless: (i) a HUD-1 was submitted setting forth the payees of proceeds of the loan including the pay off a prior lien of Veronica McCreath; (ii) a loan policy was issued to insure the Mortgage as a first lien against the Premises; and (iii) the loan policy would not issue unless Laura Fields' signature on the Mortgage was acknowledged by a notary as genuine. (Ex. A ¶ 20).

It is further alleged Lowenthal & Kofman, P.C. and Martin Kofman submitted a false HUD-1 knowing monies were not disbursed in the manner disclosed on the HUD-1. (Ex. A ¶ 21). Tepfer acknowledged the signature of an imposter on the Mortgage as that of Laura Fields, who died one month before the closing. (Ex. A ¶ 21). Commonwealth issued the loan policy at the closing predicated on the Tepfer's acknowledgment that the signature of Laura Fields on the insured mortgage was genuine. (Ex. A ¶ 22).

As demonstrated in Commonwealth's accompanying memorandum of law, Commonwealth has a viable third-party indemnification claim against Tepfer and vicariously against Lowenthal & Kofman, under Executive Law § 135 for acknowledging the signature of an imposter on the Mortgage thereby inducing Commonwealth to issue the loan policy. Executive Law § 135 plainly provides that for *any* misconduct by the notary in the performance of any of his or her powers, the notary shall be liable for *all* damages. This is an obligation owed to the public at large, including Commonwealth. To recover damages caused by a notary's misconduct, a plaintiff must demonstrate that the notary's wrongful acts proximately caused those damages.

Commonwealth also states a claim for indemnification against the Lowenthal defendants based on their collaboration with the third-party defendants to defraud plaintiff and Commonwealth. It is alleged that in breach of their duties to US Bank, third-party defendants acted in concert to cause US Bank to fund the loan and Commonwealth to issue a title policy

insuring the fraudulent Mortgage. (Ex. A ¶ 14-15, 17, 20-21). The collaborative actions of the Lowenthal defendants and third-party defendants induced Commonwealth to insure the fraudulent Mortgage of Laura Fields.

Commonwealth requests the Lowenthal defendants' motion to dismiss Commonwealth's third-party complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied as Commonwealth states a cause of action for indemnification under Executive Law § 135 and common law.

Respectfully submitted,

David K. Fiveson

DKF/rqs

cc: Robert Shainess, Esq. (by ECF)
Evan Michailidis, Esq. (by ECF)
Jeffrey J. Cunningham, Esq. (by ECF)
Leopold Gross, Esq. (by ECF)
Avinoam Y. Rosenfeld, Esq. (by ECF)