UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

               Plaintiff,

             v.                                  **DECLARATION OF**
                                             **<u>DAVID K. FIVESON</u>**

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

               Defendant.
--------------------------------------------------------------------X
COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

               Third-Party Plaintiff,

             v.                              Case No.: 13-civ-7626 (NRB)

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSKOVITZ, LEAH HERSKOVITZ, TSVINY
HERSKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

               Third-Party Defendants.

--------------------------------------------------------------------X

        DAVID K. FIVESON, an attorney admitted to practice before the Courts of the

State of New York, declares under penalties of perjury, as follows:

        1.      I am a member of the Bar of this Court and a principal of the firm Butler,

Fitzgerald, Fiveson & McCarthy, A Professional Corporation, attorneys for third-party plaintiff

Commonwealth Land Title Insurance Company ("Commonwealth").

        2.      I make this declaration in opposition to the motion to dismiss

Commonwealth's third-party complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure of defendants Lowenthal & Kofman, P.C., Martin Kofman and Norman Tepfer

(collectively referred to as the "Lowenthal defendants"). I have knowledge of the facts stated herein based on my review of Commonwealth's file and my representation of Commonwealth in the prior proceedings herein. I therefore believe the facts stated herein to be true and correct.

## STATEMENT OF FACTS

3. On or about August 11, 2014 Commonwealth filed a third-party complaint in the action *US Bank, National Association v. Commonwealth Land Title Insurance Company*, Index No. 13-civ-7626 (NRB). See Exhibit A.

4. The third-party action arises out of the third-party defendants' participation in a conspiracy to commit bank fraud concerning the loan and mortgage granted by Ms. Fields and third-party defendant Norman Tepfer's ("Tepfer") notarial misconduct under Executive Law § 135 in acknowledging the imposter's signature on the mortgage, as the genuine signature of Laura Fields. (Ex. B ¶ 14, 37).

5. In or about November 2007, third-party defendant ANM Funding, LLC ("ANM") acted as US Bank's mortgage broker for a $367,250 loan to Laura Fields (the "Loan") which closed on November 29, 2007. (Ex. A ¶ 13).

6. Re-payment of the Loan was to be secured by a first mortgage granted by Ms. Fields ("Mortgage") against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises"). (Ex. A ¶ 13). The Loan would not be funded by U.S. Bank unless a title underwriter issued a loan policy insuring the Mortgage as a first lien against the Premises.

7. Laura Fields died on October 18, 2007. (Ex. A ¶ 16).

8. To induce US Bank to make the loan ANM submitted to US Bank false documentation including: (i) a credit report prepared by Noah Herskovitz which contained fraudulent information about Ms. Fields; (ii) a fraudulent appraisal report from Samuel Gluckman that inflated the value of the Premises; (iii) falsified employment verifications from

Tsivzy Herskovitz alleging that Ms. Fields was employed through November 19, 2007; (iv) a uniform loan application from Leah Herskovitz stating that she interviewed Ms. Fields regarding the loan on November 29, 2007 (after her death); and (v) pedigree information of Laura Fields, submitted by Roland Fields, including a false social security number on Ms. Field's death certificate to conceal her death from public records. (Ex. A ¶ 14; Ex. B ¶ 14-19, 22-24, 26-27).

9.    The Herskovitz defendants and Abe Klein also submitted to US Bank a fraudulent verification of the mortgage of Veronica McCreath against the Premises. (Ex. B ¶ 25).

10.    Lowenthal & Kofman P.C. and Martin Kofman, an employee of Lowenthal & Kofman, P.C., acted as US Bank's counsel and settlement agent at the closing of the Loan on November 29, 2007. (Ex. A ¶ 9, 19).

11.    Norman Tepfer was employed by Lowenthal & Kofman, P.C. as a notary public and agent of Lowenthal & Kofman, P.C. (Ex. A ¶ 10, 19).

12.    It is alleged the Lowenthal defendants had actual knowledge: (i) the loan would not fund unless: (a) a HUD-1 was submitted to U.S. Bank setting forth the payees of proceeds of the loan and the pay off a prior lien of Veronica McCreath; and (b) a loan policy was issued to insure the Mortgage as a first lien against the Premises; and (ii) the loan policy would not issue unless Laura Fields' signature on the Mortgage was acknowledged by a notary public as genuine. (Ex. A ¶ 20).

13.    It is further alleged Lowenthal & Kofman P.C. and Martin Kofman submitted a false HUD-1 knowing monies were not disbursed in the manner stated on the HUD-1, and that Tepfer acknowledged the signature of an imposter on the Mortgage as the genuine signature of Laura Fields, who died one month before the closing. (Ex. A ¶ 21).

14.   Commonwealth issued the loan policy at the closing to plaintiff insuring the Mortgage as a first lien, predicated on Tepfer's acknowledgment that the signature of Laura Fields on the Mortgage was genuine.  (Ex. A ¶ 22).

15.   Commonwealth amended the third-party complaint with respect to Samuel Gluckman, Noah Herskovitz, Leah Herskovitz, and Tsivzy Herskovitz on or about December 15, 2014.  See Exhibit B.

16.   The Lowenthal defendants filed their motion to dismiss Commonwealth's third-party complaint pursuant to Rule 12(b)(6) on or about December 22, 2014.

## ARGUMENT

17.   In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the third-party complaint as true, and draw all reasonable inferences in favor of the third-party complaint.  See accompanying memorandum of law.

18.   The Court must assess the legal feasibility of the third-party complaint, and not the weight of evidence that might be offered in support.  Third-party plaintiff must only provide grounds upon which the claim rests through factual allegations sufficient to raise a right to relief above the speculative level.  See accompanying memorandum of law.

19.   It is clear Commonwealth has a viable third-party claim against the Lowenthal defendants for indemnification based on: (i) their participation in a conspiracy to defraud plaintiff, for which the issuance of a loan policy by pre-requisite; and (ii) their acknowledging the signature of an imposter on the Mortgage as genuine, in order to induce Commonwealth to issue the loan policy at the closing on November 29, 2007.

4

## POINT ONE

### COMMONWEALTH STATES A CLAIM UNDER EXECUTIVE LAW § 135 AGAINST TEPFER BECAUSE THE ACTS OF TEPFER WOULD BE THE PROXIMATE CAUSE OF ANY DAMAGES INCURRED BY <u>COMMONWEALTH.</u>

20.     As demonstrated in the accompanying memorandum of law,

Commonwealth has a viable third-party claim against Tepfer under Executive Law § 135 for

acknowledging the signature of an imposter on the Mortgage thereby inducing Commonwealth

to issue the loan policy.

21.     Executive Law § 135 provides, in pertinent part:

> Every notary public duly qualified is hereby authorized and
> empowered . . . to receive and certify acknowledgments of proof of
> deeds, and other instruments in writing . . .

> \*          \*          \*

> For **any** misconduct by a notary public in the performance of any
> of his powers shall be liable to the parties injured for all damages
> sustained by them.

The Statute plainly provides that for *any* misconduct by the notary in the performance of any of

his or her powers, the notary shall be liable for *all* damages. This is an obligation owed to the

public at large, including Commonwealth.

22.     To recover damages caused by a notary's misconduct, Commonwealth

must demonstrate the notary's wrongful act proximately caused damages. The notary's

misconduct need not be the sole cause of the damage in order for the misconduct to be

actionable. <u>See</u> the accompanying memorandum of law.

23.     The proximate element is satisfied, as in the case at Bar, where: (i) the

notarial misconduct results in the recording of a forged instrument of title; or (ii) facilitated by

the actions (fraud) of others resulting in damages. <u>See</u> the accompanying memorandum of law.

24.     Commonwealth issued the loan policy to US Bank at the closing in reliance on Tepfer's acknowledgement of the signature on the Mortgage as genuine. (Ex. A ¶ 21, 22).  Tepfer had knowledge the loan would not fund unless the signature of Laura Fields on the Mortgage was acknowledged by a notary as genuine. (Ex. A ¶ 20).  Tepfer acknowledged the signature of the imposter on the Mortgage as that of Laura Fields on November 29, 2007, who died one month prior to the closing on October 18, 2007.  (Ex. A ¶ 21).

25.     Lowenthal & Kofman P.C. is vicariously liable for Tepfer's acts as notary. Tepfer appeared at the closing as Lowenthal & Kofman's agent.  It therefore cannot be said the Lowenthal defendants owed no duty to Commonwealth in their notary capacity because a notary public owes a duty to the public at large.

26.     Consequently, Tepfer's violation of the Executive Law, a direct duty owed Commonwealth, will be the proximate cause any damages that may be incurred by Commonwealth under its loan policy to plaintiff.

## POINT TWO

### COMMONWEALTH STATES A CLAIM FOR INDEMNIFICATION.  LOWENTHAL BREACHED THEIR DUTIES TO COMMONWEALTH (i) AS NOTARY UNDER EXECUTIVE LAW § 135; AND (ii) BY PARTICIPATING IN THE FRAUD WITH THE THIRD-PARTY DEFENDANTS.

27.     Although Commonwealth concedes that it does not state a claim for contribution, Commonwealth does state a third-party claim for indemnification against the Lowenthal defendants.

28.     As demonstrated in the accompanying memorandum of law, the right of indemnity may be based on an express contract or implied based upon what is fair and proper. Indemnity is a restitution concept which permits shifting the loss because the failure to do so would result in unjust enrichment.

6

29.     The key element for common law indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor.

30.     The duty that forms the basis for liability arises from the principle that every person is responsible for the consequences of his or her own negligence; therefore, if another person has been compelled to pay damages that should have been paid by another, those damages may be recovered from the wrongdoer.

31.     Here, the duties from Lowenthal to Commonwealth are as follows: (i) acting as the notary under Executive Law § 135; and (ii) their participation in a conspiracy to defraud plaintiff and to cause Commonwealth to issue a policy insuring a forged mortgage.

32.     Courts in New York have recognized that a party can state a claim for indemnification against third-parties based on collaborative actions of the third-parties that fraudulently induce the injured party to act thereby suffering damages. See accompanying memorandum of law.

33.     In breach of their duties to US Bank, third-party defendants acted in concert to make sure US Bank funded the loan and Commonwealth issued a title policy insuring the fraudulent Mortgage. (Ex. A ¶ 14-15, 17, 20-21).

34.     Thus, in addition to their duty under the Executive Law, the collaborative actions of the Lowenthal defendants inducing plaintiff to fund the fraudulent loan and Commonwealth to insure the fraudulent Mortgage of Laura Fields, created a duty directly to Commonwealth.

Wherefore, Commonwealth respectfully requests the Lowenthal defendants'

motion to dismiss Commonwealth's third-party complaint pursuant to Rule 12(b)(6) be denied in

all respects.

Dated: New York, New York
      January 22, 2015

                                                 DAVID K. FIVESON