UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
US BANK, NATIONAL ASSOCIATION,

                  Plaintiff,

              v.

COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

                  Defendant.
------------------------------------------------------------------X     Case No.: 13-civ-7626 (NRB)
COMMONWEALTH LAND TITLE INSURANCE
COMPANY,

              Third-Party Plaintiff,

              v.

ANM FUNDING LLC, ABE KLEIN, NOAH
HERSKOVITZ, LEAH HERSKOVITZ, TSVINY
HERSKOVITZ, LOWENTHAL & KOFMAN, P.C.,
MARTIN KOFMAN, NORMAN TEPFER, SAMUEL
GLUCKMAN and ROLAND FIELDS,

              Third-Party Defendants.

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## THE LOWENTHAL DEFENDANTS' MOTION TO DISMISS
## THE THIRD-PARTY COMPLAINT PURSUANT TO
## RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Nine East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ...........................................................................................1

ARGUMENT.................................................................................................................3

POINT ONE:  COMMONWEALTH STATES A CLAIM FOR
INDEMNIFICATION UNDER EXECUTIVE LAW § 135.  THE NOTARIAL
MISCONDUCT OF TEPFER WILL BE THE PROXIMATE CAUSE OF ANY
DAMAGES INCURRED BY COMMONWEALTH UNDER THE LOAN
POLICY............................................................................................................................4

POINT TWO:  COMMONWEALTH STATES A CLAIM FOR COMMON
LAW INDEMNIFICATION.  THE LOWENTHAL DEFENDANTS ALSO
BREACHED THEIR DUTIES TO COMMONWEALTY BY THEIR
COLLABORATIVE FRAUDULENT ACTS WITH THE THIRD-PARTY
DEFENDANTS.................................................................................................................6

CONCLUSION ...............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Am. Home Assur. Co. v. Nausch, Hogan & Murray, Inc., 71 A.D.3d 550, 551-52, 897 N.Y.S.2d 413 (1st Dept. 2010) ................................................................................7

Amodei v. New York State Chiropractic Ass'n, 160 A.D.2d 279, 283, 553 N.Y.S.2d 713 (1st Dept. 1990) ...........................................................................................5

ATSI Commc'n, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) .........................................4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) .................................................................4

Chicago Title Ins. Co. v. LaPierre, 104 A.D.3d 720, 722, 961 N.Y.S.2d 237 (2d Dept. 2013) ...............................................................................................................................5

Erickson v. Pardus, 551 U.S. 89, 94 (2007) ...............................................................................3

Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168 (2d Cir. 2004) ............................................................................................................4

Evans v. City of Mount Vernon. 92 A.D.3d 829, 939 N.Y.S.2d 130 (2d Dept. 2012) ...........................................................................................................................................6

GVA Mkt. Neutral Master Ltd. v. Versas Capital Partners Offshore Fund, Ltd., 580 F. Supp.2d 321 (S.D.N.Y. 2008) ..............................................................................4

In re Lowbet Realty Corp., 43 Misc. 3d 587, 595-97, 981 N.Y.S.2d 285 (S. Ct. Kings Cnty. 2014)...................................................................................................................7

Independence Leasing Corp. v. Aquino, 133 Misc.2d 564, 566, 506 N.Y.S.2d 1003 (S. Ct. Erie Cnty. 1983) ......................................................................................................6

Leach v. New York City, No. 12 Civ. 3809(PAC)(JCF), 2013 WL 3984996, at *3 (S.D.N.Y. Aug. 2, 2013).......................................................................................................3

Maloney v. Stone, 195 A.D.2d 1065, 1067, 601 N.Y.S.2d 731 (4th Dept. 1993)...........................5

Marine Midland Bank, N.A. v. Stanton, 147 Misc.2d 426, 429, 556 N.Y.S.2d 815 (S. Ct. Monroe Cnty. 1990) ..................................................................................................5

Mas v. Two Bridges Assoc. by Nat. Kinney Corp., 75 N.Y.2d 680, 690, 554 N.E.2d 1257, 555 N.Y.S.2d 669 (1990) ...............................................................................6

Raquet v. Braun, 90 N.Y.2d 177, 183, 681 N.E.2d 404, 659 N.Y.S.2d 237 (1997) ......................7

Rastelli v. Gassman, 231 A.D.2d 507, 509, 647 N.Y.S.2d 253 (2d Dept. 1996) ...........................5

RLI Ins. Co. v. Athan Contracting Corp., 667 F. Supp.2d 229 (E.D.N.Y. 2009) .........................5

Sachs v. Cantwell, No. 10 civ. 1663 (JPO), 2012 WL 3822220, at *17 (S.D.N.Y.
Sept. 4, 2012)..........................................................................................................................6

US Bank, National Association v. Commonwealth Land Title Insurance
Company, Index No. 13-civ-7626 (NRB) .................................................................................1

## Statutes

Executive Law § 135 .........................................................................................................1, 2, 4, 7

Rule 12(b)(6) ...................................................................................................................................8

## PRELIMINARY STATEMENT

The motion of third-party defendants Lowenthal & Kofman, P.C., Martin Kofman, and Norman Tepfer (collectively referred to as the "Lowenthal defendants") to dismiss Commonwealth Land Title Insurance Company's ("Commonwealth") third-party complaint should be denied. Commonwealth states a third-party cause of action for indemnification. Under Executive Law § 135, Norman Tepfer owed a duty to the public at large, including Commonwealth, to ensure the signature of Laura Fields on the mortgage granted plaintiff U.S. Bank National Association ("US Bank") was genuine. Mr. Tepfer's acknowledgement of an imposter's signature on the Mortgage is the proximate cause of any damage that may be sustained by Commonwealth under its loan policy to US Bank. Tepfer is therefore is liable for indemnification to Commonwealth. The Lowenthal defendants are vicariously liable for Tepfer's acts. Furthermore, the Lowenthal defendants acted in concert with the other third-party defendants to induce Commonwealth to issue the loan policy insuring a forged mortgage. Consequently, the Lowenthal defendants breached their duties owed directly to Commonwealth by: (i) acting as the notary under Executive Law § 135; and (ii) participating in a conspiracy to defraud plaintiff and cause a forged signature of an imposter to be acknowledged on a mortgage, which was a pre-requisite for US Bank to fund the loan after the closing. Therefore, Commonwealth states a third-party claim for indemnification.

## STATEMENT OF FACTS

On or about August 11, 2014 Commonwealth filed a third-party complaint in the action US Bank, National Association v. Commonwealth Land Title Insurance Company, Index No. 13-civ-7626 (NRB). Commonwealth amended the third-party complaint with respect to Samuel Gluckman, Noah Herskovitz, Leah Herskovitz, and Tsivzy Herskovitz on or about December 15, 2014. The third-party action arises out of: (i) the third-party defendants'

participation in a conspiracy to commit real estate and mortgage fraud upon plaintiff U.S. Bank concerning the loan issued to Laura Fields and the Mortgage granted by Ms. Fields' imposter, to secure re-payment; and (ii) third-party defendant Norman Tepfer's ("Tepfer") notarial misconduct under Executive Law § 135 in acknowledging the imposter's signature on the Mortgage as the genuine signature of Laura Fields. (Ex. B ¶ 14, 37).

In or about November 2007, third-party defendant ANM Funding, LLC ("ANM") acted as US Bank's mortgage broker for a $367,250 loan to Laura Fields (the "Loan") which closed on November 29, 2007. (Ex. A ¶ 13). Repayment of the Loan was to be secured by a first mortgage granted by Ms. Fields ("Mortgage") against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises"). (Ex. A ¶ 13). Laura Fields died on October 18, 2007. (Ex. A ¶ 16).

The conspiracy was to induce US Bank to make the loan and to cause a title underwriter (Commonwealth) to insure the fraudulent Mortgage as a valid first lien against the Premises. In furtherance thereof, ANM submitted to US Bank false documentation including: (i) a credit report prepared by Noah Herskovitz which contained fraudulent information about Ms. Fields; (ii) a fraudulent appraisal report from Samuel Gluckman that inflated the value of the Premises; (iii) falsified employment verifications from Tsivzy Herskovitz alleging that Ms. Fields was employed through November 19, 2007; (iv) a uniform loan application from Leah Herskovitz alleging that she interviewed Ms. Fields regarding the loan on November 29, 2007; and (v) pedigree information of Laura Fields submitted by Roland Fields, including a false social security number on Ms. Field's death certificate to conceal her death from public records. (Ex. A ¶ 14; Ex. B ¶ 14-19, 22-24, 26-27). The Herskovitz defendants and Abe Klein submitted to

2

US Bank a fraudulent verification of the mortgage of Veronica McCreath against the Premises. (Ex. B ¶ 25).

Lowenthal & Kofman P.C. and Martin Kofman, an employee of Lowenthal & Kofman, P.C., acted as US Bank's counsel and settlement agent at the closing of the Loan on November 29, 2007. (Ex. A ¶ 9, 19). Tepfer was employed by Lowenthal & Kofman, P.C. as a notary public and agent of Lowenthal & Kofman, P.C. (Ex. A ¶ 10, 19). It is alleged the Lowenthal defendants had actual knowledge: (i) that US Bank would not fund the loan unless (a) a HUD-1 was submitted setting forth the payees of proceeds of the loan and the pay off a prior lien of Veronica McCreath, and (b) a loan policy was issued to insure the Mortgage as a first lien against the Premises; and (ii) the loan policy would not be issued unless Laura Fields' signature was acknowledged by a notary on the Mortgage as genuine. (Ex. A ¶ 20).

It is further alleged Lowenthal & Kofman P.C. and Martin Kofman submitted a false HUD-1 knowing monies were not disbursed in the manner disclosed on the HUD-1, and Tepfer acknowledged the signature of an imposter on the Mortgage as that of Laura Fields, who died one month before the closing. (Ex. A ¶ 21). Commonwealth issued the loan policy at the closing predicated on the Norman Tepfer's acknowledgment that the signature of Laura Fields's on the Mortgage was genuine. (Ex. A ¶ 22).

## ARGUMENT

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. Leach v. New York City, No. 12 Civ. 3809(PAC)(JCF), 2013 WL 3984996, at *3 (S.D.N.Y. Aug. 2, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). The Court must assess the legal feasibility of the complaint, and not the weight of evidence that might be offered in support. GVA Mkt. Neutral Master Ltd. v. Versas

3

Capital Partners Offshore Fund, Ltd., 580 F. Supp.2d 321, 326 (S.D.N.Y. 2008)) (citing Eternity

Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir.

2004). To survive a motion to dismiss, the proponent of the complaint must provide grounds

upon which the claim rests through factual allegations sufficient to raise a right to relief above

the speculative level. ATSI Commc'n, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

## POINT ONE

### COMMONWEALTH STATES A CLAIM FOR INDEMNIFICATION UNDER EXECUTIVE LAW § 135. THE NOTARIAL MISCONDUCT OF TEPFER WILL BE THE PROXIMATE CAUSE OF ANY DAMAGES INCURRED BY COMMONWEALTH UNDER THE LOAN POLICY.

Commonwealth has a third-party claim against Tepfer under Executive Law § 135

for acknowledging the signature of an imposter on the Mortgage thereby inducing

Commonwealth to issue the loan policy and being potentially obligated to plaintiff with respect

to the Mortgage. Executive Law § 135 provides, in pertinent part:

> Every notary public duly qualified is hereby authorized and empowered . . . to receive and certify acknowledgments of proof of deeds, and other instruments in writing . . .

> \* \* \*

> For **any** misconduct by a notary public in the performance of any of his powers shall be liable to the parties injured for all damages sustained by them.

The Statute clearly provides that for *any* misconduct by the notary in the performance of any of

his or her powers, the notary shall be liable for *all* damages. This is an obligation owed to the

public at large, including Commonwealth.

4

To recover damages caused by a notary's misconduct, a plaintiff must demonstrate that the notary's wrongful acts proximately caused those damages. See RLI Ins. Co. v. Athan Contracting Corp., 667 F. Supp.2d 229 (E.D.N.Y. 2009); Chicago Title Ins. Co. v. LaPierre, 104 A.D.3d 720, 722, 961 N.Y.S.2d 237 (2d Dept. 2013); Maloney v. Stone, 195 A.D.2d 1065, 1067, 601 N.Y.S.2d 731 (4th Dept. 1993); Amodei v. New York State Chiropractic Ass'n, 160 A.D.2d 279, 283, 553 N.Y.S.2d 713 (1st Dept. 1990).  The notary's misconduct need not be the sole cause of the damage in order for the misconduct to be actionable.  See Maloney, 195 A.D.2d 1065.

The proximate element is satisfied where the notarial misconduct:  (i) results in the recording of a forged instrument of title; or (ii) facilitates the actions (fraud) of others resulting in damages.  Chicago Title, 104 A.D. at 722; see Rastelli v. Gassman, 231 A.D.2d 507, 509, 647 N.Y.S.2d 253 (2d Dept. 1996) (upholding third-party claims of mortgagee against notary who acknowledged forged signature on previously recorded deed which secured the mortgage); Maloney, 195 A.D. at 1067 (holding notary who acknowledged forged signatures whereby fiduciary pledged and sold securities to bank, was liable to bank under the Executive Law); Marine Midland Bank, N.A. v. Stanton, 147 Misc.2d 426, 429, 556 N.Y.S.2d 815 (S. Ct. Monroe Cnty. 1990) (holding bank stated claim for fraud when bank's allegations that notary falsely acknowledged guaranty and intended others to rely).

Here Commonwealth issued the loan policy to US Bank at the closing in reliance on Tepfer's acknowledgement of an imposter's signature on the Mortgage, as genuine.  (Ex. A ¶ 21, 22).  Tepfer had knowledge the loan would not be issued unless the signature of Laura Fields on the insured mortgage was acknowledged by a notary as being genuine.  (Ex. A ¶ 20).  Tepfer nonetheless acknowledged the signature of the imposter on the Mortgage as that of Laura Fields

on November 29, 2007, who died one month prior to the closing on October 18, 2007.  (Ex. A ¶ 21).  Since Tepfer, as notary, breached a duty owed directly to Commonwealth, which breach would be the result in any liability to plaintiff under the Policy, Commonwealth states a claim for indemnification under the Executive Law.  It cannot be said Lowenthal & Kofman owed no duty to Commonwealth in their notarial capacity, as a notary public owes a duty to the public at large.  See Independence Leasing Corp. v. Aquino, 133 Misc.2d 564, 566, 506 N.Y.S.2d 1003 (S. Ct. Erie Cnty. 1983) (noting that a notary public charged with the performance of a public duty "is liable for a neglect to discharge that duty to [anyone] who has thereby sustained special damage" because the "law presumes that an office is created for the benefit of the public.").

Lowenthal & Kofman, P.C. is vicariously liable for Tepfer's acts.  (Ex. A, ¶ 20-22, 24-25).  See Sachs v. Cantwell, No. 10 civ. 1663 (JPO), 2012 WL 3822220, at *17 (S.D.N.Y. Sept. 4, 2012); Evans v. City of Mount Vernon. 92 A.D.3d 829, 830, 939 N.Y.S.2d 130 (2d Dept. 2012) (noting that an employer is vicariously liable for the acts of employees committed within the scope of employment and in furtherance of the employer's business).

### POINT TWO

### COMMONWEALTH STATES A CLAIM FOR COMMON LAW INDEMNIFICATION.  THE LOWENTHAL DEFENDANTS ALSO BREACHED THEIR DUTIES TO COMMONWEALTY BY THEIR COLLABORATIVE FRAUDULENT ACTS WITH THE THIRD-PARTY DEFENDANTS.

Although Commonwealth concedes that it does not state a claim for contribution, Commonwealth does state a third-party claim for indemnification against the Lowenthal defendants.  The right of indemnity may be based on an express contract or implied based upon what is fair and proper.  See Mas v. Two Bridges Assoc. by Nat. Kinney Corp., 75 N.Y.2d 680, 690, 554 N.E.2d 1257, 555 N.Y.S.2d 669 (1990).  Indemnity is a restitution concept which

permits shifting the loss because the failure to do so would result in unjust enrichment. Id. "[T]he key element for common law indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor." Raquet v. Braun, 90 N.Y.2d 177, 183, 681 N.E.2d 404, 659 N.Y.S.2d 237 (1997). The duty that forms the basis for liability arises from the principle that every person is responsible for the consequences of his or her own negligence; therefore, if another person has been compelled to pay damages that should have been paid by another, those damages may be recovered from the wrongdoer. Id. Here, the duty from Lowenthal to Commonwealth is as follows: (i) Lowenthal acting as the notary under Executive Law § 135; **and** (ii) they participated in a conspiracy with the other third-party defendants to defraud plaintiff and to cause Commonwealth to issue a policy insuring a forged mortgage.

In In re Lowbet Realty Corp., the court recognized that defendants stated a claim for indemnification against third parties whose collaborative actions fraudulently induced defendant to purchase property whose owner was seeking to rescind the deed for want of authority. 43 Misc. 3d 587, 595-97, 981 N.Y.S.2d 285 (S. Ct. Kings Cnty. 2014). Also, in Am. Home Assur. Co. v. Nausch, Hogan & Murray, Inc., the court upheld a claim for common law indemnification asserted by a re-insurance carrier where its liability to its insured was based on an agent's breach of fiduciary duty owed to the agent's principal. 71 A.D.3d 550, 551-52, 897 N.Y.S.2d 413 (1st Dept. 2010).

In breach of their duties to US Bank, third-party defendants including the Lowenthal Defendants, acted in concert to cause US Bank to fund the loan based on fraudulent information, and to induce Commonwealth to issue a title policy insuring the fraudulent Mortgage, without which policy the loan would not fund. (Ex. A ¶ 14-15, 17, 20-21). The

7

collaborative actions of the Lowenthal defendants with the other third-party defendants, induced

Commonwealth to insure the fraudulent Mortgage of Laura Fields.  Therefore, the third-party

defendants breached their duties owed to Commonwealth states a third-party claim for

indemnification.

## **CONCLUSION**

The motion of the Lowenthal defendants to dismiss Commonwealth's third-party

complaint pursuant to Rule 12(b)(6) should be denied.

Dated: New York, New York
       January 22, 2015

BUTLER, FITZGERALD, FIVESON
   & McCARTHY
A Professional Corporation
Attorneys for Defendant and Third-Party Plaintiff
   Commonwealth Land Title Insurance Company


By: _____
               David K. Fiveson
A Principal of the Firm
Nine East 45th Street, Ninth Floor
New York, New York   10017
(212) 615-2200

8