LAW OFFICES

# BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
NINE EAST 45TH STREET
NINTH FLOOR
NEW YORK, NEW YORK 10017
www.bffmlaw.com

David K. Fiveson
212-615-2225
dfiveson@bffmlaw.com

Telephone 212-615-2200
Facsimile 212-615-2215

April 9, 2015

BY ECF AND HAND DELIVERY
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

Re:   Commonwealth Land Title Insurance Company v. ANM Funding LLC, et al.
      Index No. 13-cv-7626
      Our File No. 2575/06016

Dear Judge Buchwald:

   Third-Party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") moves this Court to reargue this Court's memorandum and order dated March 23, 2015 ("Order") dismissing Commonwealth's third-party claims for indemnification and contribution as against third-party defendants Lowenthal & Kofman, P.C., Martin Kofman and Norman Tepfer (collectively referred to as the "Lowenthal defendants").

   This motion is timely under Local Rule 6.3 as the order results in a final judgment dismissing the third-party claims, and no such judgment has yet been entered.

   The third-party action arises out of the third-party defendants' participation in a conspiracy to commit bank fraud concerning the loan by plaintiff to Ms. Fields and mortgage granted by Ms. Fields to secure re-payment of the note. Third-party defendant Norman Tepfer's ("Tepfer") notarial misconduct under Executive Law § 135 in acknowledging an imposter's signature on the mortgage as the genuine signature of Laura Fields was in furtherance of the conspiracy to defraud plaintiff and Commonwealth; and is actionable independent of any conspiracy to defraud under Executive Law § 135. Since the Lowenthal defendants owed a duty directly to Commonwealth, the third-party complaint states a claim for indemnity.

It is alleged that on or about November 2007, third-party defendant ANM Funding, LLC ("ANM") acted as US Bank's mortgage broker for a $367,250 loan to Laura Fields (the "Loan") which closed on November 29, 2007. Repayment of the Loan was to be secured by a first mortgage granted by Ms. Fields ("Mortgage") against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises"). Laura Fields died on October 18, 2007, over one month prior to the closing.

It is alleged that U.S. Bank would not have closed the Loan without the issuance of a loan policy by Commonwealth insuring the Mortgage as a first lien. It is alleged that to induce US Bank to make the loan, ANM submitted to US Bank false documentation, including: (i) a fraudulent credit report prepared by Noah Herskovitz; (ii) a fraudulent appraisal report from Samuel Gluckman; (iii) falsified employment verifications from Tsivzy Herskovitz alleging that Ms. Fields was employed through November 19, 2007; (iv) a uniform loan application from Leah Herskovitz alleging she interviewed Ms. Fields regarding the loan on November 29, 2007; and (v) pedigree information of Laura Fields following her death submitted by Roland Fields, including a false social security number on Ms. Field's death certificate in order to conceal her death from public records. The Herskovitz defendants and Abe Klein also submitted a fraudulent verification of the mortgage of Veronica McCreath against the Premises to US Bank.

It is alleged Lowenthal & Kofman P.C. and Martin Kofman, an employee of Lowenthal & Kofman, P.C., acted as US Bank's counsel and settlement agent at the closing of the Loan on November 29, 2007. Tepfer was employed by Lowenthal & Kofman, P.C. as a notary public and agent of Lowenthal & Kofman, P.C. It is alleged the Lowenthal defendants had actual knowledge (i) US Bank would not fund the Loan unless: (i) a HUD-1 was submitted setting forth the payees of proceeds of the loan including the pay off a prior lien of Veronica McCreath; (ii) a loan policy was issued to insure the Mortgage as a first lien against the Premises; and (iii) the loan policy would not issue unless Laura Fields' signature on the Mortgage was acknowledged by a notary as genuine.

It is further alleged Lowenthal & Kofman, P.C. and Martin Kofman submitted a false HUD-1 knowing monies were not disbursed in the manner disclosed on the HUD-1. Tepfer acknowledged the signature of an imposter on the Mortgage as that of Laura Fields, who died one month before the closing. Commonwealth issued the loan policy at the closing predicated on the Tepfer's acknowledgment that the signature of Laura Fields on the insured mortgage was genuine.

As demonstrated in Commonwealth's accompanying memorandum of law, the Court should grant Commonwealth's motion to reargue this Court's Order. The Court overlooked: (i) the fact the Lowenthal defendants did not argue Commonwealth would be at fault by reason of breach of contract with US Bank, and consequently implied indemnification is not available; and (ii) Commonwealth is compelled to pay US Bank on its policy solely by reason of the fraudulent actions and wrongdoing of the Lowenthal defendants and third-party defendants. The Court also misapprehended the fact that once Commonwealth pays plaintiff on the policy, it is not in breach of contract.

The Lowenthal defendants argued Commonwealth is not entitled to indemnification because: (i) Commonwealth is at fault and participated in some degree of

wrongdoing, without specifying how Commonwealth is at fault; and (ii) Commonwealth did not delegate exclusive responsibility to the Lowenthal defendants. In fact, counsel for the Lowenthal defendants conceded verbally at the telephone conference held on March 18, 2015 that Commonwealth was not at fault in participating in the fraud upon plaintiff.

   Commonwealth respectfully requests this Court grant Commonwealth's motion to reargue this Court's memorandum and order dated March 23, 2015 dismissing Commonwealth's third-party claims for indemnification and contribution as against the Lowenthal defendants. Upon reargument, the third-party claims should be reinstated.

            Respectfully submitted,

            David K. Fiveson

DKF/rqs

cc: Robert Shainess, Esq. (by ECF)
   Evan Michailidis, Esq. (by ECF)
   Jeffrey J. Cunningham, Esq. (by ECF)
   Leopold Gross, Esq. (by ECF)
   Avinoam Y. Rosenfeld, Esq. (by ECF)