UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

US BANK, NATIONAL ASSOCIATION,

Plaintiff,

v.

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

Defendant.

-----------------------------------------------------------------X

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

Third-Party Plaintiff,

v.

ANM FUNDING LLC, ABE KLEIN, NOAH HERSKOVITZ, LEAH HERSKOVITZ, TSVINY HERSKOVITZ, LOWENTHAL & KOFMAN, P.C., MARTIN KOFMAN, NORMAN TEPFER, SAMUEL GLUCKMAN and ROLAND FIELDS,

Third-Party Defendants.

-----------------------------------------------------------------X

Case No.: 13-civ-7626 (NRB)

Hon. Naomi Reice Buchwald

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY'S MOTION FOR REARGUMENT PURSUANT TO S.D.N.Y. LOCAL CIVIL RULE 6.3**

BUTLER, FITZGERALD, FIVESON & McCARTHY
A Professional Corporation
Nine East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200
dfiveson@bffmlaw.com

**PRELIMINARY STATEMENT**

Commonwealth Land Title Insurance Company's ("Commonwealth") motion for reargument of this Court's memorandum and order dated March 23, 2015 ("Order") should be granted. Commonwealth previously argued the Lowenthal defendants are liable for indemnification because the Lowenthal defendants breached their duties owed directly to Commonwealth by: (i) acting as the notary under Executive Law § 135; and (ii) participating in a conspiracy to defraud plaintiff and cause a forged signature of an imposter to be acknowledged on a mortgage, which was a pre-requisite for U.S. Bank National Association ("US Bank") to fund the loan after the closing. The Court held Commonwealth cannot seek implied indemnification when the underlying cause of action is for breach of contract because Commonwealth breached its policy with plaintiff and is therefore, at least partially, at fault.

The Lowenthal defendants did not argue Commonwealth is at fault for breaching its contract with US Bank. Rather, the Lowenthal defendants argued Commonwealth is not entitled to indemnification because: (i) Commonwealth is at fault and participated in some degree of wrongdoing, without specifying how Commonwealth is at fault; and (ii) Commonwealth did not delegate exclusive responsibility to the Lowenthal defendants. In fact, Lowenthal defendants conceded verbally at the telephone conference held on March 18, 2015 that Commonwealth was not at fault in causing the fraud upon plaintiff.

The Court overlooked that once Commonwealth pays on its policy, it is not in breach, and more importantly, Commonwealth is compelled to pay US Bank solely by reason of the fraudulent actions and wrongdoing of the Lowenthal defendants (inclusive of their breach of duties owed directly to Commonwealth). Therefore, Commonwealth states a claim for implied indemnification and its motion to reargue the Order should be granted in all respects.

**STATEMENT OF FACTS**

The third-party action arises out of: (i) the third-party defendants' participation in a conspiracy to commit real estate and mortgage fraud upon plaintiff US Bank concerning the loan issued to Laura Fields and the Mortgage granted by Ms. Fields' imposter, to secure re-payment; and (ii) third-party defendant Norman Tepfer's ("Tepfer") notarial misconduct under Executive Law § 135 in acknowledging the imposter's signature on the Mortgage as the genuine signature of Laura Fields.

In or about November 2007, third-party defendant ANM Funding, LLC ("ANM") acted as US Bank's mortgage broker for a $367,250 loan to Laura Fields (the "Loan") which closed on November 29, 2007. Repayment of the Loan was to be secured by a first mortgage granted by Ms. Fields ("Mortgage") against the premises 1430 Pinson Street, Far Rockaway, New York ("Premises"). Laura Fields died on October 18, 2007.

The conspiracy was to induce US Bank to make the loan and to cause a title underwriter (Commonwealth) to insure the fraudulent Mortgage as a valid first lien against the Premises. In furtherance thereof, ANM submitted to US Bank false documentation including: (i) a credit report prepared by Noah Herskovitz which contained fraudulent information about Ms. Fields; (ii) a fraudulent appraisal report from Samuel Gluckman that inflated the value of the Premises; (iii) falsified employment verifications from Tsivzy Herskovitz alleging that Ms. Fields was employed through November 19, 2007; (iv) a uniform loan application from Leah Herskovitz alleging that she interviewed Ms. Fields regarding the loan on November 29, 2007; and (v) pedigree information of Laura Fields submitted by Roland Fields, including a false social security number on Ms. Field's death certificate to conceal her death from public records. The Herskovitz defendants and Abe Klein submitted to US Bank a fraudulent verification of the mortgage of Veronica McCreath against the Premises.

Lowenthal & Kofman P.C. and Martin Kofman, an employee of Lowenthal & Kofman, P.C., acted as US Bank's counsel and settlement agent at the closing of the Loan on November 29, 2007. Tepfer was employed by Lowenthal & Kofman, P.C. as a notary public and agent of Lowenthal & Kofman, P.C. It is alleged the Lowenthal defendants had actual knowledge: (i) that US Bank would not fund the loan unless (a) a HUD-1 was submitted setting forth the payees of proceeds of the loan and the pay off a prior lien of Veronica McCreath, and (b) a loan policy was issued to insure the Mortgage as a first lien against the Premises; and (ii) the loan policy would not be issued unless Laura Fields' signature was acknowledged by a notary on the Mortgage as genuine.

It is further alleged Lowenthal & Kofman P.C. and Martin Kofman submitted a false HUD-1 knowing monies were not disbursed in the manner disclosed on the HUD-1, and Tepfer acknowledged the signature of an imposter on the Mortgage as that of Laura Fields, who died one month before the closing. Commonwealth issued the loan policy at the closing predicated on the Norman Tepfer's acknowledgment that the signature of Laura Fields's on the Mortgage was genuine.

## PROCEDURAL HISTORY

On or about August 11, 2014 Commonwealth filed a third-party complaint in the action US Bank, National Association v. Commonwealth Land Title Insurance Company, Index No. 13-civ-7626 (NRB). Commonwealth amended the third-party complaint with respect to Samuel Gluckman, Noah Herskovitz, Leah Herskovitz, and Tsivzy Herskovitz on or about December 15, 2014.

On December 22, 2014, the Lowenthal defendants filed a motion to dismiss the third-party complaint alleging *inter alia* that Commonwealth has failed to assert a cause of action for contribution and indemnification. See Exhibit A. On January 22, 2015, Commonwealth filed

an affirmation in opposition, with an accompanying memorandum of law, alleging *inter alia* that Commonwealth does state a cause of action for indemnification because the Lowenthal defendants owed a duty to Commonwealth by: (i) Lowenthal acting as the notary under Executive Law § 135; and (ii) they participated in a conspiracy with the other third-party defendants to defraud plaintiff and to cause Commonwealth to issue a policy insuring a forged mortgage. See Exhibit B. On March 23, 2015 the Court issued the Order dismissing the third-party complaint as against the Lowenthal defendants holding Commonwealth does not state a cause of action for implied indemnification because the cause of action against Commonwealth is based on breach of contract and Commonwealth would be in breach and thereby partially at fault. See Exhibit C. No judgment dismissing the third-party claims has been entered.

**POINT ONE**

**COMMONWEALTH'S MOTION TO REARGUE SHOULD BE GRANTED.**

The Lowenthal defendants did not argue Commonwealth is not entitled to implied indemnification because it breached its contract with US Bank. The Court misapprehended the fact Commonwealth would not be in breach of any contract once it pays on the Policy, and it would be compelled to pay US Bank solely because of the fraudulent actions and wrongdoing of the Lowenthal defendants and third-party defendants in violation of duties owed directly to Commonwealth.

A party can make a motion to reargue an order pursuant to Local Civil Rule 6.3 of the Southern District of New York, which provides in pertinent part:

> There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

Local Civil Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." McGee v. Dunn, 940 F.Supp.2d 93, 100 (S.D.N.Y. 2013). To prevail on a motion to reargue, the moving party must "demonstrate the court overlooked the controlling decisions or factual matters that were placed before the court in the underlying motion." Greenblatt v. Gluck, 265 F.Supp.2d 346, 350 (S.D.N.Y. 2003); see McGee, 940 F.Supp.2d at 100 (noting the moving party has the burden to show matters or issues that "might reasonably be expected to alter the conclusion reached by the court."); Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F.Supp.2d 507, 510 (S.D.N.Y. 2002). The decision to grant or deny is within the discretion of the Court. See Greenblatt, 265 F.Supp.2d at 350.

The right of indemnity may be based on an express contract or implied based upon what is fair and proper. See Mas v. Two Bridges Assoc. by Nat. Kinney Corp., 75 N.Y.2d 680, 690, 554 N.E.2d 1257, 555 N.Y.S.2d 669 (1990). Indemnity is a restitution concept which permits shifting the loss because the failure to do so would result in unjust enrichment. Id. "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." Conestoga Title Ins. Co. v. ABM Title Serv., Inc., 2012 WL 2376438, at * 4 (S.D.N.Y. June 20, 2012). "[T]he key element for common law indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor." Raquet v. Braun, 90 N.Y.2d 177, 183, 681 N.E.2d 404, 659 N.Y.S.2d 237 (1997). The duty that forms the basis for liability arises from the principle that every person is responsible for the consequences

of his or her own negligence; therefore, if another person has been compelled to pay damages that should have been paid by another, those damages may be recovered from the wrongdoer. Id.

Here, the duties from Lowenthal to Commonwealth are as follows: (i) Lowenthal acting as the notary under Executive Law § 135; and (ii) they participated in a conspiracy with the other third-party defendants to defraud plaintiff and cause Commonwealth to issue a policy insuring a forged mortgage. Commonwealth was compelled to pay damages to US Bank under the Policy solely because of the wrongdoing of the Lowenthal defendants in breach of duties owed directly to Commonwealth.

On March 23, 2015, the Court issued the Order dismissing the third-party complaint as against the Lowenthal defendants holding Commonwealth failed to state a cause of action for implied indemnification. The Court incorrectly held that Commonwealth cannot seek indemnification when the underlying cause of action is for breach of contract. The court specifically states "[b]ecause Commonwealth must have itself breached the contract to have been found liable to U.S. Bank, it cannot be said to have incurred damages purely as a result of vicarious liability or by operation of law." See Exhibit C.

Courts have granted implied indemnification to a party who was compelled to pay solely for the wrongdoings of another. For example, in Citi Lending Serv. Corp. v. Morrison & Foerster LLP, plaintiff retained defendant to obtain a loan for the development of real property. 2013 WL 4494382, at *1, No. 653797/2012 (S. Ct. N.Y. Cnty. Aug. 20, 2013). After the loan documents were recorded incorrectly and amendments to building loan agreement were untimely filed, plaintiff filed a malpractice action against defendant. Id. at *1-2. Defendant commenced a third-party action against First American Title and Prestige, the title company and agent, for implied indemnification. Id. at *2. The third-party defendants moved to dismiss the

third-party complaint on the basis the third-party plaintiff is being sued for its own wrongdoing and malpractice, which has no relation to the third-party action. Id. at *7. The court held:

> [Plaintiff's] malpractice claim against Morrison & Foerster is primarily based on the improper filing of the Building Loan Agreement which, as alleged in the third-party complaint, resulted from the third-party defendants' untimely filing of the Amendment to the Building Loan Agreement. Morrison & Foerster has properly alleged a claim for implied indemnity against third-party defendants. Id. at *8.

This point is further reiterated in Conestoga. Even though the Court held plaintiff is not entitled to implied indemnification, the case states a valid point. The Court held the third-party defendant was not liable for implied indemnification to third-party plaintiff because "[the third party plaintiff] has never been compelled to make payments solely as a result of [third-party defendant's] misdeeds." 2012 WL 2376438, at * 4. Here, however, Commonwealth was compelled to make payments solely as the result of the third-party defendants' fraudulent acts which induced Commonwealth to issue a title policy insuring a fraudulent mortgage.

In RP Family, Inc. v. Commonwealth Land Title Ins. Co., Commonwealth commenced a third-party action against Pacific Title, Inc. ("Pacific") and Warren Sussman ("Sussman") for indemnification based on alleged fraud committed by both in which: (i) Sussman created a false HUD-1 statement to be executed at the closing, which failed to disclose all payments; (ii) Sussman and Pacific failed to ensure the RP Family deed and mortgage were promptly recorded; and (iii) an employee of Executive Settlement Services confirmed the Samuel deed and mortgage had been recorded before seeking to record the RP Family deed and mortgage. 2014 WL 1330932, at *9, No. 19-cv-1149 (DLI)(CLP) (E.D.N.Y. Apr. 1, 2014). The third-party defendants moved for summary judgment dismissing Commonwealth's indemnification claim alleging no issue of material fact existed demonstrating their fraudulent

involvement in the sale of the premises. Id. Although the Court did not conclusively hold Commonwealth was entitled to indemnification, the Court stated:

> Despite third-party defendants' contention that Commonwealth is unable to identify any fraudulent acts by Sussman or Pacific in contention with the transaction . . . there exists sufficient evidence upon which the trier of fact could find that Sussman and Pacific are obligated to indemnify Commonwealth. Id.

Like Citi Lending, Commonwealth would not have been compelled to pay money to US Bank if not for the fraudulent acts of the Lowenthal defendants. In breach of their duties to US Bank and Commonwealth, the third-party defendants acted in concert to cause US Bank to fund the loan based on fraudulent information, and to induce Commonwealth to issue a title policy insuring the fraudulent Mortgage, without which policy the loan would not fund.

The Lowenthal defendants did not argue that Commonwealth was at fault for having to breach its contract to plaintiff. The Lowenthal defendants offered no reason why Commonwealth would be at fault and therefore not entitled to indemnification. Accordingly, the collaborative actions of the Lowenthal defendants with the other third-party defendants and solely those acts, induced Commonwealth to insure the fraudulent Mortgage of Laura Fields and ultimately pay on the Policy. The fraudulent acts of the Lowenthal defendants therefore demonstrate and infer they have an obligation to indemnify Commonwealth. See RP Family, 2014 WL 1330932, at *9.

Therefore, Commonwealth's motion to reargue this Court's Order denying Commonwealth indemnification from the Lowenthal defendants should be granted because the Court overlooked: (i) that the Lowenthal defendants did not argue that Commonwealth breached its contract with US Bank; and (ii) that Commonwealth was compelled to pay US Bank under its Policy solely because of the fraudulent actions and wrongdoing of the Lowenthal defendants and third-party defendants. Upon reargument, the third-party claims should be reinstated.

## CONCLUSION

Commonwealth's motion pursuant to Local Civil Rule 6.3 of the Southern District of New York to reargue this Court's memorandum and order dated March 23, 2015 should be granted in all respects.

Dated: New York, New York
April 9, 2015

BUTLER, FITZGERALD, FIVESON
& McCARTHY
A Professional Corporation
Attorneys for Defendant and Third-Party Plaintiff
Commonwealth Land Title Insurance Company

By: ______________________________
David K. Fiveson
A Principal of the Firm
Nine East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200
dfiveson@bffmlaw.com